JOHN A. RUSSO, City Attorney - State Bar #129729
RANDOLPH W. HALL, Assistant City Attorney – State Bar #080142
JAMES F. HODGKINS, Supervising Trial Attorney – State Bar #142561
CHARLES E. VOSE, Senior Deputy City Attorney, State Bar No. 139700
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-2961     Fax: (510) 238-6500
cevose@oaklandcityattorney.org
25581/409579

Attorneys for Defendants CITY OF OAKLAND
And OAKLAND POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ORTEGA, BENJAMIN ORTEGA, A Minor, By and through his Guardian Ad Litem, ANA ROSA ORTEGA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT, WAYNE TUCKER, In His Capacity as the Police Chief of the City of Oakland, RAMON J. ALCANTAR, Individually and in his capacity as a Police Officer for the City of Oakland, DOES 1 THROUGH 200,<br><br>Defendants. | Case No. C07-02659 JCS<br><br>**DEFENDANT CITY OF OAKLAND AND OAKLAND POLICE DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6)**<br><br>DATE: AUGUST 10, 2007<br>TIME: 9:30 A.M.<br>COURTROOM: A – 15TH FL.<br><br>The Honorable Joseph C. Spero |

### NOTICE OF MOTION

Please take notice that on Friday, August 10, 2007 at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom A, 15th floor of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA. Defendants CITY OF OAKLAND and

OAKLAND POLICE DEPARTMENT will move the court to dismiss the Second and Tenth Causes of Action in Plaintiffs' complaint for failure to state a claim upon which relief can be granted. This motion is brought under Federal Rule of Civil Procedure §12(b)(6) as the specified causes of action fail to state viable causes of action against defendants City of Oakland and Oakland Police Department.

## I.   INTRODUCTION

Plaintiffs Benjamin Ortega and Miguel Ortega ("Plaintiffs") filed this action against Defendants City of Oakland ("City"), the Oakland Police Department, Police Chief Wayne Tucker, and Police Officer Ramon J. Alcantar ("Alcantar"), alleging federal Constitutional violations, violations of Civil Code §§ 51.7 and 52.1, and various common-law tort claims[1]. Plaintiffs' claims arise out of an incident with defendant Officer Alcantar and another unnamed police officer.

## II.   STATEMENT OF FACTS

On May 7, 2006, Plaintiffs Benjamin Ortega and Miguel Ortega were returning to their relative's home in Oakland. Benjamin Ortega ignored an order to disperse from Officer Alcantar and a verbal altercation ensued. Miguel Ortega joined the altercation, which resulted in Plaintiffs being detained and released. (Defendants have not yet had an adequate opportunity to gather facts in order to more fully explain the circumstances of plaintiffs' detention.)

///

///

---

[1] This motion is only brought by defendants City of Oakland and Oakland Police Department. Defendants Police Chief Wayne Tucker and Officer Ramon Alcantar have not been served.

### III. DISCUSSION

**A. PLAINTIFFS' TENTH CAUSE OF ACITON MUST BE DISMISSED FOR FAILING TO ESTABLISH A STATUTORY BASIS FOR CITY LIABILITY**

In their Tenth Cause of Action, plaintiffs assert a tort claim against the City of Oakland but fail to set forth the statutory basis for liability against the City. Accordingly, this claim should be dismissed.

A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person. (Cal. Gov. Code §815(a), Brenneman v. State of California, 208 Cal.App.3d 812, 817 (1989)(plaintiff must specifically allege the enactment that gives rise to a statutory duty).) In California, all government tort liability is based on statute. (Creason v. Department of Health Services, 19 Cal.4th 925, 932 (1998), Hoff v. Vacaville Unified School Dist., 19 Cal. 4th 925, 932 (1998).) A general tort statute is insufficient by itself to serve as a basis for direct public liability. (Eastburn v. Regl. Fire Protec. Auth., 31 Cal. 4th 1175, 1183 (2003).)

Plaintiffs' Tenth Cause of Action arises under the common-law doctrine of respondeat superior. The City is immune from common-law liability under California Government Code §815, except for those instances where a statute confers liability to the City. Plaintiffs have not alleged a statutory basis for liability in their Tenth Cause of Action. Therefore, this cause of action should be dismissed for failure to state a statutory basis for liability and therefore failing to state a claim upon which relief can be granted against defendants City of Oakland and the Oakland Police Department.

///

///

DEF. CITY OF OAKLAND'S MOTION TO DISMISS                    C-07-02659 JCS

### B. PLAINTIFFS' *MONELL* CLAIM MUST BE DISMISSED FOR FAILING TO ADEQUATELY PLEAD FACTS ESTABLISHING A PATTERN AND PRACTICE OF CONSTITUTIONAL VIOLATIONS BY DEFENDANTS

Plaintiffs' Second Cause of Action asserts a Monell claim, alleging a pattern and practice of Constitutional violations by defendant Officer Alcantar and other police officers. The Monell claim further alleges deliberate indifference to this pattern and practice of constitutional violations on the part of the City and defendant Police Chief Tucker, and further alleges that there exists an informal custom or policy of continued use of excessive force. Plaintiffs fail to offer any facts to support their allegations. The absence of specific facts fails to give defendants adequate notice of the grounds upon which the claim rests. Accordingly, plaintiffs' Second Cause of Action should be dismissed.

As the United States Supreme Court recently ruled in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (Bell Atlantic Corp. v. Twombley, supra, 127 S. Ct. at 1964-65.) [2] The Bell plaintiffs' allegations of parallel conduct was insufficient to withstand a Rule 12(b)(6) motion because their complaint lacked "enough *factual* matter" to suggest that the defendant in the case had acted out of conspiracy to restrain trade, rather than as a result of typical business strategy. *Id.* at 1965, 1971-73 (emphasis added).

///

---

[2] The U.S. District Court of Northern California has promptly employed the *Bell* holding. In re *Netflix Antitrust Litigation*, 2007 WL 1725422 (N.D. Cal. 6/14/07)(elements of a cause of action will not find support from factually neutral allegations; when business entity conduct is equally understood to be the product of independent market forces as it is of culpable motivations, such conduct will not support an antitrust claim).

     Plaintiffs allege defendant Officer Alcantar and others falsely arrested plaintiffs and subjected them to unnecessary and excessive force. The plaintiffs then conclude these alleged Constitutional violations are the proximate cause of a City policy that tacitly encourages violations of their citizenry's civil rights; a policy manifested by the City's 1) deliberate indifference to and failure to remedy, 2) an ongoing pattern of Constitutional violations perpetrated by Alcantar and Does 1-100, which 3) the City has been given notice of. (Complaint at ¶ 24 & 25, pps. 6 & 7.)

     These are not factual allegations. These allegations are nothing more than, as the Bell court said, "labels and conclusions" commonly referred to in Monell claims. Plaintiffs have failed to supply any factual allegations suggesting a history of ongoing Constitutional violations perpetrated by defendant Officer Alcantar and Does 1-100, and have also omitted how the City became aware of such violations. Plaintiffs use conclusory language that the City acted with indifference. These formulaic allegations, wholly lacking any factual support, do not satisfy the more rigorous pleading standards announced in Bell Atlantic v. Twombley, supra, 127 S.Ct. 1955. Mere recitations of the elements of a cause of action, without more, are legally insufficient to adequately plead a cause of action. Accordingly, plaintiffs' Second Cause of Action should be dismissed for failing to state a claim upon which relief can be granted against the City of Oakland.

## IV.   CONCLUSION

     For the reasons set forth above, defendants' Motion to Dismiss must be granted. Plaintiffs' Tenth Cause of Action fails to establish a statutory basis that would subject the City to liability. Plaintiffs' Second Cause of Action fails to adequately plead facts in

1 | support of a Monell claim. Accordingly, plaintiffs' Second and Tenth Causes of Action
2 | must be dismissed.

DATED: JUNE 27, 2007

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Assistant City Attorney
JAMES F. HODGKINS, Supervising Trial Attorney
CHARLES E. VOSE, Senior Deputy City Attorney


By: _____/ S /_____
Attorneys for Defendants
CITY OF OAKLAND and OAKLAND POLICE
DEPARTMENT

# PROOF OF SERVICE
### ORTEGA, ET AL., v. CITY OF OAKLAND, ET AL..
### United States District Court Case No. C07-02659 JCS

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One Frank Ogawa Plaza, 6th Fl., Oakland, CA 94612. On the date set forth below I served the within documents:

**DEFENDANT CITY OF OAKLAND AND OAKLAND POLICE DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6)**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ **by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.**

☐ by causing personal delivery by (name) of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by causing such envelope to be sent by Federal Express/ Express Mail.

STEVEN R. JACOBSEN, ESQ.
CATHERINE R. DOUAT, ESQ.
LAW OFFICES OF STEVEN JACOBSEN
901 CLAY STREET
OAKLAND, CA 94607

TELEPHONE: (510) 465-1500
FACSIMILE:  (510) 465-1501

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of American/State of California that the above is true and correct.

Executed on JUNE 27, 2007, at Oakland, California.

/s/
CRYSTAL ROZA