JOHN A. RUSSO, City Attorney - State Bar #129729
RANDOLPH W. HALL, Assistant City Attorney – State Bar #080142
JAMES F. HODGKINS, Supervising Trial Attorney – State Bar #142561
CHARLES E. VOSE, Senior Deputy City Attorney, State Bar No. 139700
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-2961     Fax: (510) 238-6500
cevose@oaklandcityattorney.org
25581/417362

Attorneys for Defendants CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT, WAYNE TUCKER, RAMON J. ALCANTAR

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIGUEL ORTEGA, BENJAMIN ORTEGA, A Minor, By and through his Guardian Ad Litem, ANA ROSA ORTEGA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT, WAYNE TUCKER, In His Capacity as the Police Chief of the City of Oakland, RAMON J. ALCANTAR, Individually and in his capacity as a Police Officer for the City of Oakland, DOES 1 THROUGH 200,<br><br>Defendants. | Case No. C07-02659 JCS<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT, POLICE CHIEF WAYNE TUCKER, and POLICE OFFICER RAMON J. ALCANTAR, hereby answer, object, and otherwise respond to the First Amended Complaint on file herein as

follows.

## INTRODUCTION

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained herein.

2.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained herein.

3.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained herein.

4.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained herein.

5.  Defendants admit that Chief Tucker and Officer Alcantar act under the color of state law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis, deny each and every remaining allegation contained herein.

6.  Defendants deny that there are policies or customs of the City of Oakland as alleged in this paragraph and further deny that any actions of defendants violated any constitutional rights of plaintiffs. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis, deny each and every remaining allegation contained herein.

///
///

**JURISDICTION**

7. Defendants deny that any unlawful acts or practices as alleged occurred. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis, deny each and every remaining allegation contained herein.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained herein.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained herein.

10. Defendants admit the allegations contained in this paragraph.

11. Defendants admit the allegations contained in this paragraph.

12. Defendants admit that Officer Alcantar is a police officer for the City of Oakland and that he acts under the color of state law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis, deny each and every remaining allegation contained herein.

13. Defendants deny that plaintiffs were injured or damaged in any way. The remaining portions of the paragraph contain statements and conclusions of law not requiring a response from defendants.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained herein.

///

///

**STATEMENT OF FACTS**

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained herein.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained herein.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained herein.

18. Defendants admit that Chief Tucker and Officer Alcantar act under the color of state law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis, deny each and every remaining allegation contained herein.

19. Defendants deny that there are policies or customs of the City of Oakland as alleged in this paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis, deny each and every remaining allegation contained herein.

**FIRST CAUSE OF ACTION**

20. Defendants incorporate herein their responses to the allegations contained in paragraphs 1 through 19, as previously set forth.

21. Defendants admit that the United States Constitution protects certain rights as set forth in this paragraph. Defendants further admit that defendants act under the color of state law. Defendants deny the remaining allegations contained in this paragraph of the complaint.

///

22. Defendants deny that plaintiffs suffered any injuries or damages as a

result of any act of defendants.

## SECOND CAUSE OF ACTION

23. Defendants incorporate herein their responses to the allegations contained in paragraphs 1 through 22, as previously set forth.

24. Defendants deny the allegations contained in paragraph 24 of the complaint.

25. Defendants deny the allegations contained in paragraph 25 of the complaint.

## THIRD CAUSE OF ACTION

26. Defendants incorporate herein their responses to the allegations contained in paragraphs 1 through 25, as previously set forth.

27. Defendants deny the allegations contained in paragraph 27 of the complaint.

28. Defendants deny the allegations contained in paragraph 28 of the complaint.

29. Defendants deny the allegations contained in paragraph 29 of the complaint.

30. Defendants deny that plaintiffs suffered any injuries or damages as a result of any act of defendants. Defendants deny the remaining allegations set forth in this paragraph of the complaint.

## FOURTH CAUSE OF ACTION

31. Defendants incorporate herein their responses to the allegations contained in paragraphs 1 through 30, as previously set forth.

32. Defendants deny the allegations contained in paragraph 32 of the complaint.

33. Defendants deny that defendants are liable under any theory or in any

sum to plaintiffs. The remaining portions of the paragraph contain statements and conclusions of law not requiring a response from defendants.

34. Defendants deny that plaintiffs suffered any injuries or damages as a result of any act of defendants.

**FIFTH CAUSE OF ACTION**

35. Defendants incorporate herein their responses to the allegations contained in paragraphs 1 through 34, as previously set forth.

36. Defendants deny the allegations contained in paragraph 36 of the complaint.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained herein.

38. Defendants deny that plaintiffs suffered any injuries or damages as a result of any act of defendants.

**SIXTH CAUSE OF ACTION**

39. Defendants incorporate herein their responses to the allegations contained in paragraphs 1 through 38, as previously set forth.

40. Defendants deny the allegations contained in paragraph 40 of the complaint, and further deny that plaintiffs suffered any injuries or damages as a result of any act of defendants.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained herein.

42. Defendants deny that plaintiffs suffered any injuries or damages as a result of any act of defendants.

**SEVENTH CAUSE OF ACTION**

43. Defendants incorporate herein their responses to the allegations contained in paragraphs 1 through 42, as previously set forth.

44. Defendants deny the allegations contained in paragraph 44 of the complaint, and further deny that plaintiffs suffered any injuries or damages as a result of any act of defendants.

45. Defendants deny that plaintiffs suffered any injuries or damages as a result of any act of defendants and further deny that plaintiffs are entitled to an award of punitive damages.

### EIGHTH CAUSE OF ACTION

46. Defendants incorporate herein their responses to the allegations contained in paragraphs 1 through 45, as previously set forth.

47. Defendants admit that Chief Tucker and Officer Alcantar have a duty of care in their capacities as Chief of Police and police officer, respectively, to avoid causing unnecessary physical harm and emotional distress to citizens. Defendants deny the remaining allegations contained in paragraph 47 of the complaint and further deny that plaintiffs suffered any injuries or damages as a result of any act of defendants.

### NINTH CAUSE OF ACTION

48. Defendants incorporate herein their responses to the allegations contained in paragraphs 1 through 47, as previously set forth.

49. Defendants deny the allegations contained in paragraph 49 of the complaint.

50. Defendants deny the allegations contained in paragraph 50 of the complaint, and further deny that plaintiffs suffered any injuries or damages as a result of any act of defendants.

///

51. Defendants deny the allegations contained in paragraph 51 of the

complaint.

52. Defendants deny that plaintiffs are entitled to either injunctive relief or an award of attorneys' fees as alleged in paragraph 52 of the complaint.

### CLAIM REQUIREMENT

53. This paragraph contains statements and conclusions of law not requiring a response from defendants.

### JURY DEMAND

54. This paragraph contains statements and conclusions of law not requiring a response from defendants.

### AFFIRMATIVE DEFENSES

AS A FURTHER, FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that the complaint fails to state a claim upon which relief can be granted.

AS A FURTHER, SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege, on information and belief, that plaintiffs did not exercise ordinary care, caution, or prudence to avoid the alleged event and/or accident; consequently, the subsequent injuries or damages, if any, sustained by plaintiffs were proximately caused by and contributed to by plaintiffs' comparative negligence, and any damages they might otherwise be entitled to should be proportionately reduced by the degree of plaintiffs' negligence.

AS A FURTHER, THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that the injuries and damages plaintiffs complain of resulted from the acts and/or omissions of others, or acts of God, and without any fault on the part of defendants.

///

AS A FURTHER, FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

defendants allege that any party or individual who contributed to and/or caused the alleged injuries and damages was not acting as its agent or with its knowledge or within the course and/or scope of employment with defendant CITY OF OAKLAND.

AS A FURTHER, FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that, to the extent that plaintiffs may attempt to allege state claims, these are barred by all applicable Government Code protections and immunities, including, but not limited to, sections 815 through 900. Said sections are pleaded as though fully set forth herein.

AS A FURTHER, SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that all of the actions of defendants were undertaken in good faith and with the reasonable belief that such actions were valid, necessary, reasonable, lawful and constitutionally proper, entitling defendants to the qualified immunity of good faith.

AS A FURTHER, SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that, if they in any fashion caused the injuries or damages alleged, although such liability is expressly denied herein, their acts and/or omissions were reasonable and privileged.

AS A FURTHER, EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege, on information and belief, that plaintiffs failed to mitigate damages.

AS A FURTHER, NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that, to the extent that plaintiffs allege or assert matters not contained in a legally sufficient claim filed by them, this action is barred by the claims requirements set forth in Government Code Section 905 et seq.

AS A FURTHER, TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that this action is barred, under Government Code § 945.6, by plaintiffs' failure to file their action within six months after denial of their claim by defendants.

AS A FURTHER, ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

1  defendants allege that this action is barred by all applicable statutes of limitations.

2          AS A FURTHER, TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE,
3  defendants allege that any force used in this instance was reasonable.

4          AS A FURTHER, THIRTEENTH, SEPARATE AND AFFIRMATIVE
5  DEFENSE, defendants allege that any actions taken by defendants were taken pursuant
6  to a lawful and valid policy of the City of Oakland.

7          AS A FURTHER, FOURTEENTH, SEPARATE AND AFFIRMATIVE
8  DEFENSE, defendants allege that plaintiffs caused the actions of which plaintiffs
9  complain.

10         AS A FURTHER, FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
11 defendants allege that any actions taken against plaintiffs were pursuant to a lawful
12 detention and/or arrest.

13         AS A FURTHER, SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
14 defendants allege that any actions taken against plaintiffs were necessary to protect officer
15 safety.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

26         **PRAYER**

1 **WHEREFORE**, defendants pray that:

2    1.   Plaintiffs take nothing by their Complaint;

3    2.   Defendants have judgment against Plaintiffs;

4    3.   Defendants be awarded their costs of suit; and

5    4.   For such other and further relief as the Court may deem proper.

6 DATED: SEPTEMBER 17, 2007

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Assistant City Attorney
JAMES F. HODGKINS, Supervising Trial Attorney
CHARLES E. VOSE, Senior Deputy City Attorney

By: _____/ S/_____
Attorneys for Defendants CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT, WAYNE TUCKER, and RAMON J. ALCANTAR