1  JOHN A. RUSSO, City Attorney, SBN-129729
   RANDOLPH W. HALL, Asst. City Atty., SBN-080142
2  JAMES F. HODGKINS, Sup. Trial Atty., SBN-142561
   CHARLES E. VOSE, Senior Deputy City Atty., SBN-139700
3  ONE FRANK H. OGAWA PLAZA 6th Floor
   OAKLAND, CALIFONRIA, 94612
4  TELEPHONE (510) 238-2961 Fax:  (510) 238-6500
   cevose@oaklandcityattorney.org
5  25581/423261

6  ATTORNEYS FOR DEFENDANTS CITY OF OAKLAND,
   OAKLAND POLICE DEPARTMENT, CHIEF WAYNE
7  TUCKER, and OFFICER RAMON ALCANTAR

8  STEVEN R. JACOBSEN, BAR NO. 95246
   EMAIL; SRJ@THEACCIDENTALLAWYER.COM
9  CATHERINE R. DOUAT, BAR NO. 129134
   EMAIL: CAT@THEACCIDENTALLAWYER.COM
10 LAW OFFICES OF STEVEN R. JACOBSEN
   901 CLAY STREET
11 OAKLAND, CALIFORNIA 94607
   TELEPHONE (510) 465-1500; FAX (510) 465-1501

12 ATTORNEY FOR PLAINTIFFS
   MIGUEL & BENJAMIN ORTEGA
13

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16

17 MIGUEL ORTEGA, BENJAMIN          ) Case No.:C-07-02659 JCS
   ORTEGA, A Minor, By And Through His )
18 Guardian Ad Litem, ANA ROSA      ) **JOINT CASE MANAGEMENT**
   ORTEGA,                          ) **CONFERENCE STATEMENT**
19                                  )
             Plaintiffs,            )
20                                  )
         vs.                       ) DATE:  November 16, 2007
21                                  ) TIME:   1:30 p.m.
   CITY OF OAKLAND, OAKLAND POLICE   ) COURTROOM:  A, 15th Floor
22 DEPARTMENT, WAYNE TUCKER, In His  )
   Capacity As The Police Chief Of The City ) The Honorable Magistrate Judge
23 Of Oakland, RAMON J. ALCANTAR,   ) JOSEPH C. SPERO
   Individually And In His Capacity As A )
24 Police Officer For The City Of Oakland, )
   Does 1 through 200,              )
25                                  )
             Defendants.            )
26 _____ )

       The  parties  to  the  above-entitled  action  jointly  submit  this  Joint  Case

27 Management Statement and Proposed Order and request the Court adopt it as its Case

28 Management Order in this case.

1

## I.    DESCRIPTION OF THE CASE

2

**A.    Plaintiffs' Description of events:**

3

On May 7, 2006, plaintiff Benjamin Ortega was 15 years of age; his brother,

4 plaintiff Miguel Ortega was 21 years of age.  On that date both were returning to their

5 cousin's home on 62nd Avenue in Oakland, California from having watched a *cinco de*

6 *mayo* parade organized and sanctioned by the city of Oakland.  Benjamin was carrying

7 a Mexican flag, and was crossing International Blvd. toward where Miguel waited on the

8 corner with several relatives.  He was lawfully crossing the street on a green light.

9

Officer Ramon Alcantar and his partner were driving a marked police car.  They

10 stopped at the red light while Benjamin crossed in front of them.  While Benjamin was

11 crossing on the green light, Benjamin was accosted by Alcantar, who told him to "hurry

12 up, or I'll put that flag up your ass."   Miguel told Alcantar to leave Benjamin alone.

13 Plaintiffs then proceeded to the private property of relatives at 1387 - 62nd Ave.  Alcantar

14 and his partner followed plaintiffs to that location and, while standing outside of the

15 fence, Alcantar began to verbally taunt Benjamin who was standing in the yard.  Then,

16 without probable cause to believe that Benjamin or anyone else on the property was or

17 had been involved in any crime, defendants Alcantar and his partner entered onto the

18 private property where Benjamin was standing and physically attacked Benjamin.

19 Defendant Alcantar placed Benjamin in a "pain" hold, forced Benjamin to the ground,

20 and demanded that Benjamin submit to him.  In so doing, Alcantar assaulted, battered

21 and inflicted bodily injury on Benjamin.

22

Other police officers arrived and detained Miguel, and in the process of being

23 detained, Miguel was assaulted and battered, and his civil rights were violated.  At that

24 point, defendants Alcantar and his partner arrested Benjamin and Miguel, handcuffed

25 them both, and detained both of them in a police car.  Plaintiffs were detained for

26 approximately 30 minutes in the police car.  Plaintiffs were then released only after

27 Alcantar and his partner extorted from plaintiffs a promise to give up their civil right to

28 redress in court for what the officers had done to plaintiffs.

**B.      Defendants' description of events:**

On May 7, 2006, Defendant Officer Ramon Alcantar was on duty and assigned to clearing groups of people blocking traffic on International Boulevard in East Oakland following a *Cinco de Mayo* celebration.  Officer Alcantar observed Plaintiff Benjamin Ortega blocking traffic and attempted to detain him.  Plaintiff failed to comply with Officer Alcantar's orders and instead fled up 62nd Avenue toward a family residence. Officer Alcantar followed Plaintiff to the yard of the residence.  When he tried again to detain him, Plaintiff resisted.  At that point both Officer Alcantar and Plaintiff ended up on the ground.  Plaintiff was then handcuffed and placed in a patrol car along with Miguel Ortega.  After a short period of time necessary to identify the Plaintiffs, Officer Alcantar agreed to release them.  Neither plaintiff suffered any physical injuries.

**C.      The principal factual issues which the parties dispute:**

1.  The circumstances surrounding the initial contact between Defendant Alcantar and Plaintiff Benjamin Ortega.

2.  Was Benjamin Ortega violating the law when Officer Alcantar attempted to detain him?

3.  Did Officer Alcantar or his partner have probable cause to detain Benjamin Ortega?

4.  Did Officer Alcantar or the other officers have probable cause to detain Miguel Ortega?

5.  Did Officer Alcantar taunt Plaintiffs?

6.  Did Officer Alcantar attack Plaintiff Benjamin Ortega?

7.  Did Officer Alcantar assault and batter Benjamin Ortega?

8.  Did Officer Alcantar place a pain hold on Plaintiff Benjamin Ortega?

9.  Was Plaintiff Miguel Ortega assaulted and battered by police officers?

10. Was either Plaintiff the victim of excessive force by any police officer?

11. Were Plaintiffs required to give up their civil rights in order to secure their release?

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

12. Does the City of Oakland and Chief Wayne Tucker have in place policies or customs that violate persons' Constitutional rights?

**D.    The principal legal issues which the parties dispute:**

1.  Was there an unreasonable search and seizure of Plaintiffs?

2.  Did the police officers use excessive force in detaining Plaintiffs?

3.  Was the use of force, if any, reasonable under the circumstances?

4.  Were any actions taken by Defendants taken as a result of Plaintiffs' race?

5.  Were Plaintiffs' civil rights violated?

6.  Were Plaintiffs assaulted by Defendants?

7.  Were Plaintiffs battered by Defendants?

8.  Were Plaintiffs' denied their rights to Freedom of Expression?

9.  Are Defendants entitled to judgment because there are no facts showing that they knew or reasonably should have known of any acts of alleged misconduct by Defendant police officers or any officers of the Oakland Police Department?

10. Are Defendants entitled to judgment because there are no facts showing that they, or any other Oakland city officials, approved, ratified, condoned, encouraged or authorized any acts of misconduct by Defendant police officers or any officers of the Oakland Police Department?

11. Are Defendants entitled to judgment because there are no facts showing that there was any custom, policy or repeated practice of condoning and encouraging the abuse of police authority, including but not limited to excessive force and false arrest?

12. Are Defendants entitled to judgment because there are no facts showing any deliberate indifference in the training, supervision and/or discipline of members of the Oakland Police Department?

13. Are Defendants entitled to judgment because there are no facts showing they committed any act of an extreme or outrageous nature that would lead to

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

either the intentional or negligent infliction of emotional distress that would entitle plaintiffs to an award of punitive damages?

14. As to the claims under California Civil Code section 51.7, are Officer Alcantar and/or the Doe Defendants entitled to judgment because there are no facts showing they acted in any manner based on racial prejudice?

15. As to the claims under Civil Code section 52.1, are Officer Alcantar and/or the Doe Defendants and the City entitled to judgment as there are no facts alleged showing Plaintiffs' civil rights were violated?

16. Are the Defendants entitled to judgment because there are no facts alleged in the complaint showing any act of negligence by any Defendant in this matter?

17. Are Defendants entitled to judgment because there are no facts showing any negligent hiring, retention, training, supervision or discipline of Defendant Officer Alcantar or any Doe Defendants?

18. Are Defendants entitled to judgment because there are no facts showing any Plaintiff in this action was damaged in any manner?

**E.     The other factual issues [*e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue*] which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

None.

**F.     The parties which have not been served and the reason:**

Plaintiffs have noticed the deposition of Officer Alcantar so that his partner may be identified and named as a party.

**G.     The additional parties which the below-specified parties intend to join and the intended time frame for such joinder.**

**Plaintiff:** Plaintiffs have noticed the deposition of Officer Alcantar so that his partner may be identified and named as a party.

**Defendants:** None.

///

**H.      Related Proceedings:**

> None.

## II.      ALTERNATIVE DISPUTE RESOLUTION

**A.      The following parties consent to assignment of this case to a United States Magistrate Judge.**  Consent has been given.

**B.      The parties have agreed to the following court ADR process.**  The parties have agreed to mediation and have been assigned to a mediator.  A mediation session is not currently scheduled.

## III.      DISCLOSURES

**A.      The parties certify that they have made the following disclosures:**

> **Plaintiffs:** A copy of Plaintiffs' Initial Disclosure is attached as Exhibit A.

> **Defendants:** A copy of Defendants' Initial Disclosures is attached as Exhibit B.

## IV.      DISCOVERY

**Plaintiffs:** Plaintiffs have noticed the deposition of Officer Ramon Alcantar. Plaintiffs will propound Interrogatories, a Request for Production of Documents, and Requests for Admissions.  Plaintiffs propose that discovery cut off will be thirty (30) days before trial.  Expert disclosures will be sixty (60) days before trial.  Expert discovery cut off will be fifteen (15) days before trial.

**Defendants:** Defendants have propounded Interrogatories and Request for Production of Documents on both Plaintiffs.  Defendants plan to depose Plaintiffs Benjamin Ortega and Miguel Ortega.  Those depositions will be completed by mid-February, 2008.  Defendants may also depose several of the witnesses to the incident. Defendants propose that discovery cut off will be sixty (60) days before trial, expert disclosures will be one-hundred twenty (120) days before trial, and expert discovery cut off will be sixty (60) days before trial.

///

///

## V.    DISPOSITIVE MOTIONS

All potentially dispositive motions will be heard by no later than six (6) weeks before trial. Defendants may file a motion for summary judgment for qualified immunity for Defendant police officers and a motion for summary judgment for Defendants City of Oakland and Chief Wayne Tucker. There are no motions currently pending.

## VI.    TRIAL WITNESS LISTS AND TRIAL EXHIBIT LISTS

The parties' final Trial Witness Lists and Trial Exhibit Lists, pursuant to FRCP Rule 26(a)(3), shall be due on the date of the Pre-Trial Conference. The parties will have five (5) days from that date to file and serve a list of any objections they may have regarding said Trial Witness Lists or Trial Exhibit Lists.

## VII.    SETTLEMENT

Once discovery is completed, a Settlement Conference may be helpful in resolving this case. Defendants would propose a date in May or June, after all of the depositions are completed.

## VIII.    TRIAL

The parties propose a trial date in January, 2009. The parties expect the trial to last approximately two (2) weeks. Plaintiffs have demanded a jury trial.

///
///
///
///
///
///
///
///
///
///

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1

2

**IX.    SIGNATURE AND CERTIFICATION BY PARTIES AND
LEAD TRIAL COUNSEL**

3

Pursuant to Civil L.R. 16-12m each of the undersigned certifies that he or she

4

has read the brochure entitled "Dispute Resolution Procedures in the Northern District

5

of California," discussed the available dispute resolution options provided by the court

6

and private entities and has considered whether this case might benefit from any of the

7

available dispute resolution options.

8

9

DATED: NOVEMBER 9, 2007

10

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Assistant City Attorney

11

JAMES F. HODGKINS, Supervising Trial Attorney
CHARLES E. VOSE, Senior Deputy City Attorney

12

By: _____ / s / _____

13

Attorneys for Defendants
CITY OF OAKLAND, et al

14

15

DATED: NOVEMBER 9, 2007

16

LAW OFFICES OF STEVEN R. JACOBSEN

17

By: _____ / s / _____
CATHERINE R. DOUAT

18

Attorney for Plaintiffs
BENJAMIN ORTEGA AND MIGUEL ORTEGA

19

20

21

22

23

24

25

26

27

28