1  **STEVEN R. JACOBSEN,** BAR NO. 95246
   EMAIL: SRJ@THEACCIDENTALLAWYER.COM
2  **CATHERINE R. DOUAT,** BAR NO. 129134
   EMAIL: CAT@THEACCIDENTALLAWYER.COM
3  **LAW OFFICES OF STEVEN R. JACOBSEN**
   **901 CLAY STREET**
4  **OAKLAND, CALIFORNIA 94607**
   **PHONE: (510) 465-1500 FAX: (510) 465-1501**
5
   **ATTORNEYS FOR PLAINTIFFS**
6  **MIGUEL & BENJAMIN ORTEGA**

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  MIGUEL ORTEGA, BENJAMIN ORTEGA,      ) Case No.:  C-07-02659 JCS
    A Minor, By And Through His Guardian Ad  )
12  Litem, ANA ROSA ORTEGA,               ) **SECOND AMENDED COMPLAINT**
                                          ) **FOR DAMAGES FOR**
13            Plaintiffs,                 ) **VIOLATION OF CIVIL RIGHTS**
                                          )
14        vs.                             ) **DEMAND FOR JURY TRIAL**
                                          )
15  CITY OF OAKLAND, OAKLAND POLICE       )
    DEPARTMENT, WAYNE TUCKER, In His      )
16  Capacity As The Police Chief Of The City Of  )
    Oakland, RAMON J. ALCANTAR,           )
17  Individually And In His Capacity As A Police  )
    Officer For The City Of Oakland, B. ORTIZ  )
18  Individually And In His Capacity As A Police  )
    Officer For The City Of Oakland, Does 1  )
19  through 200,                          )
                                          )
20            Defendants.                 )
                                          )
21  _____)

22  Plaintiffs allege as follows:

23                       **INTRODUCTION**

24        1.      This is an action for money damages brought pursuant to 42 U.S.C. sections 1983

25  and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution,

26  and under the common law of the State of California, against the City of Oakland (hereinafter

27  referred to as the "City"), the Oakland Police Department (hereinafter referred to as the

28  Department), Police Chief Wayne Tucker (hereinafter referred to as "Tucker"), Police Officer

Ramon J. Alcantar (hereinafter referred to as "Alcantar"), Police Officer B. Ortiz (hereinafter referred to as "Ortiz") and fictitiously named Defendants (individually, and in their capacities as police officers for the City). Jurisdiction is based upon 28 U.S.C. sections 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. On May 7, 2006, plaintiff Benjamin Ortega (hereinafter referred to as "Benjamin") was 15 years of age; his brother, plaintiff Miguel Ortega (hereinafter referred to as "Miguel") was 21 years of age. On that date both were returning to their cousin's home on 62nd Avenue in Oakland from having watched a *cinco de mayo* parade organized and sanctioned by the City. Benjamin was carrying a Mexican flag, and was crossing International Blvd. toward where Miguel waited on the corner with several relatives. He was lawfully crossing the street on a green light.

3. Officer Alcantar and his partner, Officer Ortiz, were driving a marked City police car. They stopped at the red light while Benjamin crossed in front of them. While Benjamin was crossing on the green light, Benjamin was accosted by Alcantar, who told him to "hurry up, or I'll put that flag up your ass." Miguel told Alcantar and Ortiz to leave Benjamin alone. Plaintiffs then proceeded to the private property of relatives at 1387 - 62nd Ave., Oakland, California. Alcantar and Ortiz followed plaintiffs to that location and, while standing outside of the fence, Alcantar and Ortiz began to verbally taunt Benjamin who was standing in the yard. Then, without probable cause to believe that Benjamin or anyone else on the property was or had been involved in any crime, defendants Alcantar, Ortiz, and Does 1 to 100 entered onto the private property where Benjamin was standing and physically attacked Benjamin. Defendant Alcantar placed Benjamin in a "pain" hold, forced Benjamin to the ground, and demanded that Benjamin submit to him. In so doing, Alcantar assaulted, battered and inflicted bodily injury on Benjamin.

4. Ortiz and other police officers of the City, defendants Does 1 to 100, arrived and detained Miguel, and in the process of being detained, Miguel was assaulted and battered, and his civil rights were violated. At that point, defendants Alcantar, Ortiz and Does 1 to 100 arrested Benjamin and Miguel, handcuffed them both, and detained both of them in a City police

car.  Plaintiffs were detained for approximately 30 minutes in the police car.  Plaintiffs were then released only after Alcantar and Ortiz extorted from plaintiffs a promise to give up their civil right to redress in court for what the officers had done to plaintiffs.

5.    At all times herein mentioned, Tucker, Alcantar, Ortiz, and Does 1 to 100 were acting within the course and scope of their employment with the City, and were acting under color of law.

6.    Neither plaintiff had physically resisted or assaulted Alcantar, Ortiz, Does 1 to 100 or any other police officer, nor had committed any crime, and the force used against them was unnecessary, unreasonable and excessive.  Further, the actions of defendants Tucker, Alcantar, Ortiz, and Does 1 to 100 violated plaintiffs' rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.  Further these violations and torts were committed as a result of policies and customs of the City and the Department that were allowed, accepted and promoted by Tucker.

## JURISDICTION

7.    This action arises under Title 42 of the United States Code, Sections 1983 and 1988.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section 1331 and 1343.  The unlawful acts and practices alleged occurred in the City of Oakland, California, which is within this judicial district.

8.    Pursuant to 42 U.S.C. 1367(a) this court has supplemental jurisdiction over the state claims brought in this action.  The federal and state law claims arise from a common set of operative facts and from the same set of transactions and occurrences.

## PARTIES

9.    Plaintiffs Benjamin and Miguel Ortega are and at all times herein mentioned were residents of the City of Oakland, California.

10.    Defendant City of Oakland is a political subdivision of the State of California, duly organized and existing under the laws of the State of California, and defendant Oakland Police Department is an duly organized agency of the City.  (These two defendants may also hereinafter be referred to jointly as the "City".)

11.    At all times mentioned herein, defendant Tucker was the Chief of Police of the City, and was acting within the course and scope of his office.

12.    At all time mentioned herein, defendants Alcantar, Ortiz, and Does 1 to 100 were employed as police officers for the City.  Defendants Alcantar, Ortiz, and Does 1 to 100 are sued individually, and in their capacities as police officers for the City.  By engaging in the conduct described herein, defendants Alcantar, Ortiz, and Does 1 to 100 acted under color of law and in the course and scope of their employment for defendant City.  By engaging in the conduct described herein, Defendants Alcantar, Ortiz, and Does 1 to 100 exceeded the authority vested in them as police officers under the U.S. Constitution and as employees of the City.  At all time mentioned herein, defendants Does 101 to 200 were employed as supervisory personnel in the Department.  Defendants Does 101 to 200 are sued individually, and in their capacities as supervisory personnel for the Department.  By engaging in the conduct described herein, defendants Does 101 to 200 acted under color of law and in the course and scope of their employment for defendant City.  By engaging in the conduct described herein, Defendants Does 101 to 200 exceeded the authority vested in them as supervisory personnel of the Department under the U.S. Constitution and as employees of the City.

13.    Plaintiffs are ignorant of the true names and capacities of Defendants Does 1 to 200, inclusive, and therefore sue those defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiffs as set forth herein.  Plaintiffs will amend this complaint to state the true names and capacities of defendant Does 1 through 100, inclusive, when they have been ascertained.

14.    At all times herein mentioned each Doe defendant was the agent or employee of Defendants City and Tucker, and in doing the things alleged, were acting within the course and scope of such agency or employment, and with the actual or implied permission, consent, authorization, and approval of defendant City.

## STATEMENT OF FACTS

15.    On May 7, 2006, Benjamin was 15 years of age; his brother Miguel was 21 years

of age.  On that date both were returning to their cousin's home on 62nd Avenue in Oakland from having watched a *cinco de mayo* parade organized and sanctioned by the City.  Benjamin was carrying a Mexican flag, and was crossing International Blvd. toward where Miguel waited on the corner with several relatives.  He was lawfully crossing the street on a green light.

16.     Officer Alcantar and Officer Ortiz, were driving a marked City police car.  They stopped at the red light while Benjamin crossed in front of them.  While Benjamin was crossing on the green light, Benjamin was accosted by Alcantar, who told him to "hurry up, or I'll put that flag up your ass."  Miguel told Alcantar to leave Benjamin alone.  Plaintiffs then proceeded to the private property of relatives at 1387 - 62nd Ave., Oakland, California.  Alcantar and Ortiz followed plaintiffs to that location and, while standing outside of the fence, Alcantar and Ortiz began to verbally taunt Benjamin who was standing in the yard.  Then, without probable cause to believe that Benjamin or anyone else on the property was or had been involved in any crime, Alcantar entered onto the private property where Benjamin was standing and physically attacked Benjamin.  Alcantar placed Benjamin in a "pain" hold, forced Benjamin to the ground, and demanded that Benjamin submit to him.  In so doing, Alcantar assaulted, battered and inflicted bodily injury on Benjamin.

17.     Ortiz and other police officers of the City, Does 1 to 100, arrived and detained Miguel, and in the process of being detained, Miguel was assaulted and battered, and his civil rights were violated.  At that point, Alcantar, Ortiz, and Does 1 to 100 arrested Benjamin and Miguel, handcuffed them both, and detained both of them in a City police car.  Plaintiffs were detained for approximately 30 minutes in the police car.  Plaintiffs were then released only after Alcantar and Ortiz extorted from plaintiffs a promise to give up their civil right to redress in court.

18.     At all times herein mentioned, Tucker, Alcantar, Ortiz, and Does 1 to 100 were acting within the course and scope of their employment with the City, and were acting under color of law.

19.     Neither plaintiff had physically resisted or assaulted Alcantar, Ortiz or any other police officer, nor had committed any crime, and the force used against them was unnecessary,

unreasonable and excessive.  Further, the actions of defendants Tucker, Alcantar, Ortiz, and Does 1 to 100 violated plaintiffs' rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.  Further these violations and torts were committed as a result of policies and customs of the City and the Department that were allowed, accepted and promoted by Tucker.

### FIRST CAUSE OF ACTION

(42 U.S.C. §1983)

(Against Defendants City, Tucker, Alcantar, Ortiz, and Does 1 to 200)

20.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 19 of this complaint.

21.    In doing the acts complained of, defendants acted under color of law to deprive plaintiffs of certain constitutionally protected rights, including, but not limited to:

a.    The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

b.    The right of freedom of expression, as protected by the First Amendment to the United States Constitution;

c.    The right to privacy, as protected by the United States Constitution;

d.    The right to be free of unreasonable searches and seizures, as protected by the Fourth Amendment to the United States Constitution.

22.    As a proximate result of defendants' conduct, plaintiffs suffered injuries and damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION

(42 U.S.C. §1983 -- Monell)

(Against Defendants City, Tucker, Alcantar, Ortiz, and Does 1 to 200)

23.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 22 of this complaint.

24.    Defendants City, Tucker and Does 1 to 100, by and through their supervisory

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

officials and employees, Does 101 to 200, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendants Alcantar, Ortiz, and Does 1 to 100, and other City police officers, consisting of the use of unnecessary and excessive force against citizens and false arrests of citizens.   Specifically, arresting citizens without probable cause such as is the case of the plaintiffs, harassing citizens with verbal threat such as is the case of the plaintiffs, and threatening citizens, such as is the case with the plaintiffs and as set forth above.  Notwithstanding said notice, City, Tucker and Does 101 to 200 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by Alcantar, Ortiz, Does 1 to 100 and other City police officers.  This lack of adequate supervisorial response by City, Tucker and Does 101 to 200 demonstrates ratification of the defendant police officers' unconstitutional acts, as well as the existence of an informal custom or policy that tolerates and promotes the continued use of excessive force against and violation of civil rights of citizens by City police officers.

25.    The acts of defendants Alcantar, Ortiz, and Does 1 to 100, as alleged herein, are the direct and proximate result of the deliberate indifference and policy and/or practice of Defendants City, Tucker, and Does 101 to 200, to violations of the constitutional rights of citizens by defendant police officers, and other members of the City Police Department. Defendants City, Tucker, and Does 101 to 200 have taken no action to stop the false arrests, verbal harassment, and threatening conduct, as is the case with the plaintiffs, and as set forth above.  Plaintiffs' injuries and damages were foreseeable and were the proximate result of the deliberate indifference of the City, Tucker and Does 101 to 200 to the patterns, practices, customs, and policies described above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

(42 U.S.C. § 1981)

(Against Defendants City, Tucker, Alcantar, Ortiz, and Does 1 to 100)

26.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 25 of this

complaint.

27.    In committing the wrongful acts described herein defendants Alcantar, Ortiz, and Does 1 to 100 engaged in the ethnically motivated misuse of government power.

28.    The above-described acts of defendants Alcantar, Ortiz, and Does 1 to 100 further deprived plaintiffs of their rights protected by 42 U.S.C. §1981, to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian citizens, and to be subject to like restrictions, punishment, pains, penalties, and exactions of every kind, and to no other.

29.    The conduct of defendants Alcantar, Ortiz, and Does 1 to 100 was committed with the intent to deprive plaintiffs of the above-described rights.

30.    The wrongful conduct of defendants Alcantar, Ortiz, and Does 1 to 100 proximately resulted in plaintiffs suffering injuries and damages as herein set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

(California Civil Code §51.7)

(Against Defendants Alcantar, Ortiz, and Does 1 to 100)

31.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 30 of this complaint.

32.    Plaintiffs are informed and believe and thereon allege that the instant conduct was based upon a past pattern and practice of similar conduct of defendants Alcantar, Ortiz, and Does 1 to 100 and that the conduct of Alcantar and Does 1 to 100, as described herein, was motivated by ethnic prejudice against the plaintiffs.  By engaging in such conduct, those defendants violated plaintiffs' rights under California Civil Code §51.7 to be free from violence or intimidation by threat of violence committed against them because of their race, color, or ancestry.

33.    Under the provisions of California Civil Code §52(b), those defendants are liable for each and every offense for exemplary damages, for civil penalties of twenty-five thousand dollars ($25,000.00) in addition thereto, and for the payment of plaintiff's attorney's fees.

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

34.     As a proximate result of those defendants' wrongful conduct, plaintiffs suffered damages as set forth herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

(Assault)

(Against Defendants Alcantar, Ortiz, and Does 1 to 100)

35.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 34 of this complaint.

36.     Defendants Alcantar, Ortiz, and Does 1 to 100 placed plaintiffs in immediate fear of severe bodily harm by physically seizing and battering them without any just provocation or cause.

37.     Plaintiffs did not consent to this offensive contact.     The conduct of those defendants was neither privileged nor justified under statute or common law.

38.     The conduct of those defendants proximately resulted in plaintiffs suffering damages as set forth herein.

WHEREFORE, plaintiffs pray for relief as set forth herein.

## SIXTH CAUSE OF ACTION

(Battery)

(Against Defendants Alcantar, Ortiz, and Does 1 to 100)

39.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 38 of this complaint.

40.     Defendants Alcantar, Ortiz, and Does 1 to 100 caused an unwanted and harmful touching of plaintiffs' persons, resulting in physical and emotional damages.

41.     Plaintiffs did not consent to this offensive contact.     The conduct of those defendants was neither privileged nor justified under statute or common law.

42.     The conduct of those defendants proximately resulted in plaintiffs suffering damages as set forth herein.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

/ / /

/ / /

## SEVENTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

(Against Defendants Alcantar, Ortiz, and Does 1 to 100)

43.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 42 of this complaint.

44.     The conduct of defendants Alcantar, Ortiz, and Does 1 to 100, as set forth herein, was extreme and outrageous, willful, and was done with the intent to inflict and did cause severe mental and emotional distress upon plaintiffs.

45.     As a result of said defendants' conduct, as aforesaid, plaintiffs are entitled to an award of punitive damages.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## EIGHTH CAUSE OF ACTION

(Negligence)

(Against Defendants Tucker, Alcantar, Ortiz, and Does 1 to 200)

46.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 45 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants Tucker, Alcantar, Ortiz, and Does 1 to 200, and any and all allegations requesting punitive damages.

47.     At all times herein mentioned, defendants Tucker, Alcantar, Ortiz, and Does 1 to 200 were subject to a duty of care, to avoid causing unnecessary physical harm and emotional distress to citizens in the exercise of their police function.  The conduct of those defendants as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers nor did it comply with police department procedures, and proximately caused plaintiffs to suffer damages as herein set forth, including physical harm and severe mental and emotional distress.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

/ / /

/ / /

## **NINTH CAUSE OF ACTION**

(42 U.S.C. §1983 Negligent Selection, Training,

Retention, Supervision, Investigation, and Discipline)

(Against City, Tucker and Does 101 to 200)

48.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 47 of this complaint.

49.     Defendants City, Tucker, and Does 101 to 200 have, and at all times mentioned herein had, a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline defendants Alcantar and Does 1 to 100 herein so as to avoid unreasonable risk of harm to citizens.

50.     Said defendants, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and unlawful practices by defendants Alcantar, Ortiz, and Does 1 10 100, and other City police officers, including the use of unnecessary and excessive force against citizens.

51.     Notwithstanding this notice, defendants City, Tucker and Does 101 to 200 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of this pattern of conduct by City police officers and defendants Alcantar, Ortiz, and Does 1 to 100.

52.     Said defendants breached their duty of care to citizens in that they have failed to adequately train Defendants Alcantar, Ortiz, and Does 1 to 100, and other City police officers, in the proper use of force in the course of their employment as peace officers. This lack of an adequate supervisorial response by defendants City, Tucker, and Does 101 to 200, and lack of adequate supervisorial training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive force against citizens, and violation of the civil rights of citizens by City police officers Alcantar, Ortiz, and Does 1 to 100.

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

53.    The wrongful conduct of these defendants proximately resulted in plaintiffs suffering damages as set forth herein.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## TENTH CAUSE OF ACTION

(California Civil Code §52.1)

(Against Defendants Alcantar, Ortiz, and Does 1to 100)

54.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 53 of this complaint.

55.    The conduct of defendants Alcantar, Ortiz, and Does 1 to 100, as described herein violated California Civil Code §52.1 in that Alcantar, Ortiz, and Does 1 to 100 interfered with plaintiffs' exercise and enjoyment of their civil rights, as enumerated above, through use of wrongful force.

56.    As a direct and proximate result of said defendants' violation of Civil Code §52.1, plaintiffs suffered violations of their constitutional rights, and suffered damages as set forth herein.

57.    Since the conduct of defendants Alcantar, Ortiz, and Does 1 to 100 occurred in the course and scope of their employment, defendants City, Tucker, and Does 101 to 200 are therefore liable to plaintiffs pursuant to *respondeat superior*.

58.    Plaintiffs are entitled to injunctive relief and to an award of reasonable attorney's fees pursuant to Civil Code §52.1(h).

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## CLAIM REQUIREMENT

59.    For State causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California law.  Plaintiffs have complied with all applicable requirements.

## JURY DEMAND

60.    Plaintiffs hereby demand a jury trial in this action.

## PRAYER

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

WHEREFORE, Plaintiffs pray for relief as follows:

1.      General damages according to proof at trial;

2.      Special damages according to proof at trial;

3.      Punitive damages against individual defendants Alcantar and Does 1 to 100 according to proof at trial;

4.      Exemplary damages and a civil penalty of $25,000.00 for each violation against plaintiffs of Civil Code §52.1(b), and reasonable attorney's fees, pursuant to Civil Code §52.1(h);

5.      Reasonable attorney fees pursuant to 42 U.S.C. §1988;

6.      Costs of suit incurred herein;

7.      Such other and further relief as the Court may deem just and proper.

Dated: November 27, 2007                LAW OFFICES OF STEVEN R. JACOBSEN


By____//ss// STEVEN R. JACOBSEN_____
Attorney for Plaintiffs

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS