| | |
|---|---|
| 1 | JOHN A. RUSSO, City Attorney, SBN-129729<br>RANDOLPH W. HALL, Asst. City Atty., SBN-080142 |
| 2 | JAMES F. HODGKINS, Sup. Trial Atty., SBN-142561<br>CHARLES E. VOSE, Senior Deputy City Atty., SBN-139700 |
| 3 | ONE FRANK H. OGAWA PLAZA 6th Floor<br>OAKLAND, CALIFONRIA, 94612 |
| 4 | TELEPHONE (510) 238-2961 Fax: (510) 238-6500<br>cevose@oaklandcityattorney.org |
| 5 | 25581/439947 |
| 6 | ATTORNEYS FOR DEFENDANTS CITY OF OAKLAND,<br>OAKLAND POLICE DEPARTMENT, CHIEF WAYNE |
| 7 | TUCKER and SGT. BERNARD ORTIZ |
| 8 | JOHN J. VERBER, ESQ., SBN-139917<br>JAMES Y. HIGA, ESQ., SBN-225683 |
| 9 | BURNHAM BROWN<br>1901 HARRISON STREET, 11TH Floor |
| 10 | OAKLAND, CALIFONRIA, 94612<br>TELEPHONE (510) 444-6800 Fax: (510) 835-6666 |
| 11 | jverber@burnhambrown.com<br>jhiga@burnhambrown.com |
| 12 | ATTORNEYS FOR DEFENDANT |
| 13 | OFFICER RAMON ALCANTAR |
| 14 | STEVEN R. JACOBSEN, BAR NO. 95246<br>EMAIL; SRJ@THEACCIDENTALLAWYER.COM |
| 15 | CATHERINE R. DOUAT, BAR NO. 129134<br>EMAIL: CAT@THEACCIDENTALLAWYER.COM |
| 16 | LAW OFFICES OF STEVEN R. JACOBSEN<br>901 CLAY STREET |
| 17 | OAKLAND, CALIFORNIA 94607<br>TELEPHONE (510) 465-1500; FAX (510) 465-1501 |
| 18 | ATTORNEY FOR PLAINTIFFS |
| 19 | MIGUEL & BENJAMIN ORTEGA |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 23 | MIGUEL ORTEGA, BENJAMIN ORTEGA, A Minor, By And Through His Guardian Ad Litem, ANA ROSA ORTEGA,<br><br>            Plaintiffs,<br><br>     vs.<br><br>CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT, CHIEF WAYNE TUCKER, In His Capacity As The Police | ) Case No.:C-07-02659 JCS<br>)<br>) **UPDATED JOINT CASE**<br>) **MANAGEMENT CONFERENCE**<br>) **STATEMENT**<br>)<br>)<br>)<br>) DATE: March 14, 2008<br>) TIME:   1:30 p.m.<br>) COURTROOM:  A, 15th Floor<br>) |

-1-

UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

| | |
|---|---|
| Chief Of The City Of Oakland, RAMON J. ALCANTAR, Individually And In His Capacity As A Police Officer For The City Of Oakland, BERNARD ORTIZ, Individually And In His Capacity As A Police Officer For The City Of Oakland, and Does 1 through 200,<br><br>        Defendants. | ) The Honorable Magistrate Judge<br>) JOSEPH C. SPERO<br>)<br>)<br>)<br>) |

The parties to the above-entitled action jointly submit this Updated Joint Case Management Statement and Proposed Order and request the Court adopt it as its Case Management Order in this case.

**F.    The parties which have not been served and the reason:**

All parties have been served with the summons and complaint. Plaintiffs filed a Second Amended Complaint which added a new cause of action in violation of FRCP section 15(a) as leave of the court had not been given, there was no stipulation by the parties to add a new cause of action, and the answers to the First Amended Complaint had already been filed. Plaintiffs' counsel agreed to file a third amended complaint to correct the problem and agreed that the parties would not have to answer the Second Amended Complaint. However the Third Amended Complaint has yet to be filed.

**G.    The additional parties which the below-specified parties intend to join and the intended time frame for such joinder**.

      **Plaintiff:** None.

      **Defendants:** None.

### I.    ALTERNATIVE DISPUTE RESOLUTION

The parties agreed to mediate the case, and mediation was held on February 26, 2008. However, the parties were unable to settle the case in mediation. Officer Alcantar failed to appear for the mediation, and no offer of settlement was made by any defendant in response to plaintiffs' demands. The mediation proceeded as scheduled with the consent of all parties, counsel, and the mediator.

///

### III. DISCOVERY

**Plaintiffs:** Plaintiffs have deposed both Officers Alcantar and Ortiz, and have received defendants' responses to production of documents, including the officers' personnel files. Plaintiffs intend to depose the other police officers at the scene who indicated any memory of the events in their Internal Affairs interviews. Plaintiffs have obtained two sworn declarations from two of the witnesses previously disclosed to defendants in plaintiffs' Rule 26 Disclosures. Plaintiffs are attempting to obtain medical records and bills from their providers, and will produce the same to defendants when received. In addition, plaintiffs have recently discovered information regarding additional witnesses (though counsel for plaintiffs has had no contact with these witnesses) as follows

| | |
|---|---|
| Cesar Rodriguez | (510) 478-0261 |
| Abran Saragosa | (510) 695-7496 |
| Jaime Fagardo | (510) 706-1536 |
| Magdalena Herrera | (510) 706-1536 |
| Javier Ortega | (510) 507-2053 |
| Alejandra Ortega | (510) 507-2053 |
| Claudia Ortega | (510) 280-4571 |

Plaintiffs have no further information regarding these witnesses at this time.

**Defendants:** In preparation for the mediation, Defendants propounded Interrogatories and Request for Production of Documents on both Plaintiffs. Defendants also deposed Plaintiffs Benjamin Ortega and Miguel Ortega.

There are significant discovery issues that need to be addressed by the court. The above list of "witnesses" has not previously been disclosed by plaintiffs. In fact defendants only learned of these witnesses upon receiving plaintiffs' additions to this Case Management Conference Statement. There has not been a supplemental Rule 26 disclosure made by plaintiffs in clear violation of the Federal Rules of Civil Procedure. Defendants have been severely prejudiced by plaintiffs' clear withholding of

information. Defendants prepared for mediation, including the depositions of plaintiffs, believing that all of plaintiffs' witnesses had been disclosed. Defendants have now learned there are new witnesses that defendants were unable to question plaintiffs about. Plaintiffs have caused defendants to waste significant time and resources preparing for mediation by deliberately waiting until after plaintiffs were deposed (and after the mediation) to disclose this list of additional witnesses.

In addition, plaintiffs have refused to produce medical records, including medical bills, of the plaintiffs, arguing they are not in possession of them and have no duty to obtain them. Plaintiffs have taken this position even though plaintiffs testified that they received bills for medical and psychiatric services. Plaintiffs have refused to even disclose the names of Benjamin Ortega's treating physician(s) and mental health professional(s). Accordingly, defendants have been foreclosed from even initiating an attempt to subpoena such records.

During the deposition of Plaintiff Benjamin Ortega testified about pictures of his injuries that were taken the day of the incident, pictures that had not been produced in previous discovery requests. Plaintiffs subsequently produced the pictures.

Defendants have also recently been made aware that counsel for plaintiffs has obtained declarations from witnesses without being informed as to the identity of those declarants and whether those declarants were included in Plaintiffs' Initial Disclosures. Plaintiffs only disclosed the existence of such "declarations" during the third hour of mediation, in contravention of defendants' belief that mediation negotiations were occurring with candor and in good faith.

Defendants therefore request that the Court order plaintiffs to do the following within ten (10) days of the Case Management Conference.

1) Identify all witnesses, including a brief summary of what they would testify to, including adequate contact information (addresses, telephone number, etc.). Indicate whether plaintiffs will produce them for deposition without a subpoena. Failure to disclose their identity would result in preclusion of the witness's testimony at trial.

2) Produce copies of the declarations of witnesses obtained by plaintiffs' counsel.

3) Produce copies of all of plaintiffs' medical records and psychiatric records stemming from this incident. Failure to disclose the records would result in their preclusion at trial.

4) Signed releases from plaintiffs' for all of their psychiatric and medical records stemming from this incident, including plaintiffs' social security numbers, medical record numbers, and dates of birth.

5) A list of all medical and psychiatric treatment providers stemming from this incident.

It is imperative that the Court order plaintiffs to produce the above items. Non-expert discovery in this case closes on July 1, 2008. If plaintiffs continue to fail to disclose items they have a duty to disclose, not only will defendants continue to be unable to properly evaluate this case, but defendants will not have enough time to conduct necessary discovery and bring appropriate discovery motions.

Defendants also ask the Court to consider monetary sanctions against plaintiffs for their blatant and willful circumvention of the discovery rules under Federal Rule of Civil Procedure section 26(g). The Court is empowered to issue sanctions on its own initiative. (F.R.C.P. Rule 26(g)(3).) Defendants spent several weeks conducting discovery, including depositions, in preparation for the Court-ordered mediation, only to learn that the time was essentially wasted by plaintiffs' willful failure to timely disclose information they had a duty to disclose under the Federal Rules of Civil Procedure. If the Court is unwilling to order sanctions at this time, defendants request that the Court issue an Order to Show Cause why sanctions should not be imposed.

///
///
///
///

**V.    DISPOSITIVE MOTIONS**

Defendants may file a motion for summary judgment for qualified immunity for Defendant police officers and a motion for summary judgment for Defendants City of Oakland and Chief Wayne Tucker. There are no motions currently pending.

DATED: MARCH 7, 2008

          JOHN A. RUSSO, City Attorney
          RANDOLPH W. HALL, Assistant City Attorney
          JAMES F. HODGKINS, Supervising Trial Attorney
          CHARLES E. VOSE, Senior Deputy City Attorney

By: _____/ s /_____
Attorneys for Defendants
CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT, CHIEF WAYNE TUCKER, SGT. BERNARD ORTIZ

DATED: MARCH 7, 2008

          JOHN VERBER, ESQ.
          JAMES Y. HIGA, ESQ.
          BURNHAM BROWN

By: _____/ s /_____
Attorneys for Defendant
OFFICER RAMON ALCANTAR

DATED: MARCH 7, 2008

          LAW OFFICES OF STEVEN R. JACOBSEN

By: _____/ s /_____
CATHERINE R. DOUAT
Attorney for Plaintiffs
BENJAMIN ORTEGA AND MIGUEL ORTEGA

UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT