1  JOHN A. RUSSO, City Attorney, SBN #129729
   RANDOLPH W. HALL, Assistant City Atty., SBN #080142
2  JAMES F. HODGKINS, Supervising Trial Atty., SBN #142561
   KANDIS A. WESTMORE, Deputy City Atty., SBN 194594
3  One Frank H. Ogawa Plaza, 6th Floor
   Oakland, California  94612
4  Telephone:  (510) 238-3589, Fax:  (510) 238-6500
   25581/457011
5
   Attorneys for Defendants,
6  CITY OF OAKLAND, OAKLAND
   POLICE DEPARTMENT, CHIEF WAYNE
7  TUCKER, SGT. BERNARD ORTIZ

8

9                  UNITED STATED DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12  MIGUEL ORTEGA, BENJAMIN ORTEGA,          Case No.  C-07-02659 (JCS)

13              Plaintiffs,                  **NOTICE OF MOTION AND MOTION;
                                             MEMORANDUM OF POINTS AND**
14       v.                                  **AUTHORITIES IN SUPPORT OF
                                             DEFENDANTS' MOTION TO STRIKE**
15  CITY OF OAKLAND, OAKLAND POLICE          **SECOND AMENDED COMPLAINT
    DEPARTMENT, WAYNE TUCKER, In His         NINTH CAUSE OF ACTION**
16  Capacity as the Police Chief of the City of
    Oakland, RAMON J. ALCANTAR, Individually **FRCP 12(f)**
17  and in his capacity as a Police Officer for the
    City of Oakland, B. ORTIZ, Individually and in
18  his capacity as a Police Officer for the City of   Date:       August 8, 2008
    Oakland, DOES 1 THROUGH 200,            Time:       9:30 a.m.
19                                           Dept.:      Courtroom A, 15th Floor
                Defendants.                  The Honorable Joseph C. Spero
20

21  TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

22       **PLEASE TAKE NOTICE** that on **August 8, 2008, at 9:30 a.m.** or as soon as the matter

23  may be heard in Courtroom A of the above captioned Court, located at 450 Golden Gate Avenue,

24  15th floor, in San Francisco, California, Defendants CITY OF OAKLAND, et al. will and hereby

25  does move the Court for an order, pursuant to Federal Rule of Civil Procedure 12(f), striking the

26  SECOND AMENDED COMPLAINT 9TH CAUSE OF ACTION in this case.

1    The motion to strike is made on the ground that Plaintiffs improperly added a new cause of

2 action to their second amended complaint without leave of court.

3    This motion is based on this Notice, the accompanying memorandum of points and

4 authorities, request for judicial notice, the court files of this case, and any evidence or argument the

5 Court may entertain at the hearing of this matter.

6

7    **MEMORANDUM OF POINTS AND AUTHORITIES**

8    **I.  INTRODUCTION**

9    Defendants City of Oakland, Wayne Tucker, and Bernard Ortiz ("Defendants") hereby

10 submit the following Memorandum of Points and Authorities in Support of their Motion to Strike

11 the Ninth Cause of Action in Plaintiffs' Second Amended Complaint.

12

13    **II.  STATEMENT OF FACTS**

14    On May 18, 2007, Plaintiffs Miguel Ortega and Benjamin Ortega ("Plaintiffs") filed a

15 Complaint for Damages against defendants Wayne Tucker, Ramon J. Alcantar, City of Oakland and

16 the Oakland Police Department. (Docket Entry No. 1.) Defendant City of Oakland filed a motion to

17 dismiss the complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state

18 a claim on June 27, 2007. (Docket Entry No. 5.) On September 7, 2007, Plaintiffs filed a First

19 Amended Complaint for damages against defendants alleging causes of action pursuant to 42

20 U.S.C. §1983 for excessive force in violation of their rights under the Fourth, Fifth and 14th

21 Amendments to the U.S. Constitution, rights to freedom of expression under the First Amendment,

22 rights to privacy and rights to be free from unreasonable searches and seizures under the Fourth

23 Amendment.[1] (See Defendants' Request for Judicial Notice in Support of Motion to Strike

24 ("RJN"), Exhibit A.)

25

26    [1]  All of these constitutional claims were alleged in the First Cause of Action.

The Second Cause of Action alleged a §1983 *Monell* claim seemingly against the City. (Id.) The Third Cause of Action was for violation of Plaintiffs' rights pursuant to 42 U.S.C. §1981 against the City, Tucker and Alcantar. (Id.) The Fourth Cause of Action was for violation of California Civil Code §51.7 alleged against Alcantar only. (Id.) The Fifth Cause of Action was for assault alleged against Alcantar only. (Id.) The Sixth Cause of Action was for Battery alleged against Alcantar only. (Id.) The Seventh Cause of Action was for Intentional Infliction of Emotional distress against Alcantar only. (Id.) The Eighth Cause of Action was for Negligence against Tucker and Alcantar only. And the Ninth Cause of Action was for violation of California Civil Code §52.1 alleged against Alcantar only.

On September 19, 2007, Defendants' filed an Answer to the First Amended Complaint. (Docket No. 19.) On November 16, 2007, the initial case management conference in the case was held before the Honorable Judge Spero. (See Docket No. 31.) In his Minute Order, Judge Spero ordered Plaintiffs to file and serve their first amended complaint[2] to add only Officer B. Ortiz as a Defendant in this action. (RJN, Exhibit B.) Accordingly, Plaintiffs filed a Second Amended Complaint on November 27, 2007. (Docket Entry No. 33; RJN, Exhibit C.) The Second Amended Complaint was served on Defendants by mail on December 27, 2007.

As directed, Plaintiffs added Officer Ortiz as a defendant in the Second Amended Complaint. (RJN, Exhibit C.) In addition, however, Plaintiffs added an entirely new cause of action under 42 U.S.C. §1983 for Negligent Selection, Training, Retention, Supervision, Investigation and Discipline against the City and Tucker.[3] (*Id.* at p. 11.) Now, there are ten causes of action instead of the original nine.

---

[2]   Defendants believe this reference to a "first amended complaint" in the minute order and in the corresponding docket entry no. 31 is clerk's typo because the first amended complaint had already been filed and answered. What was to be filed by plaintiffs was their Second Amended Complaint which is the subject of this motion to strike.

[3]   It should be noted that this cause of action does not allege violations of any federal constitutional rights. It is simply brought under §1983 which is not an independent source of relief. Rather, it is a vehicle for bringing federal constitutional claims against state actors.

1    Plaintiffs never sought or obtained leave of this court to add a new cause of action. Their
2    instructions were to amend the complaint to add <u>only</u> Officer Ortiz. This newly added cause of
3    action is not even alleged against Officer Ortiz.

4    On January 9, 2008, Deputy City Attorney Charles Vose sent Ms. Catherine Douat, Esq.,
5    then counsel of record for Plaintiffs in this action, an e-mail addressing an issue that a cause of
6    action was improperly added to the Second Amended Complaint. (Declaration of Charles Vose in
7    Support of Defendants' Motion to Strike ("Vose Decl.") at 2:1-3.) Mr. Vose asked Ms. Douat if she
8    would voluntarily dismiss the improper cause of action informing her that otherwise he would be
9    forced to file a Motion to Strike.  Ms. Douat responded and volunteered that she would file a Third
10   Amended Complaint deleting the improperly added cause of action if we would stipulate. (Vose
11   Decl. at 2:3-7.)

12   Mr. Vose agreed to the stipulation, and Ms. Douat responded on January 9 that she would
13   file a Third Amended complaint that would be the same as the First Amended complaint (except
14   that it would add Sgt. Ortiz as a defendant). (*Id.* at 2:7-10.) In a string of e-mails between Mr. Vose
15   and Ms. Douat it was agreed that defendants would not have to file an answer to the Second
16   Amended Complaint and instead would file an answer to the Third Amended Complaint. (*Id.* at
17   2:10-12.)

18   Mr. Vose heard nothing more from Ms. Douat on the matter, and no Third Amended
19   Complaint was ever filed.  Then, on April 29, 2008, Mr. Vose sent a letter to Mr. Steven R.
20   Jacobsen, Esq., also counsel of record for Plaintiffs in this matter, addressing a number of issues
21   including the issue regarding the improperly added cause of action. (Id. at 2:13-16.) In response,
22   Ms. Douat then agreed to file a "corrected copy of the Second Amended Complaint",
23   acknowledging the wrong version of the Second Amended Complaint was filed with the Court. (*Id.*
24   at 2:17-20.)

25   Again Mr. Vose heard nothing further from either Mr. Jacobsen or Ms. Douat.  On June 13,
26   2008, he called and left a message with Mr. Jacobsen to discuss the matter.  On June 20, 2008, he

1  called Mr. Jacobsen again and finally spoke with him regarding the matter. During that

2  conversation, Mr. Vose was informed that Ms. Douat was no longer associated with his office. Mr.

3  Vose and Mr. Jacobsen discussed the matter and Mr. Jacobsen indicated he would need an

4  opportunity to review the file. (*Id*. at 2:21-26.) Mr. Vose e-mailed Mr. Jacobsen the April 29, 2008

5  letter and some of the above mentioned e-mail correspondence between him and Ms. Douat. (*Id*. at

6  2:26-3:2.)

7          On June 24, 2008, Mr. Vose again called Mr. Jacobsen to discuss the matter. Mr. Jacobsen

8  acknowledged he had never seen the April 29, 2008 letter and agreed to dismiss the Ninth Cause of

9  Action in the Second Amended Complaint. He stated he would do so that week. Mr. Vose agreed

10 that he would then immediately file an answer for all defendants that he represented. (*Id*. at 3:3-7.)

11         On June 25, 2008, Mr. Vose received a letter from Ms. Brenda Posada, newly associated

12 with Mr. Jacobsen's office. In her letter she refused to dismiss the Ninth Cause of Action in the

13 Second Amended Complaint. On June 26, 2008, Ms. Posada and Mr. Vose discussed the issue

14 further. Mr. Vose reiterated that the Ninth Cause of Action was added improperly and repeated his

15 request that her office dismiss that cause of action. She agreed to look at the file and said she

16 would get back to him. (*Id*. at 3:8-13.)

17         On June 27, 2008, Mr. Vose received a letter from Ms. Posada, again refusing to dismiss the

18 Ninth Cause of Action. Now Defendants are filing an Answer to all but the Ninth Cause of Action

19 in the Second Amended Complaint. Defendants intent to separately seek sanctions against

20 Plaintiffs' attorneys for the maintaining the improperly added cause of action and bad faith conduct

21 that served only to unreasonably multiply these proceedings. Discovery closed in this case on July

22 1, 2008.

23                    **III.    LEGAL DISCUSSION**

24
25 **A.    Plaintiffs' Ninth Cause of Action added without leave of this court should be**
        **stricken.**

26        The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous

matter either on its own or on motion made by a party before responding to the pleading. FRCP

12(f). While a motion to strike can be used to attack an entire pleading, it is more often used to

attack portions thereof. See *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on

other grounds in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535 (1994). Except for amendments

made "of course" or pursuant to stipulation, leave of court is required to amend a pleading. FRCP

15(a)(2); Shwarzer, Tashima and Wagstaffe, *Federal Civil Procedure Before Trial* 8:399. An

amended pleading filed without leave of court generally has no legal effect. *Federal Civil*

*Procedure Before Trial* 8:399 citing *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d

293, 295-296 (5th Cir. 2003).

Since Plaintiffs have already used their "of course" amendment, they were required to seek

leave of court to add a new cause of action in their second amended complaint. They had been

given leave ONLY to add defendants Ortiz as a defendant. Therefore, the addition of the new cause

of action without leave of court to do so violates Rule 15, and it should be stricken accordingly.

**B.    Plaintiffs' improperly added new cause of action is prejudicial to Defendants because the case has been pending for over a year and Defendants have had no opportunity to conduct discovery as to the new cause of action and discovery is closed.**

Although defendants are not required to show prejudice (*Fantasy, Inc.*, *supra* at 1528),

defendants would nevertheless like to point out that not only was the new cause of action

improperly added without leave of court, allowing it to remain in the amended complaint will

greatly prejudice defendants.

Defendants have not worked on a defense to the new cause of action because it has been

acknowledged by the parties that it was improperly added, and Plaintiffs have represented for the

last six months that they intended to remove it voluntarily. In doing so, Plaintiffs agreed that

Defendants did not need to file an answer to the Second Amended Complaint because they would

file a corrected Second Amended Complaint or a Third Amended Complaint with that cause of

action removed. This case has been pending for over a year and discovery is now closed. Therefore,

1   if the court denies this motion, Defendants' defense of this case before trial will be severely

2   prejudiced.

3          Plaintiffs had months to correct their error and seek leave from this court to allege a new

4   cause of action, but they failed to do so. Instead, they lulled defendants into a false sense of security

5   by repeatedly leading them to believe that they would correct the error voluntarily and then sent a

6   letter reneging on their agreement four days before the close of discovery. The improper

7   amendment is also prejudicial because of the expense of responding to the amended pleading and

8   the delay it will create in getting to trial. This is unconscionable behavior that should not be

9   rewarded to the detriment of defendants.

10
11  **C.     This court can strike any portion of Plaintiffs' pleading on its own motion at any time.**

12         Rule 12(f) specifically authorizes the court to strike a pleading or any portion thereof on its

13  own motion at any time. FRCP 12(f)(1); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836,

14  841 (10th Cir. 2005).

15         Accordingly, Defendants respectfully request this court to strike the Ninth cause of action

16  on its own motion if, for any reason, it is not inclined to do so pursuant to defendants' motion.

17                          **IV.   CONCLUSION**

18         For the reasons set forth above, the Ninth Cause of Action in the Second Amended

19  Complaint should be stricken.

20  Dated:   July 1, 2008

21                          JOHN A. RUSSO, City Attorney
                            RANDOLPH W. HALL, Assistant City Attorney
22                          JAMES F. HODGKINS, Supervising Trial Attorney
                            CHARLES E. VOSE, Senior Deputy City Attorney
23                          KANDIS A. WESTMORE, Deputy City Attorney

24
                    By:     _/S/ KANDIS A. WESTMORE_____
25                          Attorneys for Defendants,
                            CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT,
26                          WAYNE TUCKER, and BERNARD ORTIZ