# Exhibit C

1  STEVEN R. JACOBSEN, BAR NO. 95246
   EMAIL: SRJ@THEACCIDENTALLAWYER.COM
2  CATHERINE R. DOUAT, BAR NO. 129134
   EMAIL: CAT@THEACCIDENTALLAWYER.COM
3  LAW OFFICES OF STEVEN R. JACOBSEN
   901 CLAY STREET
4  OAKLAND, CALIFORNIA 94607
   PHONE: (510) 465-1500 FAX: (510) 465-1501
5
   ATTORNEYS FOR PLAINTIFFS
6  MIGUEL & BENJAMIN ORTEGA

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11  MIGUEL ORTEGA, BENJAMIN ORTEGA,        ) Case No.:  C-07-02659 JCS
    A Minor, By And Through His Guardian Ad )
12  Litem, ANA ROSA ORTEGA,                 ) **SECOND AMENDED COMPLAINT**
                                            ) **FOR DAMAGES FOR**
13            Plaintiffs,                   ) **VIOLATION OF CIVIL RIGHTS**
                                            )
14       vs.                               ) **DEMAND FOR JURY TRIAL**
                                            )
15  CITY OF OAKLAND, OAKLAND POLICE         )
    DEPARTMENT, WAYNE TUCKER, In His        )
16  Capacity As The Police Chief Of The City Of )
    Oakland, RAMON J. ALCANTAR,             )
17  Individually And In His Capacity As A Police )
    Officer For The City Of Oakland, B. ORTIZ )
18  Individually And In His Capacity As A Police )
    Officer For The City Of Oakland, Does 1  )
19  through 200,                            )
                                            )
20            Defendants.                   )
                                            )
21  _____ )

22  Plaintiffs allege as follows:

23                      **INTRODUCTION**

24       1.      This is an action for money damages brought pursuant to 42 U.S.C. sections 1983

25  and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution,

26  and under the common law of the State of California, against the City of Oakland (hereinafter

27  referred to as the "City"), the Oakland Police Department (hereinafter referred to as the

28  Department), Police Chief Wayne Tucker (hereinafter referred to as "Tucker"), Police Officer

                                    -1-

1   Ramon J. Alcantar (hereinafter referred to as "Alcantar"), Police Officer B. Ortiz (hereinafter

2   referred to as "Ortiz") and fictitiously named Defendants (individually, and in their capacities as

3   police officers for the City).   Jurisdiction is based upon 28 U.S.C. sections 1331 and 1343, and

4   on the pendent jurisdiction of this Court to entertain claims arising under state law.

5        2.      On May 7, 2006, plaintiff Benjamin Ortega (hereinafter referred to as

6   "Benjamin") was 15 years of age; his brother, plaintiff Miguel Ortega (hereinafter referred to as

7   "Miguel") was 21 years of age.   On that date both were returning to their cousin's home on 62nd

8   Avenue in Oakland from having watched a *cinco de mayo* parade organized and sanctioned by

9   the City.   Benjamin was carrying a Mexican flag, and was crossing International Blvd. toward

10  where Miguel waited on the corner with several relatives.   He was lawfully crossing the street on

11  a green light.

12       3.      Officer Alcantar and his partner, Officer Ortiz, were driving a marked City police

13  car.   They stopped at the red light while Benjamin crossed in front of them.   While Benjamin

14  was crossing on the green light, Benjamin was accosted by Alcantar, who told him to "hurry up,

15  or I'll put that flag up your ass."   Miguel told Alcantar and Ortiz to leave Benjamin alone.

16  Plaintiffs then proceeded to the private property of relatives at 1387 - 62nd Ave., Oakland,

17  California.   Alcantar and Ortiz followed plaintiffs to that location and, while standing outside of

18  the fence, Alcantar and Ortiz began to verbally taunt Benjamin who was standing in the yard.

19  Then, without probable cause to believe that Benjamin or anyone else on the property was or had

20  been involved in any crime, defendants Alcantar, Ortiz, and Does 1 to 100 entered onto the

21  private property where Benjamin was standing and physically attacked Benjamin.   Defendant

22  Alcantar placed Benjamin in a "pain" hold, forced Benjamin to the ground, and demanded that

23  Benjamin submit to him.   In so doing, Alcantar assaulted, battered and inflicted bodily injury on

24  Benjamin.

25       4.      Ortiz and other police officers of the City, defendants Does 1 to 100, arrived and

26  detained Miguel, and in the process of being detained, Miguel was assaulted and battered, and

27  his civil rights were violated.   At that point, defendants Alcantar, Ortiz and Does 1 to 100

28  arrested Benjamin and Miguel, handcuffed them both, and detained both of them in a City police

-2-

1   car. Plaintiffs were detained for approximately 30 minutes in the police car. Plaintiffs were then

2   released only after Alcantar and Ortiz extorted from plaintiffs a promise to give up their civil

3   right to redress in court for what the officers had done to plaintiffs.

4       5.    At all times herein mentioned, Tucker, Alcantar, Ortiz, and Does 1 to 100 were

5   acting within the course and scope of their employment with the City, and were acting under

6   color of law.

7       6.    Neither plaintiff had physically resisted or assaulted Alcantar, Ortiz, Does 1 to

8   100 or any other police officer, nor had committed any crime, and the force used against them

9   was unnecessary, unreasonable and excessive. Further, the actions of defendants Tucker,

10  Alcantar, Ortiz, and Does 1 to 100 violated plaintiffs' rights under the First, Fourth and

11  Fourteenth Amendments to the United States Constitution. Further these violations and torts

12  were committed as a result of policies and customs of the City and the Department that were

13  allowed, accepted and promoted by Tucker.

## JURISDICTION

15      7.    This action arises under Title 42 of the United States Code, Sections 1983 and

16  1988. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section

17  1331 and 1343. The unlawful acts and practices alleged occurred in the City of Oakland,

18  California, which is within this judicial district.

19      8.    Pursuant to 42 U.S.C. 1367(a) this court has supplemental jurisdiction over the

20  state claims brought in this action. The federal and state law claims arise from a common set of

21  operative facts and from the same set of transactions and occurrences.

## PARTIES

23      9.    Plaintiffs Benjamin and Miguel Ortega are and at all times herein mentioned were

24  residents of the City of Oakland, California.

25      10.   Defendant City of Oakland is a political subdivision of the State of California,

26  duly organized and existing under the laws of the State of California, and defendant Oakland

27  Police Department is an duly organized agency of the City. (These two defendants may also

28  hereinafter be referred to jointly as the "City".)

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

11.    At all times mentioned herein, defendant Tucker was the Chief of Police of the City, and was acting within the course and scope of his office.

12.    At all time mentioned herein, defendants Alcantar, Ortiz, and Does 1 to 100 were employed as police officers for the City.  Defendants Alcantar, Ortiz, and Does 1 to 100 are sued individually, and in their capacities as police officers for the City.  By engaging in the conduct described herein, defendants Alcantar, Ortiz, and Does 1 to 100 acted under color of law and in the course and scope of their employment for defendant City.  By engaging in the conduct described herein, Defendants Alcantar, Ortiz, and Does 1 to 100 exceeded the authority vested in them as police officers under the U.S. Constitution and as employees of the City.  At all time mentioned herein, defendants Does 101 to 200 were employed as supervisory personnel in the Department.  Defendants Does 101 to 200 are sued individually, and in their capacities as supervisory personnel for the Department.  By engaging in the conduct described herein, defendants Does 101 to 200 acted under color of law and in the course and scope of their employment for defendant City.  By engaging in the conduct described herein, Defendants Does 101 to 200 exceeded the authority vested in them as supervisory personnel of the Department under the U.S. Constitution and as employees of the City.

13.    Plaintiffs are ignorant of the true names and capacities of Defendants Does 1 to 200, inclusive, and therefore sue those defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiffs as set forth herein.  Plaintiffs will amend this complaint to state the true names and capacities of defendant Does 1 through 100, inclusive, when they have been ascertained.

14.    At all times herein mentioned each Doe defendant was the agent or employee of Defendants City and Tucker, and in doing the things alleged, were acting within the course and scope of such agency or employment, and with the actual or implied permission, consent, authorization, and approval of defendant City.

## STATEMENT OF FACTS

15.    On May 7, 2006, Benjamin was 15 years of age; his brother Miguel was 21 years

-4-

1  of age.  On that date both were returning to their cousin's home on 62nd Avenue in Oakland from

2  having watched a *cinco de mayo* parade organized and sanctioned by the City.  Benjamin was

3  carrying a Mexican flag, and was crossing International Blvd. toward where Miguel waited on

4  the corner with several relatives.  He was lawfully crossing the street on a green light.

5      16.    Officer Alcantar and Officer Ortiz, were driving a marked City police car.  They

6  stopped at the red light while Benjamin crossed in front of them.  While Benjamin was crossing

7  on the green light, Benjamin was accosted by Alcantar, who told him to "hurry up, or I'll put that

8  flag up your ass."  Miguel told Alcantar to leave Benjamin alone.  Plaintiffs then proceeded to

9  the private property of relatives at 1387 - 62nd Ave., Oakland, California.  Alcantar and Ortiz

10  followed plaintiffs to that location and, while standing outside of the fence, Alcantar and Ortiz

11  began to verbally taunt Benjamin who was standing in the yard.  Then, without probable cause to

12  believe that Benjamin or anyone else on the property was or had been involved in any crime,

13  Alcantar entered onto the private property where Benjamin was standing and physically attacked

14  Benjamin.  Alcantar placed Benjamin in a "pain" hold, forced Benjamin to the ground, and

15  demanded that Benjamin submit to him.  In so doing, Alcantar assaulted, battered and inflicted

16  bodily injury on Benjamin.

17      17.    Ortiz and other police officers of the City, Does 1 to 100, arrived and detained

18  Miguel, and in the process of being detained, Miguel was assaulted and battered, and his civil

19  rights were violated.  At that point, Alcantar, Ortiz, and Does 1 to 100 arrested Benjamin and

20  Miguel, handcuffed them both, and detained both of them in a City police car.  Plaintiffs were

21  detained for approximately 30 minutes in the police car.  Plaintiffs were then released only after

22  Alcantar and Ortiz extorted from plaintiffs a promise to give up their civil right to redress in

23  court.

24      18.    At all times herein mentioned, Tucker, Alcantar, Ortiz, and Does 1 to 100 were

25  acting within the course and scope of their employment with the City, and were acting under

26  color of law.

27      19.    Neither plaintiff had physically resisted or assaulted Alcantar, Ortiz or any other

28  police officer, nor had committed any crime, and the force used against them was unnecessary,

-5-

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

1   unreasonable and excessive.   Further, the actions of defendants Tucker, Alcantar, Ortiz, and

2   Does 1 to 100 violated plaintiffs' rights under the First, Fourth and Fourteenth Amendments to

3   the United States Constitution.   Further these violations and torts were committed as a result of

4   policies and customs of the City and the Department that were allowed, accepted and promoted

5   by Tucker.

6                                   **FIRST CAUSE OF ACTION**

7                                        (42 U.S.C. §1983)

8                   (Against Defendants City, Tucker, Alcantar, Ortiz, and Does 1 to 200)

9           20.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 19 of this

10  complaint.

11          21.     In doing the acts complained of, defendants acted under color of law to deprive

12  plaintiffs of certain constitutionally protected rights, including, but not limited to:

13          a.      The right to be free from the use of excessive force by police officers, which is

14  guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

15          b.      The right of freedom of expression, as protected by the First Amendment to the

16  United States Constitution;

17          c.      The right to privacy, as protected by the United States Constitution;

18          d.      The right to be free of unreasonable searches and seizures, as protected by the

19  Fourth Amendment to the United States Constitution.

20          22.     As a proximate result of defendants' conduct, plaintiffs suffered injuries and

21  damages as hereinafter set forth.

22          WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

23                                  **SECOND CAUSE OF ACTION**

24                                   (42 U.S.C. §1983 -- Monell)

25                  (Against Defendants City, Tucker, Alcantar, Ortiz, and Does 1 to 200)

26          23.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 22 of this

27  complaint.

28          24.     Defendants City, Tucker and Does 1 to 100, by and through their supervisory

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

1  officials and employees, Does 101 to 200, have been given notice on repeated occasions of a

2  pattern of ongoing constitutional violations and practices by defendants Alcantar, Ortiz, and

3  Does 1 to 100, and other City police officers, consisting of the use of unnecessary and excessive

4  force against citizens and false arrests of citizens.   Specifically, arresting citizens without

5  probable cause such as is the case of the plaintiffs, harassing citizens with verbal threat such as is

6  the case of the plaintiffs, and threatening citizens, such as is the case with the plaintiffs and as set

7  forth above.  Notwithstanding said notice, City, Tucker and Does 101 to 200 have demonstrated

8  deliberate indifference to this pattern and practice of constitutional violations by failing to take

9  necessary, appropriate, or adequate measures to prevent the continued perpetuation of said

10  pattern of conduct by Alcantar, Ortiz, Does 1 to 100 and other City police officers.  This lack of

11  adequate supervisorial response by City, Tucker and Does 101 to 200 demonstrates ratification

12  of the defendant police officers' unconstitutional acts, as well as the existence of an informal

13  custom or policy that tolerates and promotes the continued use of excessive force against and

14  violation of civil rights of citizens by City police officers.

15       25.     The acts of defendants Alcantar, Ortiz, and Does 1 to 100, as alleged herein, are

16  the direct and proximate result of the deliberate indifference and policy and/or practice of

17  Defendants City, Tucker, and Does 101 to 200, to violations of the constitutional rights of

18  citizens by defendant police officers, and other members of the City Police Department.

19  Defendants City, Tucker, and Does 101 to 200 have taken no action to stop the false arrests,

20  verbal harassment, and threatening conduct, as is the case with the plaintiffs, and as set forth

21  above.  Plaintiffs' injuries and damages were foreseeable and were the proximate result of the

22  deliberate indifference of the City, Tucker and Does 101 to 200 to the patterns, practices,

23  customs, and policies described above.

24       WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

25  **THIRD CAUSE OF ACTION**

26  (42 U.S.C. § 1981)

27  (Against Defendants City, Tucker, Alcantar, Ortiz, and Does 1 to 100)

28       26.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 25 of this

-7-

1  complaint.

2      27.    In committing the wrongful acts described herein defendants Alcantar, Ortiz, and

3  Does 1 to 100 engaged in the ethnically motivated misuse of government power.

4      28.    The above-described acts of defendants Alcantar, Ortiz, and Does 1 to 100 further

5  deprived plaintiffs of their rights protected by 42 U.S.C. §1981, to the full and equal benefit of

6  all laws and proceedings for the security of persons and property as is enjoyed by Caucasian

7  citizens, and to be subject to like restrictions, punishment, pains, penalties, and exactions of

8  every kind, and to no other.

9      29.    The conduct of defendants Alcantar, Ortiz, and Does 1 to 100 was committed

10 with the intent to deprive plaintiffs of the above-described rights.

11     30.    The wrongful conduct of defendants Alcantar, Ortiz, and Does 1 to 100

12 proximately resulted in plaintiffs suffering injuries and damages as herein set forth.

13     WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

14                          **FOURTH CAUSE OF ACTION**

15                          (California Civil Code §51.7)

16                  (Against Defendants Alcantar, Ortiz, and Does 1 to 100)

17     31.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 30 of this

18 complaint.

19     32.    Plaintiffs are informed and believe and thereon allege that the instant conduct was

20 based upon a past pattern and practice of similar conduct of defendants Alcantar, Ortiz, and Does

21 1 to 100 and that the conduct of Alcantar and Does 1 to 100, as described herein, was motivated

22 by ethnic prejudice against the plaintiffs.  By engaging in such conduct, those defendants

23 violated plaintiffs' rights under California Civil Code §51.7 to be free from violence or

24 intimidation by threat of violence committed against them because of their race, color, or

25 ancestry.

26     33.    Under the provisions of California Civil Code §52(b), those defendants are liable

27 for each and every offense for exemplary damages, for civil penalties of twenty-five thousand

28 dollars ($25,000.00) in addition thereto, and for the payment of plaintiff's attorney's fees.

-8-

34.    As a proximate result of those defendants' wrongful conduct, plaintiffs suffered damages as set forth herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

(Assault)

(Against Defendants Alcantar, Ortiz, and Does 1 to 100)

35.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 34 of this complaint.

36.    Defendants Alcantar, Ortiz, and Does 1 to 100 placed plaintiffs in immediate fear of severe bodily harm by physically seizing and battering them without any just provocation or cause.

37.    Plaintiffs did not consent to this offensive contact.  The conduct of those defendants was neither privileged nor justified under statute or common law.

38.    The conduct of those defendants proximately resulted in plaintiffs suffering damages as set forth herein.

WHEREFORE, plaintiffs pray for relief as set forth herein.

### SIXTH CAUSE OF ACTION

(Battery)

(Against Defendants Alcantar, Ortiz, and Does 1 to 100)

39.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 38 of this complaint.

40.    Defendants Alcantar, Ortiz, and Does 1 to 100 caused an unwanted and harmful touching of plaintiffs' persons, resulting in physical and emotional damages.

41.    Plaintiffs did not consent to this offensive contact.  The conduct of those defendants was neither privileged nor justified under statute or common law.

42.    The conduct of those defendants proximately resulted in plaintiffs suffering damages as set forth herein.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

-9-

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

1  /// 

2  /// 

3  ### SEVENTH CAUSE OF ACTION

4  (Intentional Infliction of Emotional Distress)

5  (Against Defendants Alcantar, Ortiz, and Does 1 to 100)

6  43.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 42 of this

7  complaint.

8  44.  The conduct of defendants Alcantar, Ortiz, and Does 1 to 100, as set forth herein,

9  was extreme and outrageous, willful, and was done with the intent to inflict and did cause severe

10  mental and emotional distress upon plaintiffs.

11  45.  As a result of said defendants' conduct, as aforesaid, plaintiffs are entitled to an

12  award of punitive damages.

13  WHEREFORE, Plaintiffs pray for relief as set forth herein.

14  ### EIGHTH CAUSE OF ACTION

15  (Negligence)

16  (Against Defendants Tucker, Alcantar, Ortiz, and Does 1 to 200)

17  46.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 45 of this

18  complaint, except for any and all allegations of intentional, malicious, extreme, outrageous,

19  wanton, and oppressive conduct by defendants Tucker, Alcantar, Ortiz, and Does 1 to 200, and

20  any and all allegations requesting punitive damages.

21  47.  At all times herein mentioned, defendants Tucker, Alcantar, Ortiz, and Does 1 to

22  200 were subject to a duty of care, to avoid causing unnecessary physical harm and emotional

23  distress to citizens in the exercise of their police function.  The conduct of those defendants as

24  set forth herein, did not comply with the standard of care to be exercised by reasonable police

25  officers nor did it comply with police department procedures, and proximately caused plaintiffs

26  to suffer damages as herein set forth, including physical harm and severe mental and emotional

27  distress.

28  WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

-10-

1    ///

2    ///

3                            **NINTH CAUSE OF ACTION**

4                      (42 U.S.C. §1983 Negligent Selection, Training,

5                   Retention, Supervision, Investigation, and Discipline)

6                      (Against City, Tucker and Does 101 to 200)

7         48.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 47 of this

8    complaint.

9         49.    Defendants City, Tucker, and Does 101 to 200 have, and at all times mentioned

10   herein had, a mandatory duty of care to properly and adequately select, train, retain, supervise,

11   investigate, and discipline defendants Alcantar and Does 1 to 100 herein so as to avoid

12   unreasonable risk of harm to citizens.

13        50.    Said defendants, by and through their supervisory officials and employees, have

14   been given notice on repeated occasions of a pattern of ongoing constitutional violations and

15   unlawful practices by defendants Alcantar, Ortiz, and Does 1 10 100, and other City police

16   officers, including the use of unnecessary and excessive force against citizens.

17        51.    Notwithstanding this notice, defendants City, Tucker and Does 101 to 200 have

18   demonstrated deliberate indifference to this pattern and practice of constitutional violations by

19   failing to take necessary, appropriate, or adequate measures to prevent the continued

20   perpetuation of this pattern of conduct by City police officers and defendants Alcantar, Ortiz,

21   and Does 1 to 100.

22        52.    Said defendants breached their duty of care to citizens in that they have failed to

23   adequately train Defendants Alcantar, Ortiz, and Does 1 to 100, and other City police officers, in

24   the proper use of force in the course of their employment as peace officers. This lack of an

25   adequate supervisorial response by defendants City, Tucker, and Does 101 to 200, and lack of

26   adequate supervisorial training, demonstrates the existence of an informal custom or policy

27   which tolerates and promotes the continuing use of excessive force against citizens, and violation

28   of the civil rights of citizens by City police officers Alcantar, Ortiz, and Does 1 to 100.

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

53.    The wrongful conduct of these defendants proximately resulted in plaintiffs suffering damages as set forth herein.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### TENTH CAUSE OF ACTION

(California Civil Code §52.1)

(Against Defendants Alcantar, Ortiz, and Does 1 to 100)

54.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 53 of this complaint.

55.    The conduct of defendants Alcantar, Ortiz, and Does 1 to 100, as described herein violated California Civil Code §52.1 in that Alcantar, Ortiz, and Does 1 to 100 interfered with plaintiffs' exercise and enjoyment of their civil rights, as enumerated above, through use of wrongful force.

56.    As a direct and proximate result of said defendants' violation of Civil Code §52.1, plaintiffs suffered violations of their constitutional rights, and suffered damages as set forth herein.

57.    Since the conduct of defendants Alcantar, Ortiz, and Does 1 to 100 occurred in the course and scope of their employment, defendants City, Tucker, and Does 101 to 200 are therefore liable to plaintiffs pursuant to *respondeat superior*.

58.    Plaintiffs are entitled to injunctive relief and to an award of reasonable attorney's fees pursuant to Civil Code §52.1(h).

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### CLAIM REQUIREMENT

59.    For State causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

### JURY DEMAND

60.    Plaintiffs hereby demand a jury trial in this action.

### PRAYER

-12-

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

WHEREFORE, Plaintiffs pray for relief as follows:

1.    General damages according to proof at trial;

2.    Special damages according to proof at trial;

3.    Punitive damages against individual defendants Alcantar and Does 1 to 100 according to proof at trial;

4.    Exemplary damages and a civil penalty of $25,000.00 for each violation against plaintiffs of Civil Code §52.1(b), and reasonable attorney's fees, pursuant to Civil Code §52.1(h);

5.    Reasonable attorney fees pursuant to 42 U.S.C. §1988;

6.    Costs of suit incurred herein;

7.    Such other and further relief as the Court may deem just and proper.

Dated: November 27, 2007                    LAW OFFICES OF STEVEN R. JACOBSEN


By____//ss// STEVEN R. JACOBSEN_____
Attorney for Plaintiffs

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS