1 | JOHN A. RUSSO, City Attorney, SBN #129729
RANDOLPH W. HALL, Assistant City Atty., SBN #080142
2 | JAMES F. HODGKINS, Supervising Trial Atty., SBN #142561
KANDIS A. WESTMORE, Deputy City Atty., SBN 194594
3 | One Frank H. Ogawa Plaza, 6th Floor
Oakland, California  94612
4 | Telephone:  (510) 238-3589, Fax:  (510) 238-6500
25581/457202
5 |
Attorneys for Defendants,
6 | CITY OF OAKLAND, OAKLAND
POLICE DEPARTMENT, CHIEF WAYNE
7 | TUCKER, SGT. BERNARD ORTIZ

8

9 | **UNITED STATED DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA**

11

12 | MIGUEL ORTEGA, BENJAMIN ORTEGA,    Case No.  C-07-02659 (JCS)

13 |        Plaintiffs,    **NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS**

14 |        v.

15 | CITY OF OAKLAND, OAKLAND POLICE
DEPARTMENT, WAYNE TUCKER, In His    **FRCP 11, 28 U.S.C. §1927**
16 | Capacity as the Police Chief of the City of
Oakland, RAMON J. ALCANTAR, Individually
17 | and in his capacity as a Police Officer for the    Date:     August 8, 2008
City of Oakland, B. ORTIZ, Individually and in    Time:     9:30 a.m.
18 | his capacity as a Police Officer for the City of    Dept.:    Courtroom A, 15th Floor
Oakland, DOES 1 THROUGH 200,    The Honorable Joseph C. Spero
19 |
20 |        Defendants.

21 | TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

22 |      **PLEASE TAKE NOTICE** that on **August 8, 2008, at 9:30 a.m.** or as soon as the matter

23 | may be heard in Courtroom A of the above captioned Court, located at 450 Golden Gate Avenue,

24 | 15th floor, in San Francisco, California, Defendants CITY OF OAKLAND, et al. will and hereby

25 | does move the Court for an order imposing sanctions against Plaintiffs' attorneys pursuant to FRCP

26 | 11, 28 U.S.C. §1927 and the court's inherent power.

-1-

1    This motion is made on the grounds that Plaintiffs' attorneys have unreasonably and

2    vexatiously multiplied these proceedings by adding a new cause of action to their amended

3    complaint without leave of this court, agreeing that the addition was improper and that they would

4    voluntarily dismiss it and then six months later reneged on the agreement causing defendants to

5    have to file an otherwise unnecessary motion to strike. And the case has been unnecessarily delayed

6    as a result of Plaintiffs' counsels' unconscionable actions.

7    This motion is based on this Notice, the accompanying memorandum of points and

8    authorities, request for judicial notice, the court files of this case, and any evidence or argument the

9    Court may entertain at the hearing of this matter.

10                **MEMORANDUM OF POINTS AND AUTHORITIES**

11                         **I.  INTRODUCTION**

12    Defendants City of Oakland, Wayne Tucker, and Bernard Ortiz ("Defendants") hereby

13    submit the following Memorandum of Points and Authorities in Support of their Motion for

14    Sanctions against Plaintiffs' attorneys pursuant to FRCP 11, 28 U.S.C §1927 and the court's

15    inherent power.

16

17                  **II.  STATEMENT OF FACTS[1]**

18    On September 7, 2007, Plaintiffs filed a First Amended Complaint for damages against

19    defendants alleging causes of action pursuant to 42 U.S.C. §1983 for various civil rights violations

20    and state law causes of action. (See Defendants' Request for Judicial Notice in Support of Motion

21    to Strike ("RJN"), Exhibit A.)

22    On September 19, 2007, Defendants' filed an Answer to the First Amended Complaint.

23    (Docket No. 19.) On November 16, 2007, the initial case management conference in the case was

24    held before the Honorable Judge Spero. (See Docket No. 31.) In his Minute Order, Judge Spero

25

26    _____

    [1]   These facts are essentially the same as those in Defendants' Motion to strike because motions
    for sanctions must be filed separately. FRCP 11.

ordered Plaintiffs to file and serve their first amended complaint[2] to add only Officer B. Ortiz as a Defendant in this action. (RJN, Exhibit B.) Accordingly, Plaintiffs filed a Second Amended Complaint on November 27, 2007. (Docket Entry No. 33; RJN, Exhibit C.) The Second Amended Complaint was served on defendants on December 27, 2007.

As directed, Plaintiffs added Officer Ortiz as a defendant in the Second Amended Complaint. (RJN, Exhibit C.) In addition, however, Plaintiffs added an entirely new cause of action under 42 U.S.C. §1983 for Negligent Selection, Training, Retention, Supervision, Investigation and Discipline against the City and Tucker.[3] (*Id.* at p. 11.) Now, there are ten causes of action instead of the original nine.

Plaintiffs never sought or obtained leave of this court to add a new cause of action. Their instructions were to amend the complaint to add only Officer Ortiz. This newly added cause of action is not even alleged against Officer Ortiz.

On January 9, 2008, Deputy City Attorney Charles Vose sent Ms. Catherine Douat, Esq., then counsel of record for Plaintiffs in this action, an e-mail addressing an issue that a cause of action was improperly added to the Second Amended Complaint. (Declaration of Charles Vose in Support of Defendants' Motion to Strike ("Vose Decl.") at 2:1-3.) Mr. Vose asked Ms. Douat if she would voluntarily dismiss the improper cause of action informing her that otherwise he would be forced to file a Motion to Strike. Ms. Douat responded and volunteered that she would file a Third Amended Complaint deleting the improperly added cause of action if we would stipulate. (Vose Decl. at 2:3-7.)

Mr. Vose agreed to the stipulation, and Ms. Douat responded on January 9 that she would

---

[2]   Defendants believe this reference to a "first amended complaint" in the minute order and in the corresponding docket entry no. 31 is clerk's typo because the first amended complaint had already been filed and answered. What was to be filed by plaintiffs was their Second Amended Complaint which is the subject of this motion to strike.

[3]   It should be noted that this cause of action does not allege violations of any federal constitutional rights. It is simply brought under §1983 which is not an independent source of relief. Rather, it is a vehicle for bringing federal constitutional claims against state actors.

file a Third Amended complaint that would be the same as the First Amended complaint (except that it would add Sgt. Ortiz as a defendant). (*Id.* at 2:7-10.) In a string of e-mails between Mr. Vose and Ms. Douat it was agreed that defendants would not have to file an answer to the Second Amended Complaint and instead would file an answer to the Third Amended Complaint. (*Id.* at 2:10-12.)

Mr. Vose heard nothing more from Ms. Douat on the matter, and no Third Amended Complaint was ever filed. Then, on April 29, 2008, Mr. Vose sent a letter to Mr. Steven R. Jacobsen, Esq., also counsel of record for Plaintiffs in this matter, addressing a number of issues including the issue regarding the improperly added cause of action. (Id. at 2:13-16.) In response, Ms. Douat then agreed to file a "corrected copy of the Second Amended Complaint", acknowledging the wrong version of the Second Amended Complaint was filed with the Court. (*Id.* at 2:17-20.)

Again Mr. Vose heard nothing further from either Mr. Jacobsen or Ms. Douat. On June 13, 2008, he called and left a message with Mr. Jacobsen to discuss the matter. On June 20, 2008, he called Mr. Jacobsen again and finally spoke with him regarding the matter. During that conversation, Mr. Vose was informed that Ms. Douat was no longer associated with his office. Mr. Vose and Mr. Jacobsen discussed the matter and Mr. Jacobsen indicated he would need an opportunity to review the file. (*Id.* at 2:21-26.) Mr. Vose e-mailed Mr. Jacobsen the April 29, 2008 letter and some of the above mentioned e-mail correspondence between him and Ms. Douat. (*Id.* at 2:26-3:2.)

On June 24, 2008, Mr. Vose again called Mr. Jacobsen to discuss the matter. Mr. Jacobsen acknowledged he had never seen the April 29, 2008 letter and agreed to dismiss the Ninth Cause of Action in the Second Amended Complaint. He stated he would do so that week. Mr. Vose agreed that he would then immediately file an answer for all defendants that he represented. (*Id.* at 3:3-7.)

On June 25, 2008, Mr. Vose received a letter from Ms. Brenda Posada, newly associated with Mr. Jacobsen's office. In her letter she refused to dismiss the Ninth Cause of Action in the

Second Amended Complaint.  On June 26, 2008, Ms. Posada and Mr. Vose discussed the issue further.  Mr. Vose reiterated that the Ninth Cause of Action was added improperly and repeated his request that her office dismiss that cause of action.  She agreed to look at the file and said she would get back to him. (*Id*. at 3:8-13.)

On June 27, 2008, Mr. Vose received a letter from Ms. Posada, again refusing to dismiss the Ninth Cause of Action. Now Defendants are filing an Answer to all but the Ninth Cause of Action in the Second Amended Complaint. Defendants intent to separately seek sanctions against Plaintiffs' attorneys for the maintaining the improperly added cause of action and bad faith conduct that served only to unreasonably multiply these proceedings. Discovery closed in this case on July 1, 2008.

Mr. Vose has spent a total of two hours assisting in the preparation of the Motion to Strike, including assembling the exhibits to his declaration, preparing his declaration, and discussing and strategizing with Deputy City Attorney Kandis Westmore on the preparation of the Motion to Strike. (Vose Decl. at par. 8.) Ms. Westmore has spent a total of 10 hours preparing the Motion to Strike, including assembling exhibits for the request for judicial notice in support of the motion, doing legal research for the motion, drafting the notice of motion and memorandum of points and authorities in support of the motion and request for judicial notice in support of the motion, and discussing and strategizing with Deputy City Attorney Charles Vose on the preparation of the Motion to Strike. (Declaration of Kandis Westmore in Support of Defendants' Motion for Sanctions.)

### III.     LEGAL DISCUSSION

**A.     <u>Plaintiffs' attorneys should be sanctioned for knowingly maintaining an improperly added cause of action without leave of court after it was brought to their attention by Defendants.</u>**

By presenting to the court a pleading, whether by signing, filing, submitting, or later advocating it, and attorney certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for an

1   improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of

2   litigation (FRCP 11(b)(1)); and the claims, are warranted by existing law. FRCP 11(b)(2).

3       Back in January of this year, Defense counsel brought the improperly added ninth cause of

4   action to Plaintiffs' counsel's attention. FRCP 15 makes it quite clear that leave of court was

5   required to add the new cause of action. Plaintiffs' counsel acknowledged the impropriety of the

6   newly added claim and agreed that Defendants need not file an answer and that Plaintiffs would

7   correct the problem voluntarily. This agreement was repeatedly delayed by Plaintiffs' attorneys by

8   their failure to act on their promise to dismiss the improperly added cause of action. They

9   repeatedly assured Defense counsel that they would get rid of the cause of action each time he

10  contacted them. There was no question that the addition of the new claim without leave of court

11  was improper.

12      Then after six months of making such representations to Defense counsel, Plaintiffs'

13  attorneys have now reneged on their agreement and imply that our response to the second amended

14  complaint whether via Answer or motion would be untimely such that a stipulation to file such a

15  response would be required. (Vose Decl. at Exhibit G.) Despite their knowledge of the repeated

16  assurances that they would correct their error and not require Defendants to respond to the defective

17  amended complaint, they now renege and state that it was ultimately Defendants' responsibility to

18  file a motion to strike before the deadline expired. *Id.* So essentially, Plaintiffs' attorneys admit to

19  having strung Defendants along, lulling them into not filing a response to the second amended

20  complaint so that they could later renege and use the passing of the deadline to respond against

21  defendants. Such behavior is not simply bad faith. It is unconscionable and warrants sanctions to

22  deter such tactics by Plaintiffs' counsel in the future.

23      Plaintiffs' attorneys have acknowledged that they improperly added the ninth cause of

24  action to their amended complaint in violation of FRCP 15 and are nonetheless taking the position

25  that they now have every right to maintain it without leave of this court. Therefore, sanctions

26  pursuant to FRCP 11 are warranted.

**B.** **Plaintiffs' attorneys should be sanctioned for unreasonably and vexatiously multiplying the proceedings in this case.**

The court may require an attorney who multiplies the proceedings unreasonably and vexatiously to pay the excess costs, expenses, and attorneys fees incurred because of the conduct. 28 U.S.C. §1927; *Trulis v. Barton*, 107 F.3d 685, 691-92 (9th Cir. 1995). The intentional advancement of a baseless contention made for an ulterior purpose, such as harassment or delay, is indicative of bad faith. *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986). Only the attorney and not the client may be sanctioned. *Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997).

Plaintiffs' attorneys' bad faith and unconscionable behavior described above has delayed this case for six months and has caused Defendants to file a motion to strike a new cause of action that plaintiffs have known all along and conceded was improperly added. This bad faith behavior has lulled Defendants into believing that they would not need to prepare a defense to the ninth cause of action over these past six months because plaintiffs intended to dismiss it. Knowing this, Plaintiffs' attorneys waited until three working days before the close of discovery to inform Defense counsel that they are now unwilling to dismiss the ninth cause of action despite their previous agreement to do so. Their veiled threat to object to any response Defendants will now obviously have to make to the Second Amended Complaint as untimely absent a stipulation from them further demonstrates the vexatious nature of their actions. All of their actions and this current untenable position are designed to allow them to get away with violated the federal rules of civil procedure and prevent Defendants from having an opportunity to build a defense to an improperly added cause of action that they never intended to dismiss in the first place.

This is not a situation involving taking a position that lacks merit or a misunderstanding or even bad judgment. This situation involves willful bad faith on the part of plaintiffs attorneys justifying the imposition of sanctions pursuant to 28 U.S.C. §1927.

MOTION FOR SANCTIONS (FRCP 11)                                        C07-02659 (JCS)

**C.**   **Plaintiffs' should alternatively be sanctioned under the court's inherent power to sanction "bad faith" conduct.**

Under its inherent power, the court may sanction a person for conduct in "bad faith," for "willful disobedience" of a court order, or for "fraud on the court." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001); *see also Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001) (use of inherent power appropriate when conduct is not effectively sanctionable under an existing rule or statute). And a finding of bad faith is not required in every case. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 n.11 (3d Cir. 1994).

For the reasons set forth in the above, if the court determines that sanctions cannot be imposed for Plaintiffs' attorneys' bad faith conduct under FRCP 11 or 28 U.S.C. §1927, Defendants respectfully request that the court impose sanctions against them under the court's inherent power to do so.

## IV.  CONCLUSION

For the reasons set forth above, the court should issue an order imposing monetary sanctions against Plaintiffs' attorneys pursuant to FRCP 11, 28 U.S.C. §1927 and/or the court's inherent power to sanction bad faith conduct.

Dated:   July 1, 2008

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Assistant City Attorney
JAMES F. HODGKINS, Supervising Trial Attorney
CHARLES E. VOSE, Senior Deputy City Attorney
KANDIS A. WESTMORE, Deputy City Attorney

By:   _____/S/ KANDIS A. WESTMORE_____
Attorneys for Defendants,
CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT,
WAYNE TUCKER, and BERNARD ORTIZ