**STEVEN R. JACOBSEN**, BAR NO. 95246
srj@theaccidentallawyer.com
**BRENDA D. POSADA**, BAR NO. 152480
bdp@theaccidentallawyer.com
LAW OFFICES OF STEVEN R. JACOBSEN
901 CLAY STREET
OAKLAND, CALIFORNIA 94607
(510) 465-1500
ATTORNEYS FOR PLAINTIFFS
MIGUEL ORTEGA AND BENJAMIN ORTEGA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ORTEGA and BENJAMIN ORTEGA,<br><br>Plaintiffs<br><br>vs.<br><br>CITY OF OAKLAND, et al.,<br><br>Defendants. | Case No.: C 07-02659 JCS (ADR)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE SECOND AMENDED COMPLAINT NINTH CAUSE OF ACTION AND DEFENDANTS' MOTION FOR SANCTIONS**<br><br>FRCP 12(f); Rule 11<br><br>Date: September 19, 2008<br>Time: 9:30 a.m.<br>Dept: Courtroom A, 15th Floor<br>The Honorable Joseph C. Spero<br>Trial Date: December 1, 2008 |

## I.
## INTRODUCTION

This personal injury action arises out of an incident involving the Oakland Police Department. A minor boy was beaten by police acting under color of law. Plaintiffs filed their initial complaint on May 18, 2007. The initial complaint was served on all defendants in on June 27, 2007. Thereafter, the First Amended Complaint was filed on September 7, 2007 and the Second Amended Complaint was filed a couple of months thereafter on November 27, 2007. Defendants were again served on December 27, 2007 with the Second Amended Complaint. Defendants bring their motion

-1-

to strike almost 7 months after service of the challenged pleading. The expert disclosure deadline elapsed July 1, 2008 and Defendants chose not to disclose any experts in this case. Plaintiffs have timely served their expert disclosure. Defendants' motion to strike is not only without merit but untimely and should not be considered by this Court. Defendants also bring a motion for sanctions based on plaintiffs' inclusion of the Ninth Cause of Action in the Second Amended Complaint but sanctions are not warranted.

## II.
## ARGUMENT

### A.  Defendant's Motion to Strike is untimely.

### 1.  The motion is filed after 20 days the challenged pleading was filed.

According to FRCP 12 (f), a motion to strike must be filed **before** responding to the challenged pleading or, if no responsive pleading thereto is permitted, within 20 days after service of the challenged pleading. Defendants were served with Plaintiffs' Second Amended Complaint on December 27, 2007, seven months ago.

According to *United States v. 729.773 Acres of Land* (D HI 1982) 531 F.Supp. 967, 970, absent a stipulation extending time, most courts hold that a motion to strike all or part of a complaint must be filed within the time required for serving a responsive pleading—usually 20 days. Also see FRCP 12(f). Defendants are filing their motion to strike, almost seven months after service. Defendants were required to have filed their motion to strike by January 18, 2008. "A motion to strike filed after the 20-day period is usually considered untimely." See Rutter Group, California Practice Guide: Federal Civil Procedure Before Trial, Chapters 8-11, at 9:396.

While Defendants may argue there was some sort of understanding or agreement between the parties, case law first requires there be a court approved filed stipulation signed by the parties. In this case, the parties never executed a stipulation. Any "representations" would not in and of themselves extend defendants deadline to bring its motion. And said "representations" are not

-2-

legally binding on plaintiffs or their counsel.

### 2. The motion is filed after Defendants filed their responsive pleading.

A motion to strike must also be filed before responding to the challenged pleading. See Rutter Group, California Practice Guide: Federal Civil Procedure Before Trial, Chapters 8-11, at 9:395. Defendants filed their Answer to the challenged pleading, or Second Amended Complaint, before filing their motion to strike, in violation of FRCP 12 (f).  See Doc #60. Thereafter, defendants filed their Motion to Strike. See Doc #61. The rule specifically requires that defendant bring its motion before the responsive pleading.  Based on these reasons, defendants' motion is untimely according to FRCP 12 (f) and should be disregarded.

### 3. Defendant has not set forth any facts that support a showing of prejudice.

Although defendants argue "severe prejudice", they fail to set forth its basis for such an argument or explain how not striking the Ninth Cause of Action would prejudice defendants. Instead, defendants focus their prejudice argument on plaintiffs' attorneys' representations regarding their intended dismissal of the Ninth Cause of Action and how, because they relied on that representation, they missed the deadline and were forced to file an untimely motion.  While a showing of prejudice may not be technically required, the court only excuses no actual showing of prejudice if a defendant demonstrates that striking the pleading or portions thereof would make the trial less complicated or otherwise streamline the ultimate resolution of the action. See *Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F2d 1524, 534-535.  Defendant has no so demonstrated.

Moreover, the showing of prejudice must relate to the challenged pleading, i.e. the defendants will suffer prejudice if the language, phrases or words are not stricken from the challenged pleading. The argument regarding "detrimental reliance on misrepresentation by plaintiffs" bears no relation to any prejudice defendants would bear if this court allows the Ninth Cause of Action to stand.  Instead the argument goes to the reason defendants submitted an

untimely motion. Their motion is late and therefore should not be considered on its merits.

Furthermore, extrinsic evidence is inappropriate in a motion to strike. In support of their argument that "misrepresentations" were made, defendant submits several pages of correspondence and electronic correspondence. Motion to strike challenges lie only if the defects appear on the face of the complaint or if the matters are judicially noticeable. See Rutter Group, California Practice Guide: Federal Civil Procedure Before Trial, Chapters 8-11, at 9:404. Defendants' proffered evidence submitted in support of their motion is extrinsic evidence and improper evidentiary support for a motion to strike, and it should be stricken as it is inadmissible and should not be considered.

Even if defendants had made an attempt to show prejudice related to the challenged pleading, said showing of prejudice is not supported by the pleadings. The Second Amended Complaint was served on all defendants on December 27, 2007, and defendant nevertheless waited until July of 2008 to seek the court's intervention and seek relief. And defendants only move to strike after the discovery and expert disclosure deadlines elapsed. Nor can defendants argue that they can not now disclose an expert on the issues raised as a result of the Ninth Cause of Action, because in this case, defendants have chosen not to disclose ANY experts, regardless of the several causes of action set forth in Plaintiffs' complaints.[1] Defendants failed to timely disclose any experts in this case and an argument that they now have been prejudiced because they cannot now disclose an expert to defend against the Ninth Cause of Action would be disingenuous.

**4. Plaintiffs on the other hand would be prejudiced if defendants' motion were granted.**

Plaintiffs would be greatly prejudiced by their inability to pursue their Ninth Cause of Action regarding Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline. Plaintiffs

---

[1.] Defendants did not serve an expert disclosure and the deadline elapsed on July 1, 2008.

-4-

retained police procedures expert, Roger Clark, has provided opinions in his expert report served July 1, 2008 on defendants on the issue. The cause of action is a pertinent and material part of the prima facie case against the various defendants. Eliminating said cause of action would severely handicap plaintiffs' case against the defendants and would detrimentally affect the outcome of the trial.  Moreover, plaintiffs have already expended funds for the expert to provide opinions on this issue.

**B. Defendants' motion to strike is not warranted as a matter of law.**

**1. Defendants' motion improperly seeks to dismiss a claim in its entirety.**

Even if this court is inclined to disagree with plaintiffs and determines that defendants' motion is timely, the motion should still be denied on its merits. Generally, motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and policy favoring resolution on the merits. See, e.g., *Stanbury Law Firm v. I.R.S. (*8th Cir. 2000) 221 F3d 1059, 1063. When ruling upon a motion to strike, the court must view the pleading under attack in the light more favorable to the pleader. Se *Lazar v. TransUnion LLC* (CD CA 2000) 195 FRD 665, 669. The grounds for a motion to strike must appear on the face of the pleading under attack.  *Dah Chong Hong, Ltd. V. Silk Greenhouse, Inc.* (MD Fl 1989) 719 F.Supp 1072, 1073. A motion to strike will be granted where plaintiff has made an improper demand or prayer for relief as a matter of law. See, e.g., *Bureerong v. Uvawas*, (C.D. Cal. 1996) 922 F. Supp. 1450, 1479 n.34.

A motion to strike may be granted where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." See *LeDuc v. Kentucky Central Life Ins. Co. (ND CA 1992)* 814 F.Supp 820, 830. However, defendants have not indicated in their moving papers any ground for striking the Ninth Cause of Action regarding Negligent Selection. Defendants have not shown nor can they argue that said cause of action is irrelevant to the litigation. Neither have defendants shown nor can they argue that the Ninth Cause of Action is an improper demand or prayer for relief, or that it is immaterial, impertinent, redundant, or scandalous, as

required by FRCP 12(f).  In fact, Plaintiffs' Ninth Cause of Action is wholly relevant to the personal injury action being alleged against the defendants, particularly Chief Wayne Tucker and the City. Plaintiffs' police procedures disclosed expert, Roger Clark, details in his opinion the basis for the Ninth Cause of Action; this report has already been produced and provided to defendants. On the merits, defendants are not entitled to a deletion of this cause of action.

It is important to note that defendants are not only seeking deletion of phrases and/or words in a complaint but seek plaintiffs to delete an entire cause of action.  Rule 12 (f) is designed for excision of material from pleadings, **not for dismissal of claims in their entirety**.  (See Rutter Group, California Practice Guide: Federal Civil Procedure Before Trial, Chapters 8-11, 9:371 citing *Day v. Moscow,* (2nd Cir. 1992) 955 F.2d 807, 811)

Defendants had notice of the allegations against Chief Tucker and the basis for the lawsuit against him. Specifically, the initial complaint was served on defendants City of Oakland, Oakland Police Department, Officer Alcantar and Chief Wayne Tucker on June 27, 2007 and the certificate of service was filed with this court on July 13, 2008. (See Doc#9-12) The challenged pleading was served in December of 2007 and both complaints provide the same para. 49 setting forth the allegation regarding negligent selection and is as follows:

> 49.     Defendants City, Tucker, and Does 101 to 200 have, and at all times mentioned herein had, a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline defendants Alcantar and Does 1 to 100 herein so as to avoid unreasonable risk of harm to citizens. (See p.11 of Exhibit C attached to Defendants' moving papers; Doc # 62-4)

Defendants cannot now claim that they were unaware of the Ninth Cause of Action.  It is not a situation where Plaintiffs are only at the eleventh hour adding another cause of action; the challenged pleading was filed in November of 2007 and served one month later.  The reason the Ninth Cause of Action disappears in the First Amended Complaint although due to some inadvertent mistake, is a mistake without prejudice to any party since that cause of action was already

-6-

included in the initial complaint filed several months earlier. The Court never issued an order striking plaintiffs' Ninth Cause of Action. Plaintiffs' failure to include it in the First Amended Complaint was simply an oversight which was corrected when they were required to file the Second Amended Complaint. Thus, defendants' argument that plaintiffs are attempting to sneak another cause of action into their complaint is inaccurate.

### C. Defendants' separate motion for sanctions is not warranted.

Defendants bring a separate motion for sanctions against plaintiffs' counsel for alleged willful misrepresentations. In addition they submit a declaration that jointly supports said motion and this motion to strike. For purposes of efficiency, plaintiffs file their opposition to the motion for sanctions herein as it involves much of the same argument. While it is regretful that communications were exchanged between defense counsel and plaintiffs' former counsel of record, Catherine Douat, there is no evidence presented whatsoever that at the time Ms. Douat informed defense counsel she intended to mislead defendants into thinking she would dismiss the Ninth Cause of Action. Defendants are merely speculating that she made those representations in bad-faith. The inclusion of the Ninth Cause of Action was likewise not made in bad-faith and was only added after Ms. Douat had inadvertently excluded it from the First Amended Complaint. See ¶2 of the Declaration of Brenda D. Posada, hereinafter "Posada Decl.". At no time prior, had the court instructed plaintiffs' counsel to delete it. See ¶2 of Posada Decl. Perhaps defendants were hoping to benefit from this inadvertent mistake.

Moreover, plaintiffs counsel, Brenda D. Posada, was willing to cooperate with defense counsel and agree to extensions and would have agreed to an extension of the fact discovery cutoff had defendant requested same. And although these attempts were made by Ms. Posada as evidenced by Exhibit G to the Vose Declaration, Defendants simply failed to respond to said correspondence and filed their motion for sanctions and their motion to strike. (See Doc#64-8) See ¶3 Posada Decl.

Defendants argue that sanctions are warranted because contrary to the court's order the inclusion of Ninth Cause of Action is strictly prohibited. But the Order attached as Defendants' Exhibit B to their Request for Judicial Notice speaks for itself. Specifically, it provides, "By 11/28/7, Plaintiff shall file and serve his first amended complaint to add only Officer B. Ortiz as a Defendant in this action…" (See Doc# 62-3) Plaintiffs interpret this to mean that Officer Ortiz is the ONLY defendant that could be added. If the Ninth Cause of Action never existed prior to the Second Amended Complaint, then it would be improper, without first requesting leave of court, to add it after the First Amended Complaint had already been filed. See ¶4 of Posada Decl.

However, that cause of action had already been included in the initial complaint, and the defendants knew it and had notice of it. The initial complaint was served on June 7, 2007 and a few weeks later, June 27, 2007, Defendants filed their 12(b)(6) motion regarding Plaintiffs' Second and Tenth Causes of Action. Defendants did not bring a 12(b)(6) motion against the Ninth Cause of Action. (See Doc#5) It should have been clear that the later omission of the Ninth Cause of Action was simply an oversight. Of course, defendants' most likely hoped to benefit from the oversight but ultimately that would not have been in the interests of justice. See ¶5 of Posada Decl.

Plaintiffs' counsel or firm never intended to disobey nor did they disobey any court order and in fact the court order does not indicate not to include any other cause of action. See ¶6 of Posada Decl. Plaintiffs' counsel never intended to harass or cause unnecessary delay or needlessly increase the cost of litigation. Plaintiffs simply acted in the best interest of their client to correct the omission previously made. This cause of action, had the omission not occurred, would still be in the complaint. The claim is warranted by existing law and in fact defendants never moved to dismiss the Ninth Cause of Action which demonstrates they too feel the cause of action is warranted by law. See ¶6 of Posada Decl.

Since the imposition of sanctions is pecuniary in nature, evidence of willful misconduct

should be shown before granting same.  Defendants have not demonstrated any evidence of any willful misconduct on the part of plaintiffs' counsel. It would not serve the interests of justice to sanction plaintiffs' counsel particularly since defendants themselves waited over seven months to file their motion to strike.

### III.
### CONCLUSION

For the above reasons, the defendants' motion to strike should be denied because it is untimely and even if the court deems it timely, it should be denied since defendants have failed to show proper grounds to warrant granting said motion. In addition, plaintiffs have not violated any order, nor acted in bad-faith nor intended to act in a manner warranting sanctions. For these reasons, the motion for sanctions should also be denied.

DATED: July 17, 2008                                    Respectfully submitted,


By:_____//s//_____
     Brenda D. Posada
     Attorney for Plaintiffs