**STEVEN R. JACOBSEN,** BAR NO. 95246
srj@theaccidentallawyer.com
**BRENDA D. POSADA,** BAR NO. 152480
bdp@theaccidentallawyer.com
**LAW OFFICES OF STEVEN R. JACOBSEN**
**901 CLAY STREET**
**OAKLAND, CALIFORNIA 94607**
**(510) 465-1500**
**ATTORNEYS FOR PLAINTIFFS**
**MIGUEL ORTEGA AND BENJAMIN ORTEGA**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ORTEGA and BENJAMIN ORTEGA,<br><br>Plaintiffs<br><br>vs.<br><br>CITY OF OAKLAND, et al.,<br><br>Defendants. | Case No.: C 07-02659 JCS (ADR)<br><br>**DECLARATION OF BRENDA D. POSADA IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND DEFENDANTS' MOTION FOR SANCTIONS**<br><br>FRCP 12(f); RULE 11<br><br>Date: September 19, 2008<br>Time: 9:30 a.m.<br>Dept: Courtroom A, 15th Floor<br>The Honorable Joseph C. Spero<br>Trial Date: December 1, 2008 |

I, Brenda D. Posada, declare:

1. I am an attorney admitted to practice law before all the courts of California and this court, and am an associate of the law firm, Law Offices of Steven R. Jacobsen, attorneys of record for the plaintiffs herein. I have personal knowledge of the facts set forth in this declaration, and the documents attached to this affidavit and, if called to testify, could testify thereto.

2. I have been informed and believe, that the inclusion of the Ninth Cause of Action was not made in bad-faith and was only added after Ms. Douat, former associate for the Law Offices of Steven R. Jacobsen and former counsel of record, inadvertently excluded it from the First Amended Complaint. At no time prior, had the court instructed plaintiffs' counsel to delete it.

-1-
DECLARATION OF BRENDA D. POSADA IN SUPPORT OF OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE AND DEFENDANTS' MOTION FOR SANCTIONS

3. Moreover, I was always willing to cooperate with defense counsel and agree to any extensions and had they expressed an interest in an extension of the fact discovery cutoff, I would have likewise provided the same. Although I made a good-faith attempt to meet and confer with defendants in this regard, my June 26, 2008 letter was ignored. See my letter, attached as Exhibit G to the Vose Declaration. Defendants simply filed their motion for sanctions and their motion to strike. (See Doc#64-8.)

4. Defendants argue that sanctions are warranted because, contrary to the court's order, the inclusion of Ninth Cause of Action is strictly prohibited. But the Order attached as defendants' Exhibit B to their Request for Judicial Notice speaks for itself. Specifically, that Order provides:

> By 11/28/07, Plaintiff shall file and serve his first amended complaint to add only Officer B. Ortiz as a Defendant in this action.

(See Doc# 62-3) I am informed and believe that plaintiffs' counsel in good-faith interpreted this to mean that Officer Ortiz was the ONLY defendant that could be added. But the order is silent with respect to causes of action. If the Ninth Cause of Action never existed prior to the Second Amended Complaint, it would have been improper, without first requesting leave of court, to then add the Ninth Cause of Action. However, that cause of action had already been included in the initial complaint, and the defendants knew it and had notice of it.

5. The initial complaint was served on June 7, 2007 and a few weeks later, on June 27, 2007, defendants filed their 12(b)(6) motion regarding plaintiffs' Second and Tenth Causes of Action. Defendants did not bring a 12(b)(6) motion against the Ninth Cause of Action. (See Doc#5.) It should have been clear that the later omission of the Ninth Cause of Action was simply an oversight. Of course, defendants' most likely hoped to benefit from the oversight but ultimately that would not have been in the interests of justice.

6. I am informed and believe that plaintiffs' counsel never intended to disobey, nor did they disobey, any court order and in fact the court order does not indicate not to include any other cause of action. Plaintiffs' counsel never intended to harass or cause unnecessary delay or needlessly increase the cost of litigation. I am informed and believe that plaintiffs' counsel simply acted in the best interest of our client to correct the omission previously made. The Ninth Cause of Action, had

the omission not occurred, would still be in the complaint.  The claim is warranted by existing law, and the fact that defendants never moved to dismiss that cause of action in their June 27, 2007 motion to dismiss demonstrates that defendants also agree that the claim is warranted by existing law.

   I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and this declaration was executed on July 16, 2008 in Oakland, California.

                      //s//
                     BRENDA D. POSADA

DECLARATION OF BRENDA D. POSADA IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND DEFENDANTS' MOTION FOR SANCTIONS