

LAW OFFICES OF STEVEN R. JACOBSEN
901 Clay Street
Oakland, CA 94607
Telephone: (510) 465-1500
Facsimile: (510) 465-1501

July 18, 2008

Magistrate Joseph C. Spero
United States District Court,
Northern Division
450 Golden Gate Ave.
San Francisco, CA 94102-3434

    Re:    **_Ortega v. City of Oakland, et al._**
            **_Case No. C 07-02659 JCS (ADR)_**

Dear Judge Spero:

The parties hereby submit their joint letter regarding a discovery dispute, in accordance with your Standing Order Section (B)(9).

**Undisputed Facts:**

Both parties agree to the following:

• Without first meeting and conferring, Plaintiffs counsel served by hand a Notice of Taking Deposition of Chief Wayne Tucker on June 25, 2008. His deposition was noticed for July 1, 2008.

• The fact discovery cutoff was July 1, 2008.

• Defendants contacted Plaintiffs' counsel about their failure to meet and confer and plaintiffs' counsel then began communications with Defense counsel regarding the deposition. The meet and confer took place over the telephone on June 26, 2008.

• After the unsuccessful meet and confer session, Plaintiffs' counsel served their Re-Notice, again by hand on defense counsel, noticing the deposition of Chief Wayne Tucker. The deposition was noticed for the same day, July 1, 2008. Defendant indicated that the notice was too short and not reasonable. Plaintiffs' counsel suggested obtaining an extension of the

discovery cutoff date for purposes of accommodating the Chief and his schedule. Defense counsel refused.

• Defendant notified plaintiffs' counsel by letter on June 27, 2008 that Chief Wayne Tucker would not be produced.

• Defendant did not serve any Objection to the deposition notice.

• Defendant did not file a Motion for Protective Order.

• On July 1, 2008, plaintiffs' court reporter arrived and made a record of Chief Wayne Tucker's non-appearance.

• On July 11, 2008, lead counsel in this action, Steven R. Jacobsen met in person with lead defense counsel, and conferred regarding whether defendant would be willing to produce Chief Wayne Tucker on another date. Defense counsel refused.

**Issues in Dispute**

The following issues are in dispute:

**1. Was it Reasonable Notice?**

Defendant claims that Plaintiffs' Notice of Taking Deposition was noticed without providing reasonable notice.

Plaintiffs contend reasonable notice is determined by case law and usually that determination is made on a case-by-case basis. FRCP 30 does not set a minimum number of days. Specifically the rule provides:

> (b) Notice of the Deposition; Other Formal Requirements.
> **(1) Notice in General.**
> A party who wants to depose a person by oral questions must give **reasonable written notice** to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs. (Emphasis added)

Plaintiffs notice does not request of Chief Tucker to bring documents. Only his attendance was required. In *FAA v. Landy* (2nd Cir. 1983) 705 F.2d 624, 634-635, the court found four calendar days notice reasonable where a trial was imminent and defense counsel failed to object or request that the deposition be rescheduled. Defendant in this case did not serve any pleading objection and the discovery deadline has elapsed. Here, plaintiffs even

461676

offered to reschedule but defendants refused, presumably hoping that plaintiffs would be unable to proceed with the deposition after the discovery cutoff. The local rules of a few federal district courts define "reasonable notice" under normal circumstances, as a minimum of five days, and that is not business days but calendar days. See 7 James W. Moore et al., Moore's Federal Practice (3d ed. 1997) ¶ 30.20 {2} (citing rules). The Northern District has not set a fixed period for notice. Plaintiffs hand served the Re-Notice on June 26 providing defendants five calendar days notice for the deposition which according to *FAA v. Landy* is reasonable, particularly when they failed to file their objection.

Moreover, the Chief works in the City of Oakland, the site of the noticed deposition, a few blocks away, and he is well aware of this action against him since he has been a named defendant for over a year. He was not asked to bring documents. The discovery cutoff date was July 1, 2008 and not any date before that. Plaintiffs are entitled to depose Chief Wayne Tucker.

2. **Did the meet-and-confer that took place by telephone prior to the Re-Notice of Deposition satisfy the court's requirement?**

According to Local Rule 30-1, parties must confer regarding scheduling. Specifically

the local rule provides:

30-1. Required Consultation Regarding Scheduling.

For the convenience of witnesses, counsel and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party. A party noticing a deposition of a witness who is not a party or affiliated with a party must also meet and confer about scheduling, but may do so after serving the nonparty witness with a subpoena.

On June 25, 2008, plaintiffs noticed the deposition of Chief Wayne Tucker. That same day, plaintiff's counsel received a letter notifying plaintiffs' counsel that they had failed to comply with the above local rule. In addition, the defendants objected to amount of days notice given. Their letter indicates that plaintiffs have provided four business days. Plaintiffs' counsel telephoned Defense counsel immediately upon receipt of the letter or June 26, 2008 to confer with him regarding the deposition date and after the unsuccessful discussion, which included accommodating Chief Tucker and defense counsel's schedule by taking the deposition on another date, plaintiffs re-noticed the deposition for the same date, July 1, 2008 and it was hand served.

On June 27, 2008, defense counsel sent plaintiffs another letter notifying plaintiffs' counsel that they would not be appearing at the deposition on July 1, 2008. They indicate in said letter that plaintiffs waited until just before the deadline cutoff to depose the Chief but

plaintiffs' counsel pointed out that the deadline to complete discovery is July 1, 2008 not any date before and are entitled to discovery up and until that date. Defendants also argue that the rule required an in person conference. Local Rule 30-1 makes no mention of **in person** requirement. Plaintiffs contend that defendants are confusing that rule with Local Rule 37-1 which provides that an in person meeting is required before filing motions to compel discovery. Specifically it states:

> **37-1. Procedures for Resolving Disputes.**
>
> **(a) Conference Between Counsel Required.** The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues. If counsel for the moving party seeks to arrange such a conference and opposing counsel refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer.

Plaintiffs contend that the **in person** requirement is not necessary to confer regarding scheduling of depositions. Such a requirement would be burdensome and it certainly does not seem like that would have been the court's intention.

**3. Did Defendants waive any and all objections to the noticed deposition when they failed to serve their objection on plaintiffs?**

Although defendants had voiced objections to the Re-Noticed deposition, they failed to serve their pleading Objection on plaintiffs. Their failure to do so, plaintiffs contend waives any and all their objections regarding the notice, including objections as to form and timing. See *FAA v. Landy*, supra.

Plaintiffs certainly would be within their right to ask for sanctions against defendants for their failure to produce Chief Wayne Tucker. See FRCP 37 (d) They have in effect waived their objections by not serving plaintiffs with their written pleading objections. However, plaintiffs do not so intend to request same from this court at this time against these defendants. Plaintiffs only request that this court compel defendants to produce Chief Tucker at a time and on a date that is convenient to the Chief. Plaintiffs are and always have been willing to accommodate his schedule.

**Defendants' Contentions:**

Defendants' main contentions are that plaintiffs did not provide reasonable notice of Chief Tucker's deposition and noticed the deposition in violation of this Court's Standing Order and Case Management Conference Order.

461676

Plaintiffs' original deposition notice, dated June 25, 2008, was noticed without prior communication between the parties and provided less than four business days notice of the deposition. The June 27, 2008 deposition notice provided less than two business days notice of the deposition. F.R.C.P. Rule 30(b)(1) requires reasonable notice for a deposition of a party. In light of the fact that Chief Tucker has been a defendant in this case since its inception, waiting until just a few days before the close of discovery (which included a weekend) and without any attempt to even ascertain the Chief's availability prior to noticing the deposition would appear to be calculated to prejudice defendants, forcing them to produce the Chief without adequate preparation time.

Plaintiffs made no attempt to meet and confer, as required by this Court's orders and the Local Rules of the Northern District of California, prior to noticing Chief Tucker's deposition (despite several conversations between the parties in the days leading up to the issuance of the first deposition notice).

Paragraph 16 of the Case Management Conference Order, Item #2 in the Court's docket, dated January 30, 2001 and filed in this case on May 18, 2007, requires not only a meet and confer in advance before scheduling depositions (a fact that plaintiffs continue to ignore; see their section 2, above), but also sets forth a process for scheduling depositions when the parties are unable to agree on that schedule. Plaintiffs failed to comply with the requirements for scheduling the deposition set forth in the Case Management Conference Order and the Standing Order, again due to their extreme delay in scheduling the deposition.

The deposition notice was not in compliance with this Court's Standing Order (hereinafter "Standing Order"). The Standing Order, dated February 26, 2003, at paragraph 5, requires that in discovery disputes, the parties must meet and confer **in person** (emphasis in original) in an effort to resolve the dispute without court intervention. There was no meet and confer as required by the Standing Order. In fact, the meet and confer occurred almost two weeks after the close of discovery.

The deadline for completion of non-expert discovery in this case is set by the Court's November 20, 2007 Case Management and Pretrial Order. In addition to the lack of compliance with the various meet and confer requirements (that would include a meet and confer to extend the non-expert discovery deadline), plaintiffs provided no explanation as to why they waited so long to decide to go forward with Chief Tucker's deposition. There was no recent discovery that suddenly "tipped" plaintiffs at the eleventh hour that they needed to take Chief Tucker's deposition; he has been a defendant in this case for over a year.

Plaintiffs' reliance on Local Rule 37-1 is misplaced. Defendants never cited to Local Rule 37-1 for the meet and confer requirement. Local Rule 30-1, along with this Court's Case Management Conference Order and Standing Order, set forth the process for parties to notice depositions.

Plaintiffs have created this "dispute" by their own actions, namely waiting until just a few days prior to the close of discovery to notice Chief Tucker's deposition. Given the lack of

461676

compliance with the Standing Order, this Court's Case Management Conference Order, the Local Rules, and finally the Federal Rules of Civil Procedure, defendants should not be forced to produce Chief Tucker for deposition.

  The parties submit the dispute to this court for resolution.

        **Respectfully submitted,**

        _____//s//_____
        **Brenda D. Posada**
        **Attorney for Plaintiffs Ortega**


        _____//s//_____
        **Charles Vose**
        **Attorney for Defendants City of Oakland, Oakland Police Department, Chief Wayne Tucker, and Sgt. Bernard Ortiz**

461676