1  JOHN A. RUSSO, City Attorney, SBN 129729
   RANDOLPH W. HALL, Assistant City Atty., SBN 080142
2  JAMES F. HODGKINS, Supervising Trial Atty., SBN 142561
   CHARLES E. VOSE, Senior Deputy City Atty., SBN 139700
3  KANDIS A. WESTMORE, Deputy City Atty., SBN 194594
   One Frank H. Ogawa Plaza, 6th Floor
4  Oakland, California 94612
   Telephone: (510) 238-3589, Fax: (510) 238-6500
5  25581/462114

6  Attorneys for Defendants,
   CITY OF OAKLAND, OAKLAND
7  POLICE DEPARTMENT, CHIEF WAYNE
   TUCKER, SGT. BERNARD ORTIZ

8

9
                       UNITED STATES DISTRICT COURT
10
                      NORTHERN DISTRICT OF CALIFORNIA
11
                           SAN FRANCISCO DIVISION
12

13  MIGUEL ORTEGA, BENJAMIN ORTEGA,          Case No. C-07-02659 (JCS)

14          Plaintiffs,                      **REPLY TO PLAINTIFFS' OPPOSITION
                                             TO DEFENDANTS' MOTION TO
15      v.                                   STRIKE SECOND AMENDED
                                             COMPLAINT NINTH CAUSE OF
16  CITY OF OAKLAND, OAKLAND POLICE          ACTION AND MOTION FOR
    DEPARTMENT, WAYNE TUCKER, In His         SANCTIONS**
17  Capacity as the Police Chief of the City of
    Oakland, RAMON J. ALCANTAR, Individually  Date:    September 19, 2008
18  and in his capacity as a Police Officer for the  Time:  9:30 a.m.
    City of Oakland, B. ORTIZ, Individually and in   Dept.:  Courtroom A, 15th Floor
19  his capacity as a Police Officer for the City of  The Honorable Joseph C. Spero
    Oakland, DOES 1 THROUGH 200,
20
            Defendants.
21

22

23

24

25

26

## I. INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion to Strike and Motion for Sanctions only provides further support for the imposition of sanctions against their attorneys. The opposition is replete with misrepresentations and unsupported legal conclusions to further their deceptive tactics designed to prejudice Defendants and circumvent the Federal Rules of Civil Procedure.

The most egregious of Plaintiffs' misrepresentations to this court is that they "inadvertently" omitted the 9th Cause of Action from the First Amended Complaint and that Defendants are somehow hoping to benefit from that mere oversight. As demonstrated below, Plaintiffs' counsel's own correspondence shows that the 9th Cause of Action was intentionally omitted from the First Amended Complaint in an effort to get Defendants to take their motion to dismiss off calendar. If that kind of blatant misrepresentation to the court is not sanctionable, it is hard to imagine what kind of conduct would be.

## II. STATEMENT OF FACTS

To provide clarity to this court, here is the undisputed chronology of events that highlights Plaintiffs' counsel's misrepresentation to this court:

On June 27, 2007, Defendants City of Oakland and the Oakland Police Department filed a Motion to Dismiss pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief could be granted. (Docket #5.) The individually named defendants had not yet been served, so the motion was not filed on their behalf. A stipulation by the parties to continue the hearing date for the motion was filed on July 5, 2007. (Docket #8.) The Complaint was subsequently served on the individually named defendants. (Docket #s 9, 10, 11, 12.) Another stipulation by the parties to continue the hearing on the motion to dismiss was filed on July 23, 2007 and the hearing date was set for September 28, 2007. (Docket #15.)

On August 8, 2007, the court reset the hearing date for the motion to dismiss to November 16, 2007 indicating that the opposition to the motion was due on September 7, 2007. (Docket #18.)

In August 2007, Deputy City Attorney Chris Kee was asked to prepare a motion to dismiss

1 the original Complaint pursuant to FRCP 12(b)(6) on behalf of the individually named defendants.
2 An earlier motion to dismiss had been filed on behalf of the City. He concluded that one ground for
3 the motion would be that Oakland Police Chief Tucker could not be sued in his individual capacity
4 under the facts alleged, although the capacity in which he was being sued was unclear from the
5 pleadings. (Declaration of Christopher Kee at 2:1-6.) Mr. Kee didn't think it was worth filing a
6 motion just to get Plaintiffs to clarify Tucker's status because it could be dealt with by a phone call
7 to opposing counsel. (*Id*. at 2:6-9.)

8     Mr. Kee subsequently found out that defendants had received a letter and a proposed
9 amended complaint from Plaintiffs' counsel. He reviewed the proposed amended complaint. In
10 their letter, Plaintiffs asked that if the proposed amended complaint met the concerns defendants
11 had raised in the prior motion to dismiss, would defendants take their original motion off calendar.
12 (*Id*. at 2:9-12.)

13     While the proposed amended pleading did seem to fix the earlier defects, his review
14 revealed that the pleading had additional errors that apparently had not been previously discussed.
15 (*Id*. at 2:13-14.)  So, on August 29, 2007, Mr. Kee wrote a letter to Plaintiffs' counsel, Catherine
16 Douat, pointing out various defects in the new proposed complaint, including the problem with
17 Chief Tucker's capacity. He also noted that there was a flaw in the 9th cause of action. He thought
18 the flaw as to the 9th cause of action could also be addressed since Plaintiffs were likely going to be
19 revising the complaint anyway. (Id. at 2:17-20, Exhibit A.)

20     Ms. Douat called Mr. Kee immediately, claiming that Defendants were now asking her to
21 fix things that were not in the original 12(b)(6) motion and that she could take the default for the
22 individually named defendants. Mr. Kee explained that that would be a tough sell, given that they
23 had asked defendants to allow them to file an amended complaint. As to the issue that defendants
24 were highlighting errors that were not raised in the first motion, Mr. Kee explained that it made
25 little sense to only fix the problems raised in the first motion, since, once she filed an amended
26 pleading, defendants would file another motion to challenge the errors in the new pleading. (*Id*. at

1  2:22-3:3.) They ended the conversation agreeing that Ms. Douat would talk to her boss and get back
2  to Mr. Kee the following week. (*Id.* at 3:4-5.) Thereafter, Mr. Kee received a call from Ms. Douat
3  informing him that she had spoken with her boss, and that they would be submitting a revised
4  complaint addressing the issues he had raised. (*Id.* at par. 7.)

5  On September 4, 2007, Ms. Douat sent a letter to Charles Vose and Chris Kee with an
6  attached a proposed First Amended Complaint. **She specifically noted that the proposed FAC**
7  **amended the Complaint to name Chief Tucker in his official (rather than individual) capacity**
8  **and deleted the Ninth Cause of Action.** (Declaration of Charles Vose, Exhibit A.) In the letter,
9  she requested defendants to take the motion off calendar if the proposed First Amended Complaint
10 addressed the issues raised so that Plaintiffs could file it. (*Id.*)

11 On September 7, 2007, Mr. Vose sent a letter to Ms. Douat informing her that he had
12 reviewed the revised FAC and that it appeared to address all of the concerns raised by the City. He
13 further stated that with the understanding that she intended to file that FAC, he would withdraw the
14 pending 12(b)(6) motion and accept service of the FAC for all of the defendants in the case. (Vose
15 Decl. at 2:12-14, Exhibit B.)

16 On that same day, Plaintiffs filed their FAC. (Docket #19.) On September 14, 2007, the City
17 filed its notice of withdrawal of the motion to dismiss. (Docket #25.) And Defendants filed their
18 Answer to the FAC on September 19, 2007. (Docket #26.)

19 **III.   LEGAL ARGUMENT**

20 **A.   Defendants' Motion to Strike is not untimely because the parties agreed that
       the 9th Cause of Action had been improperly added and that Defendants did not
21     need to file a response because Plaintiffs would voluntarily eliminate it.**

22 Plaintiffs acknowledge that the parties may agree to an extension of time for filing a
23 responsive pleading. (Opposition at 2:17-19.) While the agreement between the parties was not
24 filed with the court, there is no question that the parties agreed in writing that they would file a
25 Third Amended Complaint deleting the 9th cause of action back on January 9, 2008. (Vose Decl. at
26 2:10-12, Exhibit A, Exhibit B page 2.) On April 29, 2008, Plaintiffs' counsel stated that she would

file a corrected second amended complaint because "the wrong complaint was filed." (Vose Decl. at Exhibit D.) Even as recently as June 24, 2008 plaintiffs' counsel agreed to dismiss the 9th cause of action and Defendants agreed to file an answer for all defendants immediately thereafter. (Vose Decl. at par. 5.)

The very next day, Brenda Posada, a newly hired attorney in Plaintiffs' counsel's office sent a letter to defense counsel refusing to dismiss the 9th cause of action. Even after looking at the file which no doubt contains all of the correspondence between the parties, she continued to refuse to dismiss the 9th cause of action.

Now Plaintiffs' counsel has taken the position that they are not bound by their own representations because the agreement was not approved by the court. Plaintiffs cite no legal authority for the proposition that such an agreement must be approved by the court to be valid. And Plaintiffs' counsel's suggestion that they are free to make agreements and then renege on them to the prejudice of defendants is offensive at best. This kind of "gotcha!" game should not be permitted by this court.

Immediately after receiving Plaintiffs' counsel's letter reneging on the agreement, Defendants prepared an Answer to the Second Amended Complaint as to all causes of action except the 9th cause of action and prepared a motion to strike the 9th cause of action and a motion for sanctions. These pleadings were drafted as quickly as possible and filed two business days (July 1st) after defendants' received Ms. Posada's letter reneging on the agreement (June 27th) and suggesting that any response to Plaintiffs' Second Amended Complaint would be challenged as untimely.

Therefore, Defendants' motion to strike is not untimely given their reliance of Plaintiffs' counsel's agreement that no response would be necessary because they would either file a Third Amended Complaint, Corrected Second Amended Complaint, or a dismissal of the 9th cause of action. Defendants had no reason to believe that Plaintiffs' counsel would not do what they agreed to do and reasonably relied on their representations. It was reasonable to assume that their delay in eliminating the 9th cause of action was the result on the recent turnover in attorney staff working on

the case.

Accordingly, Defendants' Motion to Strike the 9th cause of action added by Plaintiffs without leave of court should be considered by the court as timely.

**B.    The court can strike the 9th cause of action on its own motion at ANY TIME.**

Even if the court finds that Defendants' motion is untimely because the agreement between the parties was not filed with the court, the court has the power to strike the 9th cause of action on its own motion at any time. Given that the addition of the 9th cause of action is in clear violation of Rule 15(a) and that Plaintiffs violated this court's order by sneaking in the 9th cause of action when the only thing the court gave them permission to do was add Sgt. Ortiz as a defendant, the court should exercise its inherent power to strike it pursuant to Rule 12(f)(1).

Indeed, courts have read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case, reasoning that the district court would be considering the issue on its own accord despite the fact that its attention was prompted by an untimely filed motion. *California Practice Guide: Federal Civil Procedure Before Trial*, Chapter 9 at 9:400, citing *Williams v. Jader Fuel Co., Inc.* (7th Cir. 1991) 944 F.2d 1388, 1399.

**C.    Defendants did not file a pleading responding to the 9th Cause of Action before filing their motion to strike.**

Plaintiffs next contend that defendants' motion to strike is untimely because it was filed after their Answer to the Second Amended Complaint was filed. This argument is based on the fact that although both pleadings were filed on the same day, the Answer which is docket entry #60 preceded the motion which is docket entry #61. (Oppn. at 3:3-10.)

Plaintiffs' argument neglects to mention that Defendants' Answer to the Second Amended Complaint expressly states that Defendants were not answering the allegations in the 9th cause of action and that they were filing a motion to strike it concurrently with the Answer. (See Answer to SAC at pars. 48-53.) Therefore, the motion to strike the 9th cause of action was not filed before a response to the 9th cause of action was filed, and the motion does not violate Rule 12(f).

-5-
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE SECOND
AMENDED COMPLAINT NINTH CAUSE OF ACTION AND MOTION FOR SANCTIONS    C07-02659 (JCS)

**D. Although not required to do so, Defendants have sufficiently shown that they will be prejudiced if the 9th cause of action is not stricken from the second amended complaint.**

Courts are split on whether the moving party must show that it will be "prejudiced" unless the challenged pleading is stricken. *California Practice Guide: Federal Civil Procedure Before Trial*, Chapter 9 at 9:406. The Ninth Circuit, however, has taken the position that the matter lies entirely within the trial court's sound discretion. Thus, orders striking portions of pleadings are proper although they are not shown to be prejudicial to the moving party, if granting the motion will make the trial less complicated or otherwise streamline ultimately resolution of the action. *Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F.2d 1524, 1528; *California v. United States* (N.D. CA 1981) 512 F.Supp. 36, 38.

Nevertheless, Defendants have sufficiently shown prejudice. Contrary to Plaintiffs assertion, the prejudice to Defendants is not based on Plaintiffs' misrepresentations causing defendants to miss the deadline for filing a responsive pleading. The prejudice comes from defendants' inability to develop a defense to that claim as a result of their good faith reliance on Plaintiffs' counsel's promises. Defendants' had no reason to believe that it was necessary to prepare a defense to the 9th cause of action when plaintiffs repeatedly assured them that it would be dismissed voluntarily.

The prejudice to defendants therefore relates to the challenged pleading, i.e., defendants will suffer prejudice if the allegations in the 9th cause of action are not stricken from the second amended complaint. Nothing could be more prejudicial to defendants than having to go to trial on a cause of action for which they have had no opportunity to prepare a defense.

Plaintiffs' argument that the Second Amended Complaint was served on December 27, 2007 and that Defendants simply waited until July 2008 to seek the court's intervention is a complete misrepresentation and truly offensive. Defense counsel has never encountered such dishonesty and manipulation from an opposing counsel before and has routinely relied on informal resolutions of pleading defects and extensions of time for filing responsive pleadings in hundreds of previous cases. Never in their wildest dreams could they have expected plaintiffs' counsel to purposefully set

them up by pretending to be willing to dismiss an admitted improperly plead and improperly added cause of action just to renege three days before the close of discovery. Plaintiffs' counsel knew that Defendants were not doing discovery on that cause of action because they were expecting it to be dismissed voluntarily. This severely prejudices Defendants' defense. Therefore, Plaintiffs' argument that defendants' prejudice argument relates only to the fact that defendants were forced to file an "untimely" motion to strike is wholly without merit.

### E. The extrinsic evidence offered in support of the motion to strike is only offered to establish the timeliness of the motion.

Next, Plaintiffs argue that extrinsic evidence is inappropriate in a motion to strike. While this may be true, the extrinsic evidence offered does not go to the merits of the motion to strike – i.e., that the 9th cause of action was added without leave of court in violation of Rule 15(a). Nor is the evidence offered to show that the allegations are "immaterial" or "scandalous." Rather, it goes to the procedural issue of the timeliness of the motion. The extrinsic evidence is only offered to show that a responsive pleading had not been filed earlier because the parties had an agreement that plaintiffs would voluntarily dismiss the 9th cause of action or file a correct amended complaint.

All of the evidence submitted to show that the 9th cause of action should be stricken as improper is matters of which the court may take judicial notice. Therefore, plaintiffs' argument that the extrinsic evidence should be stricken as inadmissible is without merit, and the evidence offered to show the timeliness of the motion to strike is admissible.

### F. Plaintiffs will not be prejudiced if the 9th cause of action is stricken.

Plaintiffs' argument that they will be prejudiced if they are not allowed to proceed with a cause of action that they have intended to dismiss (seemingly) until a few weeks ago is unavailing. Until now or until their decision to renege on their agreement with the City, they have not conducted discovery on the claim. This is evidenced by their 11th hour attempt to depose Chief Tucker.

How Plaintiffs can be prejudiced by being denied the opportunity to proceed on a claim that

1  they know is not properly included in the second amended complaint defies logic. Plaintiffs'
2  decision to retain an expert at the 11th hour on this improperly added claim based on their belief that
3  they will succeed in their "Gotcha!" game against the City should be regarded as a gamble that they
4  were willing to lose rather than prejudice.
5      Prejudice as it is used in this context implies that Plaintiffs will lose something that they are
6  otherwise entitled to. Plaintiffs were not entitled to add the 9th cause of action without leave of this
7  court. This they have acknowledged, but now hope to get around it through misrepresentations and
8  deception. Such conduct should not be rewarded by this court. The prejudice to defendants by far
9  outweighs any prejudice to plaintiffs.

10  **G.    Motions to strike may be used to attack an entire pleading.**
11      Plaintiffs' argument that Defendants have failed to show that the 9th cause of action is an
12  improper demand or prayer for relief is misguided. Defendants have sufficiently shown that the 9th
13  cause of action was improperly added to the second cause of action without leave of this court. It
14  can't get much more improper than that.
15      A motion to strike is the primary method of reaching defects or objections to a pleading that
16  cannot be addressed by a motion to dismiss. While it can be used to attack an entire pleading, it is
17  more often used to attack portions thereof. *Fantasy*, supra, at 1527. Here, defendants' motion
18  doesn't even object to the entire second amended complaint. Rather it objects to a portion of it – the
19  improperly added 9th cause of action. And Plaintiffs' attempt to limit the use of a motion to strike
20  only to words or phrases rather than a claim in its entirety is unavailing. For this proposition,
21  plaintiffs rely on a 2nd Circuit case that suggests that Rule 12(f) is not designed for dismissal of
22  entire claims, rather than the controlling 9th Circuit authority (*Fantasy*, *supra*) that clearly allows
23  such motions to be used to attack an entire pleading. Therefore, the motion to strike the 9th cause of
24  action is proper.

**H. Plaintiffs were not entitled to add the 9th cause of action without leave of court simply because it had been included in an earlier version of the complaint.**

Plaintiffs argue that Defendants had notice of the allegations against them when the initial complaint was served on them on June 27, 2007 because it contains the negligent hiring, supervision and training allegation that is now included in the second amended complaint. Plaintiffs argue that Defendants therefore cannot argue that they were unaware of the ninth cause of action. This argument is absurd at best. And even more offensive is Plaintiffs' counsel's easily verifiable misrepresentation to this court that "the reason the Ninth Cause of Action disappears in the First Amended Complaint … due to some inadvertent mistake." (Oppn. at 6:26-27.)

After defense counsel pointed out the defects in the 9th cause of action, Plaintiffs agreed in writing to remove that cause of action if defendants would agree to drop their motion to dismiss. (Vose Decl. at Exhibit B.) Therefore, Plaintiffs' counsel own letter shows that the decision to eliminate the 9th cause of action was a deliberate and informed decision by them offered in exchange for defendants' agreement to take their motion to dismiss off calendar. Clearly, the omission of the 9th cause of action was not "simply an oversight" as Plaintiffs describe it. (Oppn. at 8:15-17.) And Plaintiffs' counsel's disregard for this easily verifiable truth should not be tolerated by this court.

Moreover, Plaintiffs cite to no legal authority to support their position that "if the Ninth Cause of Action never existed prior to the Second Amended Complaint, then it would be improper, without first requesting leave of court, to add it after the First Amended Complaint had already been filed." (Oppn. at 8:7-9.) No such exception to Rule 15(a) exists.

Defendants filed an Answer to the First Amended Complaint which did not include the 9th cause of action. It had been deliberately removed by plaintiffs and defendants had no reason to expect it to reappear in the second amended complaint. This is especially so, since the ONLY purpose for the filing of a second amended complaint was to allow plaintiffs to add Sgt. Ortiz as a defendant. Plaintiffs needed to seek leave of this court to add the 9th cause of action (not previously alleged in the First Amended Complaint) to the second amended complaint. Thus, there is no doubt

1  that Plaintiffs attempted to sneak in another cause of action without leave of this court, and it
2  should be stricken accordingly. And Plaintiffs' attorneys should be sanctioned for their blatant
3  dishonesty and unconscionable conduct in these proceedings.

Dated:   July 25, 2008

                JOHN A. RUSSO, City Attorney
                RANDOLPH W. HALL, Assistant City Attorney
                JAMES F. HODGKINS, Supervising Trial Attorney
                CHARLES E. VOSE, Senior Deputy City Attorney
                KANDIS A. WESTMORE, Deputy City Attorney

By:    */ S/ KANDIS A. WESTMORE*
      Attorneys for Defendants,
      CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT,
      WAYNE TUCKER, and BERNARD ORTIZ

-10-
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE SECOND
AMENDED COMPLAINT NINTH CAUSE OF ACTION AND MOTION FOR SANCTIONS   C07-02659 (JCS)