JOHN A. RUSSO, City Attorney, SBN 129729
RANDOLPH W. HALL, Assistant City Atty., SBN 080142
JAMES F. HODGKINS, Supervising Trial Atty., SBN 142561
CHARLES E. VOSE, Senior Deputy City Atty., SBN 139700
KANDIS A. WESTMORE, Deputy City Atty., SBN 194594
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-3589, Fax: (510) 238-6500
25581/462119

Attorneys for Defendants,
CITY OF OAKLAND, OAKLAND
POLICE DEPARTMENT, CHIEF WAYNE
TUCKER, SGT. BERNARD ORTIZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIGUEL ORTEGA, BENJAMIN ORTEGA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT, WAYNE TUCKER, In His Capacity as the Police Chief of the City of Oakland, RAMON J. ALCANTAR, Individually and in his capacity as a Police Officer for the City of Oakland, B. ORTIZ, Individually and in his capacity as a Police Officer for the City of Oakland, DOES 1 THROUGH 200,<br><br>Defendants. | Case No. C-07-02659 (JCS)<br><br>**DECLARATION OF CHRIS KEE IN SUPPORT OF REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE SECOND AMENDED COMPLAINT NINTH CAUSE OF ACTION AND MOTION FOR SANCTIONS**<br><br>Date:     September 19, 2008<br>Time:    9:30 a.m.<br>Dept.:    Courtroom A, 15th Floor<br>The Honorable Joseph C. Spero |

I, Chris Kee, declare:

1. I am an attorney licensed to practice before this court and all the courts of the State of California. I am a Deputy City Attorney with the Office of the City Attorney of Oakland, one of the law and motion attorneys for defendants herein. The matters set forth in this declaration are of my own personal knowledge and if called upon I could testify to them competently.

-1-

DECLARATION OF CHRIS KEE ISO REPLY TO
PLTFS' OPPOSITION TO DFNTS' MTN TO STRIKE 2ND
AMENDED COMPLAINT 9TH COA & MTN FOR SANCTIONS

C07-02659 JCS

2. In August 2007, in my capacity as a law and motion attorney for defendants, I was asked to prepare a motion to dismiss the original complaint in this action pursuant to FRCP 12(b)(6) on behalf of the individual defendants. An earlier motion to dismiss had been filed on behalf of the City (one that I did not draft). My review of the pleadings suggested one ground for the motion would be that Oakland Police Chief Tucker could not be sued in his individual capacity under the facts alleged although the capacity in which he was being sued was unclear from the pleading. I didn't think it was worth a motion just to get Plaintiffs to clarify what Tucker's status was, and that it could be best dealt with by a phone call to opposing counsel.

3. I subsequently found out that we had received a letter and a proposed amended complaint from Plaintiffs' counsel. I reviewed the letter and attached proposed complaint. In their letter, Plaintiffs asked that if the proposed amended complaint met the concerns defendants had raised in the prior motion to dismiss, would we take our original motion to dismiss off calendar.

4. While the proposed amended pleading did seem to fix the earlier defects, my review revealed that the pleading had additional errors that had not apparently previously been discussed. On August 29, 2007, I wrote a letter to Plaintiffs' counsel, Ms. Douat, pointing out various defects in the new proposed complaint, including the problem with Chief Tucker's capacity. In the letter, I also noted that there was a flaw in the 9th cause of action. I thought the flaw as to the 9th cause of action could also be addressed since Plaintiffs were likely going to be revising the complaint anyway. Attached hereto as Exhibit A is a true and correct copy of the letter I sent to Ms. Douat on August 29, 2007. Given that Plaintiffs were proposing a new complaint, I surmised that there was no present need to file the new 12(b)(6) for the individuals.

5. Ms. Douat called me immediately, claiming that we were now asking her to fix things that were not in our original 12(b)(6) motion and that she could take the default for the individual defendants. I explained that that would be a tough sell, given that they had asked us if we would allow them to file an amended complaint. As to the issue that we were highlighting errors that weren't in our first motion, I explained that, in my view, it made little sense to only fix the

-2-

DECLARATION OF CHRIS KEE ISO REPLY TO
PLTFS' OPPOSITION TO DFNTS' MTN TO STRIKE 2ND
AMENDED COMPLAINT 9TH COA & MTN FOR SANCTIONS

C07-02659 JCS

problems raised by our first motion, since, once she filed an amended pleading, we would file another motion to challenge the errors in the new pleading, taking us into the new year without the pleadings in repose. It simply made sense as a practical matter to fix everything at that time.

6. We ended the conversation agreeing that she would talk to her boss and let me know the following week.

7. I recall that Ms. Douat called me some time thereafter and informed me that she had spoken with her boss, and that they would be submitting a revised complaint addressing the issues I had raised.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 24th day of July, 2008, at Oakland, California.

_____
CHRIS KEE

-3-

DECLARATION OF CHRIS KEE ISO REPLY TO
PLTF'S OPPOSITION TO DFNTS' MTN TO STRIKE 2ND
AMENDED COMPLAINT 9TH COA & MTN FOR SANCTIONS

C07-02659 JCS