# EXHIBIT A



# CITY OF OAKLAND



ONE FRANK H. OGAWA PLAZA • 6TH FLOOR • OAKLAND, CALIFORNIA 94612

Office of the City Attorney
John A. Russo
Christopher Kee
Senior Deputy City Attorney

August 29, 2007

(510) 238-3601
FAX: (510) 238-6500
(510) 238-7686

**By U.S. Mail and Facsimile (510) 465-1501**

Ms. Catherine R. Douat, Esq.
Law Offices of Steven R. Jacobsen
901 Clay Street
Oakland, CA 94607

Re:  *Ortega, et al v. City of Oakland, et al*, **Case No. C07-02659 JCS**

Dear Ms. Douat:

As you may know, Mr. Vose is on vacation; in his absence I was forwarded your proposed amended complaint and accompanying letter, requesting that we take our motion to dismiss off calendar. I am one of the law and motion attorneys here, and in that capacity, I note there are several additional defects in the amended pleading that would need to be addressed before we are in a position to take the existing motion off calendar.

First, your Ninth Cause of Action, brought under section 1983, for negligent training is deficient. Negligent conduct is insufficient to state a cause of action under section 1983. See e.g. Maddox v. City of Los Angeles, 792 F.2d 1408, 1413 (9th Cir. 1986).

Second, it is not clear whether your claims in the Second, Third, Eighth and Ninth Causes of Action against Chief Tucker are in his individual capacity, or in his official capacity as the Chief of Police. If it is the former, the pleading is defective because Chief Tucker cannot be liable as an individual unless he directly participated in the conduct at issue here, or otherwise set in motion a series of events that he knew or should have known would cause injury to persons such as the plaintiff. See e.g. Sanders v. City of Fresno, 20006 WL 1883394 (E.D. Cal. 2006) *8-*12; Redman v. City of San Diego, 942 F.2d 1435, 1446-1447 (9th Cir. 1991); Michel v. Smith, 188 Cal. 199, 202 (1922). Under

Ms. Catherine R. Douat, Esq.
August 29, 2007
Page Two

the facts as presently alleged, I don't believe you can make such a claim in keeping with your obligations under FRCP 11. If it is the latter, and Chief Tucker is named as a stand in, as it were, for the City (see Hafer v. Melo), 502 U.S. 21, 25 (1991); Sanders at *11), then your Eighth Cause of Action is still defective in that it does not state a statutory basis for relief. A public entity is not liable under a general negligence theory. Eastburn v. Regional Fire Protection District, 31 Cal. 4th 1175, 1183 (2003).

Feel free to call me at your convenience; I am happy to discuss these matters further with you if you wish.

Very truly yours,

JOHN A. RUSSO
City Attorney

By: _____
CHRISTOPHER KEE
Deputy City Attorney

415824