1  JOHN A. RUSSO, City Attorney - State Bar #129729
   RANDOLPH W. HALL, Assistant City Attorney – State Bar #080142
2  JAMES F. HODGKINS, Supervising Trial Attorney – State Bar #142561
   CHARLES E. VOSE, Senior Deputy City Attorney, State Bar No. #139700
3  One Frank H. Ogawa Plaza, 6th Floor
   Oakland, California 94612
4  Telephone: (510) 238-2961        Fax: (510) 238-6500
   cevose@oaklandcityattorney.org
5  25581/419006

6  Attorneys for Defendants CITY OF OAKLAND,
   OAKLAND POLICE DEPARTMENT, CHIEF
7  WAYNE TUCKER, and OFFICER RAMON ALCANTAR

8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11

12

13  MIGUEL ORTEGA, BENJAMIN ORTEGA, A          Case No. C07-02659 JCS
    Minor, By and through his Guardian Ad
    Litem, ANA ROSA ORTEGA,
14                                              DEFENDANT'S INTERROGATORIES
            Plaintiffs,                         TO PLAINTIFF MIGUEL ORTEGA,
15                                              SET NO. 1
    v.
16
    CITY OF OAKLAND, OAKLAND POLICE
17  DEPARTMENT, WAYNE TUCKER, In His            The Honorable Joseph C. Spero
    Capacity as the Police Chief of the City of
18  Oakland, RAMON J. ALCANTAR,
    Individually and in his capacity as a Police
19  Officer for the City of Oakland, DOES 1
    THROUGH 200,
20
            Defendants.
21

22

23  PROPOUNDING PARTY:  Defendant CITY OF OAKLAND

24  RESPONDING PARTY:   Plaintiff, MIGUEL ORTEGA

25  SET NUMBER:         ONE

26  ///

---

- 1 -
INTERROGATORIES TO PLAINTFF MIGUEL ORTEGA, SET NO. 1                C-07-02659 JCS

1  THE CITY OF OAKLAND hereby requests, pursuant to Rule 33 of the Federal Rules of Civil Procedure, that **MIGUEL ORTEGA** (hereinafter "Plaintiff") answer the following interrogatories separately and fully in writing and under oath within thirty (30) days from the service hereof.

In answering these interrogatories, furnish all information available to Plaintiff and his attorney of record, including information in the possession of any person acting on Plaintiff's behalf and not merely such information known of Plaintiff's own knowledge. If Plaintiff cannot answer these interrogatories in full after exercising due diligence to secure the information, please so state, and answer to the extent possible, specifying the inability to answer the remainder and stating whatever information or knowledge Plaintiff has concerning the unanswered portions. Plaintiff is requested to supplement the responses to these interrogatories as necessary.

As used herein, the following terms and instructions apply:

1. "Person" includes a natural person, corporation, firm, organization, partnership, sole proprietorship, union, association, business, trust, public entity, federation or any other kind of entity.

2. "You or anyone acting on your behalf" includes you, your agents, your attorneys, your investigators or anyone working on your behalf.

3. In each interrogatory wherein the phrase ". . . state all facts that support or tend to support. . ." is employed, it shall mean that Plaintiff is requested to fully and complete set forth, "describe" and "identify" each and every act, occurrence, omission, "conversation", "document" and/or "written statement" which responding party claims or contends constitutes the fact and/or facts in support of the claim, contention or allegation referred to.

///

///

**INTERROGATORY NO. 1:**

State all facts that support or tend to support your contention that Officer Alcantar used excessive force against you on May 7, 2006.

**INTERROGATORY NO. 2:**

State all facts that support or tend to support your contention that any other Oakland police officer used excessive force against you on May 7, 2006.

**INTERROGATORY NO. 3:**

State all facts that support or tend to support your contention that Officer Alcantar performed an unreasonable search of you on May 7, 2006.

**INTERROGATORY NO. 4:**

State all facts that support or tend to support your contention that any other Oakland police officer performed an unreasonable search of you on May 7, 2006.

**INTERROGATORY NO. 5:**

State all facts that support or tend to support your contention that Officer Alcantar performed an unreasonable seizure of you on May 7, 2006.

**INTERROGATORY NO. 6:**

State all facts that support or tend to support your contention that any other Oakland police officer performed an unreasonable seizure of you on May 7, 2006.

**INTERROGATORY NO. 7:**

State all facts that support or tend to support your contention that Officer Alcantar violated your right to freedom of expression on May 7, 2006.

**INTERROGATORY NO. 8:**

State all facts that support or tend to support your contention that any other Oakland police officer violated your right to freedom of expression on May 7, 2006.

///

///

**INTERROGATORY NO. 9:**

State all facts that support or tend to support your contention that Officer Alcantar violated your right to privacy on May 7, 2006.

**INTERROGATORY NO. 10:**

State all facts that support or tend to support your contention that any other Oakland police officer violated your right to privacy on May 7, 2006.

**INTERROGATORY NO. 11:**

State all facts that support or tend to support your contention that Officer Alcantar committed battery on you on May 7, 2006.

**INTERROGATORY NO. 12:**

State all facts that support or tend to support your contention that any other Oakland police officer committed battery on you on May 7, 2006.

**INTERROGATORY NO. 13:**

State all facts that support or tend to support your contention that Officer Alcantar committed assault on you on May 7, 2006.

**INTERROGATORY NO. 14:**

State all facts that support or tend to support your contention that any other Oakland police officer committed assault on you on May 7, 2006.

**INTERROGATORY NO. 15:**

State all facts that support or tend to support your contention that you suffered emotional distress as a result of the incident on May 7, 2006.

**INTERROGATORY NO. 16:**

State all facts that support or tend to support your contention that Officer Alcantar's actions against you on May 7, 2006 were motivated by your race.

///

///

**INTERROGATORY NO. 17:**

State all facts that support or tend to support your contention that the actions of any other Oakland police officer on May 7, 2006 were motivated by your race.

**INTERROGATORY NO. 18:**

State all facts that support or tend to support your contention that any member of the Oakland Police Department approved, ratified, condoned, encouraged, or tacitly authorized any pattern or practice of misconduct by Officer Alcantar.

**INTERROGATORY NO. 19:**

State all facts that support or tend to support your contention that any member of the Oakland Police Department approved, ratified, condoned, encouraged, or tacitly authorized any pattern or practice of misconduct by any other officer of the Oakland Police Department.

**INTERROGATORY NO. 20:**

State all facts that support or tend to support your contention that certain employees of the City of Oakland have a policy or custom of encouraging abuse of police authority.

**INTERROGATORY NO. 21:**

State all facts that support or tend to support your contention that certain employees of the City of Oakland have a policy or custom of encouraging abuse of constitutional rights of citizens.

**INTERROGATORY NO. 22:**

State all facts that support or tend to support your contention that Officer Alcantar was negligent on May 7, 2006.

///

**INTERROGATORY NO. 23:**

State all facts that support or tend to support your contention that that any other Oakland police officer was negligent on May 7, 2006.

**INTERROGATORY NO. 24:**

State all facts that support or tend to support your contention that the City of Oakland or any member of the Oakland Police Department negligently hired, retained, trained, supervised, or disciplined any Oakland Police officers, including Officer Alcantar.

**INTERROGATORY NO. 25:**

State and describe all mental and emotional distress injuries you suffered as a result of the incident on May 7, 2006.

DATED: OCTOBER 16, 2007

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Assistant City Attorney
JAMES F. HODGKINS, Supervising Trial Attorney
CHARLES E. VOSE, Senior Deputy City Attorney

By: _____
Attorneys for Defendants
CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT, CHIEF WAYNE TUCKER, and OFFICER RAMON ALCANTAR

## PROOF OF SERVICE
<u>ORTEGA, ET AL., v. CITY OF OAKLAND, ET AL.,</u>
United States District Court Case No. C07-02659 JCS

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One Frank Ogawa Plaza, 6th Fl., Oakland, CA 94612. On the date set forth below I served the within documents:

**DEFENDANTS' INTERROGATORIES TO PLAINTIFF MIGUEL ORTEGA, SET NO. 1**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ **by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.**

☐ by causing personal delivery by (name) of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by causing such envelope to be sent by Federal Express/ Express Mail.

STEVEN R. JACOBSEN, ESQ.
CATHERINE R. DOUAT, ESQ.
LAW OFFICES OF STEVEN JACOBSEN
901 CLAY STREET
OAKLAND, CA  94607

TELEPHONE:  (510) 465-1500
FACSIMILE:    (510) 465-1501

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of American/State of California that the above is true and correct.

Executed on OCTOBER 16, 2007, at Oakland, California.

CRYSTAL ROZA