JOHN A. RUSSO, City Attorney, SBN 129729
RANDOLPH W. HALL, Assistant City Atty., SBN 080142
JAMES F. HODGKINS, Supervising Trial Atty., SBN 142561
CHARLES E. VOSE, Senior Deputy City Atty., SBN 139700
KANDIS A. WESTMORE, Deputy City Atty., SBN 194594
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-3589, Fax: (510) 238-6500
Email: kawestmore@oaklandcityattorney.org
25581/518629

Attorneys for Defendants,
CITY OF OAKLAND, OAKLAND
POLICE DEPARTMENT, CHIEF WAYNE
TUCKER, SGT. BERNARD ORTIZ

# UNITED STATED DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MIGUEL ORTEGA, BENJAMIN ORTEGA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT, WAYNE TUCKER, In His Capacity as the Police Chief of the City of Oakland, RAMON J. ALCANTAR, Individually and in his capacity as a Police Officer for the City of Oakland, B. ORTIZ, Individually and in his capacity as a Police Officer for the City of Oakland, DOES 1 THROUGH 200,<br><br>Defendants. | Case No. C-07-02659 (JCS)<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:  September 19, 2008<br>Time:  9:30 a.m.<br>Dept.:  Courtroom A, 15th Floor<br>The Honorable Joseph C. Spero |

Defendants respectfully submit the following Objections to Plaintiffs' Evidence in Support of Opposition to Defendants' Motion for Partial Summary Judgment:

1.  **Declaration of Ana Rosa:**

¶2 – Lacks foundation as to Benjamin Ortega's citizenship. No documents establishing Benjamin's U.S. citizenship, date or place of birth (best evidence) have been submitted. This is also a legal conclusion. FRE 701. It also lacks foundation as to whether Benjamin speaks fluent English and is hearsay. FRE 801. This is also contradicted by the fact that Benjamin had a Spanish language interpreter at his deposition on January 17, 2008. (Benjamin Depo. at 5:9-11 attached hereto as Exhibit A.)

¶3 – Lacks foundation as to the date, place of birth and legal residency of Miguel Ortega. No documents establishing Miguel's legal residency, date and place of birth (best evidence) have been submitted. This is also a legal conclusion. It also lacks foundation as to whether Miguel speaks fluent English and is hearsay. This is also contradicted by the fact that Miguel had a Spanish language interpreter at his deposition on February 20, 2008. (Miguel Depo. at 4:4-5.) FRE 602, 801, 701.

¶4 – Defendants object to the characterization "brutal attack" in that it is an opinion not based on the declarant's first hand knowledge and is hearsay. FRE 602, 801.

¶5 – Defendants object to the entire paragraph on the grounds that it is hearsay based on what Miguel told her about how the incident occurred and how he felt about the incident. It is also speculation about what Miguel understood and the motivation for the alleged attack. It also contains double hearsay about what Alcantar said. FRE 801, 602.

¶6 – Defendants object to declarant's testimony that Miguel had insomnia (2:12-13) on the grounds that it lacks foundation and is an improper lay opinion requiring expert testimony. FRE 701. Defendants further object to the statement

that "immediately the day after the incident, Miguel voiced to me his fear of police officers and sight of a police officer triggered extreme anxiety, fear and panic" on the grounds that it is hearsay, conflicts with Miguel's deposition testimony and the declarant lacks first-hand knowledge. FRE 602, 801.

**¶7 –** Lacks foundation re whether husband's medical insurance covered Benjamin and in improper opinion lacking first-hand knowledge with respect to counseling and psychological treatment for Benjamin was "much needed." FRE 602, 701.

**¶8 –** (2:22-23) Testimony about Miguel complaining to the declarant is hearsay and again inconsistent with Miguel's deposition testimony. FRE 801.

**¶9 –** (2:26-27) Testimony about Miguel complaining to declarant is hearsay and is inconsistent with Miguel's deposition testimony. The declarant also has no first-hand knowledge and is not qualified to diagnose Miguel with back pain affecting his ability to stand up straight and to walk. (2:27-3:1.) FRE 701, 601, 602. Declarant also lacks personal knowledge about whether Miguel has difficulties with his job duties and whether he had to change jobs due to the physical requirements of the job and his inability to perform those duties due to occasional back pain. This also an improper lay opinion. (3:2-4.) FRE 701.

**2. Declaration of Miguel Ortega in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment:**

**¶ 3 –** Defendants object to this entire paragraph on the grounds that it directly contradicts the declarant's deposition testimony in which he testified that he had not discussed his alleged injuries with anyone. His declaration acknowledges that testimony and then contradicts it by saying that he essentially did not tell the truth because he is embarrassed to admit to his friends that he is fearful of police officers and he doesn't want to worry his family members. (2:4-5.) He then states that he did in fact talk to his girlfriend and mother about his injuries. Such

contradictory testimony is not admissible to defeat summary judgment. At best it is admissible to show that he lied under oath in his deposition.

¶5 – Defendants object to this entire paragraph on the grounds that it is inconsistent with the declarant's discovery responses and deposition testimony.

¶7 – (2:21-13.) The testimony contradicts his deposition testimony and discovery responses. His testimony that "immediately the day after the incident, I voiced this fear of police officers to my mother, Ana Rosa" contradicts his deposition testimony in which he said he had not talked to anyone about his injuries.

3.  **Declaration of Brenda Posada in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment:**

¶6 – Defendants object to this entire paragraph on the grounds that it improperly attempts to authenticate a report allegedly prepared by Plaintiff's police procedures expert Roger Clark. Plaintiff has no personal knowledge regarding the preparation the report let alone that it was prepared by Roger Clark. Therefore, paragraph 6 fails to properly authenticate the report attached to Posada's declaration as Exhibit E. Posada's declaration fails to show that she is competent to testify regarding Exhibit E, based on her personal knowledge as required by FRCP 56(e).

**Exhibit E** – Lacks foundation and is improperly authenticated. Roger Clark's report contains no proper oath or affirmation under penalty of perjury. FRE 603. Although it appears to be a letter written by Roger Clark, there is no statement under penalty of perjury from Roger Clark that the letter was indeed written and prepared by him. To be admissible as summary-judgment proof, testimony must be sworn and made under penalty of perjury. *Hayes v. Marriott*, 70 F.3d 1144, 1147-1148 (10th Cir. 1995). Even if the letter/report had been properly authenticated Defendants object to it on the following grounds:

1) The opinions expressed in the report are not based on sufficient facts or data. FRE 702. Mr. Clark's report repeatedly makes reference to "the record" without having identified what things are contained in "the record" or that he even reviewed any such record. Specifically, at page 2, he states "it also appears in the record that there was no adequate continuing training or guidance from the City or within the OPD Policy and Procedures Manual that provided the rules and regulations regarding the necessary use of police communications designed to prevent incidents of this type." Not only is this statement vague and ambiguous to the point of being unintelligible, there are no citations to any place in the purported "record" to establish whether there was continuing training or lack thereof of the defendant officers in this case nor were there references to any part of the "OPD Policy and Procedures Manual" providing rules re "necessary use of police communications Mr. Clark is referring to. Moreover, Defendants have never provided Plaintiffs with training records in this case. Thus, the opinion fails to reference sufficient facts or date upon which it is based and amounts to pure speculation.

2) Mr. Clark goes on to conclude on page 2, still without reference to any facts or data that "this issue appears as a systemic cultural value that is an engine of the unnecessary and excessive force that occurred in this incident. If Officers Alcantar and Ortiz followed their basic POST tactical communications training they would not have acted so provocatively." This opinion is not admissible under FRE 702. This opinion does not refer to any particular part of the basic POST tactical communications training that the officers allegedly failed to follow under the specific facts of this case. Also, this opinion in no way addresses the undisputed facts agreed upon by the parties with respect to the force used by Ortiz when he detained Miguel. Mr. Clark simply concludes with no support or explanation whatsoever, that the force used by the officers in general was unnecessary and excessive.

3) Page 2 ¶3: "This incident is a case of excessive force and incompetent arrest tactics by Oakland Police Officers Bernard Ortiz and Ramon Alcantar." "Additionally, the use of force by Officer Ortiz on Miguel Ortega was grossly excessive and unnecessary." These statements are inadmissible under FRE 702 because they are merely conclusory statements not based on facts or data or reference to reliable principles or methods. Nothing in these opinions indicate that Mr. Clark has applied any particular principles to the undisputed facts in this case at all let alone in a reliable manner. The opinion lacks foundation.

4) Page 2 ¶4: "The record in this case indicates that the training, provided at the POST Basic Academy to all state certified police officers (including officers at the scene) regarding the use of force … was not followed." This opinion lacks foundation, is vague and ambiguous as to "the training." There is no reference to specific training provided to defendants in this case. Indeed, Plaintiffs don't even

have information regarding the training Defendants received in this case. It is a conclusion not based on facts or data or reference to reliable principles or methods. Nothing in these opinions indicates that Mr. Clark has applied any particular principles to the undisputed facts in this case at all let alone in a reliable manner. FRE 702. It is also speculation.

"The fact that Officers did not follow the proper protocols as originally trained, indicates a substantial lack of required continuing professional training within the Oakland Police Department." This opinion is inadmissible under FRE 702 because it is not based on facts or data or reference to reliable principles or methods. Nothing in these opinions indicate that Mr. Clark has applied any particular principles to the undisputed facts in this case at all let alone in a reliable manner. It lacks foundation as to "proper protocols as originally trained," is vague and ambiguous, and is based on speculation.

5) Page 3 ¶1: Defendants object to the entire paragraph on the grounds that it is not based on facts or data or reference to reliable principles or methods. Nothing in these opinions indicate that Mr. Clark has applied any particular principles to the undisputed facts in this case at all let alone in a reliable manner. FRE 702. It also lacks foundation and is based on speculation. It is vague and ambiguous as to "adequate continuing training or guidance" "the necessary rules and regulations regarding the use of force.

Dated: September 15, 2008

        JOHN A. RUSSO, City Attorney
        RANDOLPH W. HALL, Assistant City Attorney
        JAMES F. HODGKINS, Supervising Trial Attorney
        CHARLES E. VOSE, Senior Deputy City Attorney
        KANDIS A. WESTMORE, Deputy City Attorney

By:     */ S/ KANDIS A. WESTMORE*
        Attorneys for Defendants,
        CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT, WAYNE TUCKER, and BERNARD ORTIZ