**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL ORTEGA, et al.,                                   No. C-07-2659 JCS

        Plaintiffs,

    v.

CITY OF OAKLAND., et al.,

        Defendants.

_____/

**COURT'S PROPOSED JURY INSTRUCTIONS**

Dated: December 3, 2008

_____

JOSEPH C. SPERO
United States Magistrate Judge

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury.   Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. 2**

**IDENTIFICATION OF PARTIES AND CLAIMS**

To help you follow the evidence, I will give you a brief summary of the positions of the parties at trial. The Plaintiff is Benjamin Ortega by and through his guardian ad litem, Ana Rosa Ortega, and the defendant is Ramon Alcantar individually and in his capacity as a police officer for the city of Oakland.

In this case, Plaintiff makes the following claims:

1. Officer Alcantar violated his constitutional rights to be free from unreasonable seizures;

2. Officer Alcantar violated his constitutional rights by using excessive force in arresting him;

3. Officer Alcantar violated his constitutional rights by intentionally discriminating against him while acting under the color of law;

4. Officer Alcantar assaulted and battered him;

5. Officer Alcantar's actions caused him to suffer severe emotional distress and anguish.

Defendant denies these claims in their entirety. Defendant alleges that Plaintiff committed vehicle code and penal code violations by obstructing traffic and failing to obey his lawful orders. Defendant further alleges that such violations gave rise to probable cause to arrest Plaintiff. Finally, Defendant alleges he used only reasonable force to detain and arrest Plaintiff.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 3**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

      1.      The sworn testimony of any witness;

      2.      The exhibits which are received into evidence; and

      3.      Any facts to which the lawyers have agreed.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4.   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court

For the Northern District of California

6

**JURY INSTRUCTION NO. 6**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence was admitted for a limited purpose only. As I instructed you during the trial, you may consider that evidence only for the limited purpose I described to you during the trial.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 8**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**JURY INSTRUCTION NO. 9**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

1.    The opportunity and ability of the witness to see or hear or know the things testified to;

2.    The witness' memory;

3.    The witness' manner while testifying;

4.    The witness' interest in the outcome of the case and any bias or prejudice;

5.    Whether other evidence contradicted the witness's testimony;

6.    The reasonableness of the witness' testimony in light of all the evidence; and

7.    Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 10**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 11**

**DISCREPANCIES IN TESTIMONY**

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses, if there were any, do not necessarily mean that any such witness should be discredited. Failure of recollection is common.  Innocent misrecollection is not uncommon.  Two persons witnessing an incident or a transaction often will see or hear it differently.  You should consider whether a discrepancy pertains to an important matter or only to something trivial.

**JURY INSTRUCTION NO. 12**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 13**

**USE OF INTERROGATORIES OF A PARTY**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 14**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**United States District Court**
For the Northern District of California

15

**JURY INSTRUCTION NO. 15**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**JURY INSTRUCTION NO. 16**

**USE OF INTERPRETERS IN COURT**

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

**JURY INSTRUCTION NO. 17**

**JURY TO BE GUIDED BY OFFICIAL**

**ENGLISH TRANSLATION/INTERPRETATION**

Languages other than English have been used during this trial.  The evidence to be considered by you is only that provided through the official court interpreters.  Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation.  You must disregard any different meaning.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO.  18**

**EXPERT WITNESS TESTIMONY**

During the trial you heard testimony from expert witnesses. The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial.

You do not have to accept an expert's opinion. As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as a basis for your decision. You may believe all, part, or none of an expert's testimony. In deciding whether to believe an expert's testimony, you should consider:

    1.  The expert's training and experience;

    2.  The facts the expert relied on; and

    3.  The reasons for the expert's opinion.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  19**

**CONFLICTING EXPERT TESTIMONY**

If the expert witnesses disagreed with one another, you should weigh each opinion against the others.  You should examine the reasons given for each opinion and the facts or other matters that each witness relied on.  You may also compare the experts' qualifications.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  20**

**EXPERTS - QUESTIONS CONTAINING ASSUMED FACTS**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  21**

**SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

Plaintiff brings his claim under the federal stature 42 U.S.C. § 1983, which provides that any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution of laws of the United States shall be liable to the injured party.

And in particular, plaintiff Ortega alleges three separate constitutional violations:

1.  A violation of the First Amendment: Freedom of speech;

2.  A violation of the Fourth Amendment: False arrest;

3.  A violation of the Fourth Amendment: Excessive force.

**United States District Court**
For the Northern District of California

22

**JURY INSTRUCTION NO.  22**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL**

**CAPACITY—ELEMENTS AND BURDEN OF PROOF (42 U.S.C. § 1983)**

In order to prevail on his § 1983 claim against Defendant Officer Alcantar, Plaintiff Benjamin Ortega must prove by a preponderance of the evidence that the acts of Defendant Officer Alcantar deprived Plaintiff Benjamin Ortega of his particular rights under the United States Constitution as explained in later instructions.

**JURY INSTRUCTION NO.  23**

**FIRST § 1983 CLAIM: FIRST AMENDMENT**

As previously explained, Plaintiff Benjamin Ortega has the burden to prove that the acts of Defendant Officer Alcantar deprived the Plaintiff of particular rights under the United States Constitution.  In this case, the Plaintiff alleges Defendant Officer Alcantar deprived him of his rights under the First Amendment to the Constitution when the defendant ordered that the Plaintiff get rid of his Mexican flag, and subsequently seized him, arrested him and used the application of force to carry out his arrest.

Under the First Amendment, a citizen has the right to free expression.  In order to prove the defendant deprived the plaintiff of this First Amendment right, the Plaintiff must prove all of the following elements by a preponderance of the evidence:

1.      the plaintiff engaged in an act protected under the First Amendment;

2.      the defendant took action against the plaintiff, which caused an injury that would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3.      chilling the plaintiff's protected conduct was a substantial or motivating factor for the defendant's action.

A substantial or motivating factor is a significant factor.

[Although officials may constitutionally impose time, place, and manner restrictions on political expression carried out on sidewalks and median strips, they may not discriminate in the regulation of expression on the basis of content of that expression.]

United States District Court

For the Northern District of California

24

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 24**

**SECOND § 1983 CLAIM: FOURTH AMENDMENT—FALSE ARREST**

As previously explained, Plaintiff Benjamin Ortega has the burden to prove that the acts of Defendant Officer Alcantar deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges Defendant Officer Alcantar deprived him of his rights under the Fourth Amendment to the Constitution when the defendant seized and arrested him.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove the defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Defendant Officer Alcantar seized the plaintiff's person;
2. in seizing the plaintiff's person, Defendant Officer Alcantar acted intentionally; and
3. the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty by physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

**JURY INSTRUCTION NO.  25**

**UNREASONABLE SEIZURE OF PERSON: PROBABLE CAUSE ARREST**

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO.  26**

**RULES OF THE ROAD—PEDESTRIAN RIGHTS AND DUTIES—CAL. VEH. CODE § 21950(b)—RIGHT-OF-WAY AT CROSSWALKS; PEDESTRIAN'S DUTY OF CARE**

A violation of Cal. Veh. Code § 21950(b) occurs when a pedestrian violates the following:

(b)     No pedestrian may suddenly leave a curb or other place of safety and walk or run into the path of a vehicle that is so close as to constitute an immediate hazard.  No pedestrian may unnecessarily stop or delay traffic while in a marked or unmarked crosswalk.

**JURY INSTRUCTION NO.  27**

**RESISTING, DELAYING OR OBSTRUCTING OFFICER—CAL. PEN. CODE §**

**148(a)(1)**

Every person who willfully resists, delays, or obstructs any public officer in the discharge or attempt to discharge any duty of his or her officer or employment is in violation of Cal. Pen. Code § 148(A)(1).

**United States District Court**

For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 28**

**THIRD § 1983 CLAIM: FOURTH AMENDMENT – EXCESSIVE FORCE**

Plaintiff Benjamin Ortega also claims that his rights under the Fourth Amendment were violated because Defendant Alcantar used excessive force in detaining and arresting Plaintiff.  In order to prove this claim, the plaintiff must prove by a preponderance of the evidence that Defendant Officer Alcantar used excessive force when he seized, detained and arrested Plaintiff Benjamin Ortega.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1.    The severity of the crime or other circumstances to which the officer was responding;

2.    Whether the plaintiff posed an immediate threat to the safety of the officer or to others;

3.    Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4.    The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.    The type and amount of force used;

6.    The availability of alternative methods to take the plaintiff into custody.

29

**JURY INSTRUCTION NO.  29**

**CAUSATION (42 U.S.C. § 1983)**

In order to establish that the acts of Defendant Alcantar deprived Plaintiff Benjamin Ortega of his particular rights under the United States Constitution as explained in later instructions, Plaintiff Benjamin Ortega must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO.  30**

**ASSAULT—ESSENTIAL FACTUAL ELEMENTS**

Plaintiff Benjamin Ortega claims that Defendant Officer Alcantar assaulted him.  To establish this claim, the plaintiff must prove all of the following by a preponderance of the evidence:

1.    That Officer Alcantar acted, intending to cause harmful or offensive contact;

2.    That Plaintiff Benjamin Ortega  reasonably believed that he was about to be touched in a harmful or offensive manner;

3.    That Plaintiff Benjamin Ortega  did not consent to Officer Alcantar's conduct;

4.    That Plaintiff Benjamin Ortega  was harmed; and

5.    That Officer Alcantar's conduct was a substantial factor in causing Plaintiff Benjamin Ortega  harm.

A touching is offensive if it offends a reasonable sense of personal dignity.

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime.  If you find that Defendant Officer Alcantar used reasonable force to arrest or detain Plaintiff Benjamin Ortega when Defendant Officer Alcantar had reasonable cause to believe that Plaintiff Benjamin Ortega had committed a crime, you must find for Defendant Officer Alcantar on this claim.

In deciding whether Defendant Officer Alcantar used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Defendant Alcantar's position under the same or similar circumstances.  You should consider, among other factors, the following:

(a)    The seriousness of the crime at issue;

(b)    Whether Plaintiff Benjamin Ortega reasonably appeared to pose an immediate threat to the safety of Defendant Officer Alcantar or others; and

(c)    Whether Plaintiff Benjamin Ortega was actively resisting arrest or  attempting to evade arrest.

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance, if any, of the person being arrested.

**JURY INSTRUCTION NO.  31**

**BATTERY BY PEACE OFFICER—ELEMENTS**

Plaintiff Benjamin Ortega claims that Officer Alcantar committed battery by using unreasonable force to arrest him/to overcome his resistance to arrest.  To establish this claim, Plaintiff Benjamin Ortega must prove all of the following by a preponderance of the evidence:

    1.    That Officer Alcantar intentionally touched Plaintiff Benjamin Ortega;

    2.    That Officer Alcantar used unreasonable force to arrest or to prevent the escape of Plaintiff Benjamin Ortega;

    3.    That Plaintiff Benjamin Ortega did not consent to the use of that force;

    4.    That Plaintiff Benjamin Ortega was harmed; and

    5.    That Officer Alcantar's use of unreasonable force was a substantial factor in causing Plaintiff Benjamin Ortega's harm.

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime.

In deciding whether Officer Alcantar used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Officer Alcantar's position under the same or similar circumstances.  You should consider, among other factors, the following:

    (a)    The seriousness of the crime at issue;

    (b)    Whether Plaintiff Benjamin Ortega reasonably appeared to pose an immediate threat to the safety of Officer Alcantar or others; and

    (c)    Whether Plaintiff Benjamin Ortega was actively resisting arrest or  attempting to evade arrest.

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance, if any, of the person being arrested.

United States District Court

For the Northern District of California

1

**JURY INSTRUCTION NO. 32**

2

**BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CAL. CIV. CODE § 52.1)**

3        Plaintiff Benjamin Ortega claims that Officer Alcantar intentionally interfered with his civil

4    rights by threatening or committing violent acts.  To establish this claim, Plaintiff Benjamin Ortega

5    must prove all of the following by a preponderance of the evidence:

6        1.        That Officer Alcantar interfered with Plaintiff Benjamin Ortega's right to freedom of

7    expression and assembly by threatening or committing violent acts;

8        2.        That Officer Alcantar injured Plaintiff Benjamin Ortega to prevent him from

9    exercising his rights to freedom of expression and assembly or retaliate against Plaintiff Benjamin

10   Ortega for having exercised his rights to freedom of expression and assembly;

11       3.        That Plaintiff Benjamin Ortega was harmed; and

12       4.        That Officer Alcantar's conduct was a substantial factor in causing Plaintiff Benjamin

13   Ortega's harm.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

33

**JURY INSTRUCTION NO.  33**

**RALPH ACT—ESSENTIAL FACTUAL ELEMENTS (CAL. CIV. CODE § 51.7)**

Plaintiff Benjamin Ortega claims that Officer Alcantar subjected him to violence or threat of violence based on his national origin.  To establish this claim, Plaintiff Benjamin Ortega must prove all of the following by a preponderance of the evidence:

1.   That Officer Alcantar threatened or committed violent acts against Plaintiff Benjamin Ortega;

2.   That a motivating reason for Officer Alcantar's conduct was his perception of Plaintiff Benjamin Ortega 's national origin;

3.   That Plaintiff Benjamin Ortega  was harmed; and

4.   That Officer Alcantar's conduct was a substantial factor in causing Plaintiff Benjamin Ortega's harm.

**JURY INSTRUCTION NO. 34**

**NEGLIGENCE—ESSENTIAL ELEMENTS**

Plaintiff Benjamin Ortega claims that he was harmed by Officer Alcantar's negligence.  To establish this claim, Plaintiff Benjamin Ortega must prove all of the following by a preponderance of the evidence:

      1.     That Officer Alcantar was negligent;

      2.     That Plaintiff Benjamin Ortega was harmed; and

      3.     That Officer Alcantar's negligence was a substantial factor in causing Plaintiff Benjamin Ortega's harm.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  35**

**NEGLIGENCE—BASIC STANDARD OF CARE**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act.  A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Officer Alcantar's and in Plaintiff Benjamin Ortega's situations.

**United States District Court**
For the Northern District of California

36

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO.  36**

**NEGLIGENCE—CAUSATION—SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

**JURY INSTRUCTION NO.  37**

**AMOUNT OF CAUTION VARIES**

The amount of caution required of a person in the exercise of ordinary care depends on the conditions that are apparent or that should be apparent to a reasonably prudent person under circumstances similar to those shown by the evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  38**

**DUTY OF CARE OWED CHILDREN**

An adult must anticipate the ordinary behavior of children.  An adult must be more careful when dealing with children than with other adults.

**JURY INSTRUCTION NO.  39**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—ESSENTIAL**

**FACTUAL ELEMENTS**

Plaintiff Benjamin Ortega claims that Officer Alcantar's conduct caused him to suffer severe emotional distress.  To establish this claim, Plaintiff Benjamin Ortega must prove all of the following by a preponderance of the evidence:

1.    That Officer Alcantar's conduct was outrageous;

2.    That Officer Alcantar intended to cause Plaintiff Benjamin Ortega emotional distress;

3.    That Plaintiff Benjamin Ortega suffered severe emotional distress; and

4.    That Officer Alcantar's conduct was a substantial factor in causing Plaintiff Benjamin Ortega's severe emotional distress.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 40**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—"OUTRAGEOUS**

**CONDUCT" DEFINED**

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency.  Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community.  Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Officer Alcantar's conduct was outrageous, you may consider, among other factors, the following:

(a)     Whether Officer Alcantar abused a position of authority or a relationship that gave him real or apparent power to affect Plaintiff Benjamin Ortega's interests;

(b)     Whether Officer Alcantar knew that Plaintiff Benjamin Ortega was particularly vulnerable to emotional distress; and

(c)     Whether Officer Alcantar knew that his conduct would likely result in harm due to mental distress.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  41**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—AFFIRMATIVE**

**DEFENSE—PRIVILEGED CONDUCT**

Officer Alcantar claims that he is not responsible for Plaintiff Benjamin Ortega's harm, if any, because Officer Alcantar's conduct was permissible.  To succeed, Officer Alcantar must prove all of the following by a preponderance of the evidence:

1.     That Officer Alcantar was exercising his legal right to detain and arrest Plaintiff Benjamin Ortega for violations of law;

2.     That Officer Alcantar's conduct was lawful and consistent with community standards; and

3.     That Officer Alcantar had a good-faith belief that he had a legal right to engage in the conduct.

If you find all of the above, then Officer Alcantar cannot be held liable for intentional infliction of emotional distress.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO.  42**

**QUALIFIED IMMUNITY**

Under certain circumstances, the law provides governmental officials with immunity from liability even if they have committed a constitutional or state law violation.  As a result, even if you find that defendant violated the plaintiff's constitutional or state law rights, you may still find in favor of the defendant [on all claims] if you find that, in the light of the facts and circumstances confronting the defendant, he could have reasonably believed that he acted lawfully.

The proper perspective for evaluating qualified immunity is viewing the facts and circumstances from the perspective of a reasonable officer on the scene of the subject incident.

**United States District Court**
For the Northern District of California

### JURY INSTRUCTION NO.  43

### COMPENSATORY DAMAGES

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of plaintiff's claims, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

The nature and extent of the injuries;

The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future; and

The reasonable value of necessary medical care, treatment, and services received to the present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">

**JURY INSTRUCTION NO.  44**

**PUNITIVE DAMAGES**

</div>

If you find that defendant violated any of plaintiff's state or federal rights, as described above, then you must determine whether the plaintiff has proved by a preponderance of the evidence that the conduct of defendant was malicious, oppressive or in reckless disregard of the plaintiff's rights.  If you find that defendant Alcantar's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights, then you may award punitive damages.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights; or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act is oppressive if the person who performs it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as the misuse or abuse of authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**JURY INSTRUCTION NO. 45**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 46**

**COMMUNICATION WITH COURT**

  If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 47**

**RETURN OF VERDICT**

  A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

United States District Court

For the Northern District of California